UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS FRANCK and LI ZHEN FENG
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiffs,

v.                                        Case No. 21–cv–04955–GHW–JLC

NEW YORK HEALTH CARE INC., MURRY
ENGLARD, and GLEN PERSAUD,

                Defendants.

### STIPULATED HIPAA-QUALIFIED PROTECTIVE ORDER

This Stipulated HIPAA-Qualified Protective Order (the "Stipulation") is entered between Louis Franck and Li Zhen Feng, individually and on behalf of all other persons similarly situated who were employed by New York Health Care Inc. (collectively "Plaintiffs") and New York Health Care Inc., Murry Englard, and Glen Persaud (collectively "Defendants") for the purpose of assuring the confidentiality and protection of confidential and proprietary information that may be disclosed in the course of this lawsuit by Plaintiffs, Defendants, or any non-party to this action.

1. As used in this Stipulation, "Confidential Information" shall mean any information, documents, or discovery materials that: (i) are deemed by law to be confidential or trade secrets; (ii) contain social security numbers or federal identification numbers; or (iii) contain bank account information, financial statements, employment records, non-public financial information, and credit reports, that Plaintiffs, Defendants or any non-party reasonably believes in good faith constitutes, reflects, or discloses trade secrets, proprietary data, commercially sensitive information, or personally sensitive information, which said party can

provide proof to the Court (satisfying a preponderance of the evidence) that, if disclosed to the general public, such disclosure would either result in damage to that disclosing party or invade the privacy interests of non-parties. "Attorneys' Eyes Only Information" shall mean any business and personal income tax returns, personal compensation information, personal financial statements, personal bank account information, and personal credit report information, or "protected health information" ("PHI") within the meaning of the U.S. Health Insurance Portability Act ("HIPAA"), (i.e. any information about health status, provision of health care, or payment of health care that can be linked to a specific individual), should such information be produced. Nothing in this Stipulation precludes any party or non-party from redacting social security numbers or tax identification numbers, or PHI,[1] from produced documents. Such Confidential Information or Attorneys' Eyes Only Information disclosed during the course of this action by Plaintiffs, Defendants, or any non-party shall be designated by the disclosing party as "Confidential" or "Attorneys' Eyes Only Information" in one or more of the following ways:

      a. Information set forth in an answer to an interrogatory, request for production of documents, or request for admission may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Attorneys' Eyes Only";

      b. Any document (or part thereof) may be so designated by marking the word "Confidential" or "Attorneys' Eyes Only" on all pages of the document and all copies of it, or, if a document is produced in a native format that renders it impracticable to add designations on each page, on the first page of the document, or in the naming convention of the document and on the external media that stores the document;

---

[1] Defendants agree, however, not to redact the names and addresses of patients and dates and times of episodes of care. Any documents containing such information will be designated as "Attorneys' Eyes Only."

     c. Information discussed during an oral deposition may be designated "Confidential" or "Attorneys' Eyes Only" by a statement made on the record during the course of the deposition on the same day that the information is discussed or by a writing served by email or first class mail within five business days of receiving the deposition transcript. From the time of the deposition until the end of that five-business-day period, all information discussed at the deposition shall be treated as if designated "Confidential" or "Attorneys' Eyes Only" unless all parties agree in writing to treat it otherwise.

    2. The following restrictions apply to "Confidential Information" disclosed by the parties during the course of this action:

     a. "Confidential Information" may be used only for the purposes of this action.

     b. "Confidential Information" shall not be published or made available to the public in any form.

     c. Confidential Information" may be disclosed <u>only</u> to the following persons, insofar as it is reasonably necessary to the prosecution or defense of this action;

      (1) A party or its employees, officers, and directors;

      (2) Attorneys for the parties, including any attorneys employed by a law firm of record that represents the party and in-house counsel for a party;

      (3) Technical, secretarial, clerical, and paralegal personnel employed full-time or part-time by attorneys or a law firm that represents the party seeking the information;

      (4) Document services vendors retained by attorneys or a law firm that represents the party seeking the information;

(5) Independent expert witnesses, advisors, and consultants retained in connection with this action, who are not current directors, officers, employees, or managing agents of any party to this action, or any company related to a party to this action, or any party who has been identified in writing prior to execution of this Stipulation as a direct competitor of any party to this action;

(6) Technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consultants;

(7) Court reporters or stenographers engaged to record deposition testimony, and their employees;

(8) A party's insurance carrier and its adjusters;

(9) A witnesses whose testimony is sought in this case;

(10) The Court and Court personnel in which the case is pending, subject to paragraph 8 below;

(11) Any person who is an author or recipient of the "Confidential Information," as evidenced by the face of the document; and

(12) Such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party.

3. A copy of this Stipulation shall be delivered to each person within categories 5 and 6 of paragraph 2(c) above to whom a disclosure of "Confidential Information" is made, at or before the time of disclosure, and no disclosure shall be made to such person unless and until such person agrees in writing to be bound by the provisions of this Stipulation as provided in the "Agreement to be Bound by Confidentiality Stipulation" attached as **Exhibit A.**

4. Information designated "Attorneys' Eyes Only" may be disclosed to any person listed in paragraph 2(c) of this Stipulation, except for the persons listed in 2(c)(1) and 2(c)(9). A persons listed in 2(c)(9) may be shown "Attorneys' Eyes Only" information while testifying if the person produced the information or had access to the information during the course of his or her employment with the Defendants (if applicable).

5. Secondary documents, including, but not limited to, notes, memoranda, analyses, and briefs that actually contain "Confidential Information" or "Attorneys' Eyes Only" information shall be treated in the same fashion as the underlying materials.

