## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS FRANCK and LI ZHEN FENG Individually and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs,<br><br>                    v.<br><br>NEW YORK HEALTH CARE INC., MURRY ENGLARD, and GLEN PERSAUD<br><br>                                        Defendants. | Case No. 21 Civ. 04955 (GHW)<br><br>**JOINT DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER** |

This Joint Discovery Plan and [Proposed] Scheduling Order (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3) and Magistrate Judge James L. Cott's November 5, 2021 Electronic Order, ECF No. 44.  Subject to application to the Court by any party for an expansion on discovery and an extension of the dates agreed herein, the parties agree as follows.

### I.        Appearances for the Parties

Appearances for Plaintiffs and the proposed Collective and Class are as follows:

Steven L. Wittels
J. Burkett McInturff
Ethan D. Roman
Wittels McInturff Palikovic
18 Half Mile Road
Armonk, New York 10504
Phone: (914) 775-8862

Andrey Belenky
Dmitry Kheyfits
Kheyfits Belenky LLP
80 Broad Street, 5th FL
New York, New York 10004
Phone: (212) 203-5399

Appearances for Defendants are as follows:

Peter C. Godfrey
Joshua Feinstein
Hodgson Russ LLP
605 Third Avenue, Suite 2300
New York, New York 10158
Phone: (716) 848-1336

## II.    Statement of the Claims

Plaintiffs and the proposed Collective and Class are home health and personal care aides employed by Defendants.  Defendant New York Health Care Inc. ("NYHC") is a home health care company that provides services in and around the New York City metropolitan area, Defendant Murry England is the Chief Executive Officer of NYHC, and Defendant Glen Persaud is the Director of Human Resources of NYHC.

This proposed class and collective action is brought on behalf of NYHC aides who have been allegedly financially harmed by Defendants' pay practices.  Plaintiffs' complaint alleges violations of the Fair Labor Standards Act ("FLSA") (Counts I–III), the New York Labor Law ("NYLL") (Counts IV–XII), and an alternative claim for unjust enrichment (Count XIII).  First Am. Class and Collective Action Compl. ¶¶ 134–223, ECF No. 20.  The plaintiffs contend,  As as apparent from the below summary of Plaintiffs' causes of action, that these claims raise issues regarding electronic discovery into Defendants' practices, knowledge, and intent; class and collective action certification; liability including lack of good faith and willfulness; and the measure of class and collective-wide damages and appropriate enhancements and cost and fee shifting.

Plaintiffs' FLSA claims concern Defendants' alleged failure to accurately track aides' actual hours worked and time shaving that resulted in unpaid overtime, *id.* ¶¶ 134–38 (Count I); failure to all earned pay aides wages promptly, *id.* ¶¶ 139–43 (Count II); and failure to pay for the

2

time traveled between two clients during the same workday, *id.* ¶¶ 145–50 (Count III).

Plaintiffs' NYLL claims concern Defendants' alleged failure to pay all earned wages in accordance with the NYLL's timeliness of pay requirements, *id.* ¶¶ 151–54 (Count IV); unpaid straight time for failure to pay for travel time, failure to accurately track aides' actual hours worked and time shaving, *id.* ¶¶ 155–59 (Count V); unpaid overtime owing to misclassifying aides as overtime exempt between January 1, 2015 and at least October 2015, failure to accurately track aides' actual hours worked and time shaving, *id.* ¶¶ 160–70 (Count VI); failure to pay agreed upon wages for holiday work or otherwise agreed upon holiday compensation, *id.* ¶¶ 171–76 (Count VII); failure to reimburse uniform and maintenance expenses, *id.* ¶¶ 177–90 (Count VIII); failure to reimburse for business related expenses, including the cost of postage for weekly mailings Defendants required aides to make, ¶¶ 191–200 (Count IX); failure to provide accurate wage statements, *id.* ¶¶ 201–04 (Count X); failure to provide accurate wage notices, *id.* ¶¶ 205–08 (Count XI); failure to pay wages mandated by New York's Wage Parity Law as a result of at least five different practices, (i) failure to reflect wage parity amounts on aides' pay statements, (ii) failure to pay the correct hourly base rate required under the Wage Parity Law, (iii) failure to pay the correct additional and supplemental wages required under the Wage Parity Law, (iv) Defendants' policy and practice of blocking and frustrating aides' use and enjoyment of their additional and supplemental wage benefits, and (v) Defendants practice of imposing minimum service requirements on aides' Wage Parity Law wages, *id.* ¶¶ 80–91, 205–08 (Count XII).