6. If the recipient of information designated as "Confidential" or "Attorneys' Eyes Only" information disputes that such designation is appropriate under this Stipulation, it shall notify opposing counsel in writing that the information should not be treated as "Confidential" or "Attorneys' Eyes Only." Counsel shall promptly confer in good faith in an attempt to resolve the dispute. If counsel are unable to resolve the dispute, the party making the designation shall file a motion with the Court within ten business days after the conclusion of the meet-and-confer process setting forth all factual and legal grounds for its assertion that the challenged information is "Confidential" or "Attorneys' Eyes Only." Failure of the designating party to make such motion within said ten business days shall constitute a waiver of any claim of confidentiality as to said information and such information shall not be covered by this Order. During the pendency of any such dispute or motion, the parties and their counsel shall continue to treat the information as designated by the producing party. The party making the designation shall have the burden of proof to establish to the Panel that the designated information is Confidential or Attorneys' Eyes Only.

7. The obligation of confidentiality under this Stipulation shall not apply to information: (i) which is or has become public knowledge other than as a direct or indirect result of the information being disclosed in breach of this Stipulation; and (ii) which is already known to the receiving party prior to such disclosure.

8. The provisions of this Stipulation shall not be construed as preventing:

 a. Any disclosure of "Confidential" or "Attorneys' Eyes Only" information by the parties designating the information as such;

 b. Any disclosure of "Confidential" or "Attorneys' Eyes Only" information to any judge, law clerk, or employee of the Court for purposes of this action; or

 c. Any disclosure of "Confidential" information to any employee, officer, or director of the party designating the information as such in connection with the deposition of that employee, officer, or director.

9. Any party filing with the Court information designated as "Confidential" or "Attorneys' Eyes Only," or any pleadings, motions, or other papers disclosing any such information, shall file such information or the relevant portion of such pleading, motion, or other papers disclosing such information, under seal.

10. The inadvertent failure to designate information or documents as "Confidential" or "Attorneys' Eyes Only" information shall not in itself be deemed a waiver of such a claim. A producing party may so designate information or documents after they already have been produced with the effect that such information or documents are thereafter covered by the protections of this Stipulation. Upon receipt of appropriately designated substitute materials, the receiving party shall either return to the producing party the undesignated or incorrectly

designated materials, or certify in writing that the undesignated or incorrectly designated materials have been destroyed.

11. The inadvertent production of information or documents by any party shall not in itself be deemed to waive any claim of attorney-client privilege, attorney work-product protection, or any other applicable privilege or protection, that might exist with respect to such information or documents.

12. If any of the parties' "Confidential" or "Attorneys' Eyes Only" information is the subject of, or responsive to, a subpoena, Court order, or rule requiring its disclosure, the party seeking to comply with the subpoena, Court order, or rule will provide immediate notice to the producing party. The party seeking to comply with the subpoena, Court order, or rule shall not object to the producing party's appearance to protect its interest in maintaining the information as confidential. The party seeking to comply with the subpoena, Court order, or rule will not respond to any such subpoena, Court order, or rule until the producing party has had a reasonable opportunity to seek appropriate relief from the Court, including, but not limited to, a motion for a protective order. This paragraph will not apply to any Court orders or government-issued legal process that prohibit such pre-production notification.

13. Upon the conclusion of this litigation, all "Confidential" or "Attorneys' Eyes Only" information and documents supplied by any party, and all copies thereof, shall either be returned to the producing party or the receiving party's counsel shall certify in writing that such information and documents have been destroyed. Litigation counsel of record may retain one set of pleadings, written discovery requests and written responses, and filings, to the extent

that these contain "Confidential" or "Attorneys' Eyes Only" information, for the purpose of recordkeeping.

14. Until such time as this Stipulation has been entered by the Court, the parties agree that upon execution by the parties, this Stipulation will be treated as though it had been so ordered by the Court.

IT IS SO ORDERED.

_____
Hon. James L. Cott, U.S.M.J.

Dated: November 19, 2021

| **WITTELS MCINTURFF PALIKOVIC** | **HODGSON RUSS LLP** |
|---|---|
| By: s/ J. Burkett McInturff<br>J. Burkett McInturff<br>18 Half Mile Road<br>Armonk, New York 10504<br>Telephone: (910) 476-7253<br>Facsimile: (914) 273-2563<br>Email: jbm@wittelslaw.com<br>*Attorneys for Plaintiffs* | By: s/ Joshua Feinstein<br>Peter C. Godfrey<br>Joshua Feinstein<br>140 Pearl Street, Suite 100<br>Buffalo, New York 14202<br>Telephone: (716) 856-4000<br>Facsimile: (716) 849-0349<br>Email: jfeinste@hodgsonruss.com<br>Email: pgodfrey@hodgsonruss.com<br>*Attorneys for Defendants* |

# EXHIBIT A

## AGREEMENT TO BE BOUND BY
## CONFIDENTIALITY STIPULATION AND ORDER

The undersigned acknowledges that he/she has received a copy of the attached Confidentiality Stipulation and Order (the "Stipulation") in the action captioned *LOUIS FRANCK and LI ZHEN FENG, Individually and on Behalf of All Others Similarly Situated v. NEW YORK HEALTH CARE INC*, under Case Number 21–cv–04955 in the United States District Court, Southern District of New York State.  The undersigned acknowledges that he/she is bound by all of the provisions of the Stipulation and agrees to comply with all of the provisions of the Stipulation.  The undersigned submits to the jurisdiction and venue of the United States District Court for the Southern District of New York for all matters relating to his/her compliance with the Stipulation.

Dated: _____

_____
Name

_____
Signature