Plaintiffs' unjust enrichment claim is plead in the alternative to their Wage Parity Law claim in Count XII.  *Id.* ¶¶ 219–22 (Count XIII).

Defendants deny the Plaintiffs' allegations and believe that their pay and benefit practices at all relevant times complied with the FLSA, the NYLL, the Wage Parity Act, and other applicable

requirements.  The Defendants further contest that the named Plaintiffs are similarly situated to putative collective and class members, the typicality of their alleged claims, or that the plaintiffs will be able fairly and adequately represent the alleged interests of the putative collective and class. The Defendants likewise contest the predominance of questions of fact and law common to the class or the superiority of class relief.  Among numerous other defenses, the Defendants have asserted compliance, limitations, standing, *de minimus* activities, lack of a private cause of action under the Wage Parity Act, and agreement to arbitrate.  The Defendants further note that plaintiff Franck has accepted a Rule 68 Offer of Judgment that requires him to be dismissed as a party from this action.   Lastly, Defendants believe that some or all of the Plaintiffs' alleged are subject to dismissal under the first-to-file rule or under the *Colorado River* abstention doctrine in light of two related wage-and-hour matters:  i) *Andryeyeva v. New York Healthcare, Inc*, Index No. 14309/2011 (N.Y. Sup. Ct., Kings Cnty.), brought under New York Labor Law ("NYLL"), which has been pending since June 2012 and is at an advanced stage of adjudication with an already certified class; and ii) *Lewis v. New York Healthcare, Inc.*, 21-cv-04333 (E.D.N.Y.), brought under the Fair Labor Standards Act ("FLSA") and NYLL with allegations that very closely parallel theories asserted in the Amended Complaint here.

### III.   Initial Disclosures

The parties served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on November 8, 2021, and do not anticipate changes to the timing, form, or requirement for additional disclosures required by Rule 26.

### IV.   Amended Pleadings, Schedule for Conditional and Class Certification, and Fact Discovery Deadline

The parties shall join any parties other than the individuals who file consent to join forms pursuant to 29 U.S.C. § 216(b) or who become class members pursuant to Fed. R. Civ. P. 23, or

file amended pleadings, if any, on or before ~~June 30~~January 31, 2022.

Plaintiffs anticipate seeking FLSA conditional certification, equitable tolling of the FLSA statute of limitations, and related relief pursuant to the schedule ordered by the Court on October 18, 2021, ECF No. 40.  Under this schedule, Plaintiffs' opening brief is due by December 21, 2021. Defendants' deadline to file their opposition and any cross-motion is January 25, 2022.  Plaintiffs' reply and opposition to any cross-motion is due by February 25, 2022.  Defendants' reply on their cross-motion is due by March 18, 2022.

Fact discovery shall be completed by June 30, 2022.  Plaintiffs' motion for class certification shall be filed on or before July 31, 2022.  The parties agree that the fact discovery period may be extended for good cause shown, and the deadline for filing the motion for class certification shall be extended proportionally.

### V.        Limitations to be Placed on Discovery

The parties have stipulated to a Protective Order, which was entered by the Court on November 19, 2021.

All Defendants collectively and Plaintiffs shall serve no more than ~~50~~ 25 interrogatories. All parties agree that questions requiring the response of each Defendant do not constitute separate subparts for the purposes of Fed. R. Civ. P. 33(a)(1).

The Parties are still in the Rule 26(f) meet and confer and planning process regarding the identification, collection, processing, and production of electronically stored information ("ESI"). To date, the parties exchanged draft protocols for the production of ESI ("ESI Protocol") on September 28 (Plaintiffs), October 27 (Defendants), November 2 (Plaintiffs), November 19 (Defendants), and November 30 (Plaintiffs).  The parties held telephonic meet and confers regarding Rule 26(f) discovery planning matters on October 25, October 27, November 15, and November XX, with related written correspondence on September 28 (Plaintiffs), October 27

(Defendants), November 4 (Plaintiffs), November 12 (Defendants), November 17 (Plaintiffs). ~~The parties anticipate presenting any crystalized disputes regarding discovery planning matters to the Court by December XX, 2021.~~

## VI.    Subjects on Which Discovery May Be Needed

Plaintiffs anticipate that the subjects on which discovery may be needed include: (1) Defendants' pay policies and practices, and internal and external communications regarding same, (2) time clock and other time tracking data, (3) payroll data, including data from third-party service providers, (4) expense reimbursement data, (5) data related to Defendants' discharge of their obligations under the Wage Parity Law, including data from third-party service providers, (6) data regarding the location of the service addresses where aides' performed services, (7) discovery regarding Defendants' services and whether they are subject to New York's Wage Parity Law, (8) discovery regarding Defendants' sources of electronically stored information, including record-keeping procedures and personnel directories, (9) discovery regarding aides' job functions, onboarding documents, and notices, (10) joint employer discovery, (11) discovery  related to the alleged illegal wage practices described in the Verified Complaint in *Singh v. New York Health Care, Inc., et al.* (Queens Cty. Sup. Ct. Mar. 17, 2020) (Index No. 701939/2020), (12) discovery collected or produced in Defendants' multiple prior wage and hour litigations, (13) discovery regarding Defendants' affirmative defenses, (14) discovery regarding Defendants' recent ~~campaign~~ efforts to have aides execute arbitration agreements that purport to affect the status of this lawsuit, and (15) discovery regarding Defendants' alleged willfulness, lack of good faith, and punitive damages.

The parties anticipate that fact discovery will be completed by June 30, 2022.

## VII.    Discovery Issues on Which Parties Have Been Unable to Reach Agreement

The parties are conferring regarding discovery planning issues and Defendants' November

24 responses to Plaintiffs' written discovery requests and will promptly raise any issues on which they are unable to reach agreement.

### VIII.   Anticipated Fields of Expert Testimony and Expert Discovery Deadline

The parties anticipate expert discovery and testimony with respect to class certification and damages.  The deadline for expert discovery shall be October 28, 2022.

### IX.   Timing for Settlement Discussions

The parties anticipate that it would be helpful to engage in settlement discussions after Defendants have completed their production of ~~class-wide~~sampled time and payroll data and Plaintiffs have constructed a settlement-related damages model.   Defendants ~~anticipate producing~~produced this data on November 19, 2021.  The Plaintiffs anticipate completing their settlement-related damages model by COURT TO INSERT. ~~this data by XXX~~.

### X.   Anticipated Length of Jury Trial

~~Both parties~~Plaintiffs have requested a jury trial.  The parties have conferred and at this time do not have an estimate of the trial's length.

### XI.   Statement Required by the Court

All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery.  Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices.  Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application.  The application also must state the position of all other parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order.  "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party.  Any application not in

compliance with this paragraph will be denied.  Failure to comply with the terms of this Order may also result in sanctions.

Counsel for the Parties:

Steven L. Wittels
J. Burkett McInturff
Ethan D. Roman
WITTELS MCINTURFF PALIKOVIC
18 Half Mile Road
Armonk, New York 10504
Phone: (914) 319-9945
Fax: (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com
edr@wittelslaw.com

*Counsel for Plaintiffs and the Class*

Andrey Belenky
Dmitry Kheyfits
KHEYFITS BELENKY LLP
80 Broad Street, 5th FL
New York, New York 10004
Telephone: (212) 203-5399
Facsimile: (212) 203-6445
abelenky@kblit.com
dkheyfits@kblit.com

*Co-Counsel for Plaintiffs and the Class*

Peter C. Godfrey
Joshua Feinstein
HODGSON RUSS LLP
605 Third Avenue, Suite 2300
New York, New York 10158
Phone: (716) 848-1336
pgodfrey@hodgsonruss.com
jfeinsteing@hodgsonruss.com

*Counsel for Defendants*

IT IS SO ORDERED.

_____
Hon. James L. Cott, U.S.M.J.