```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/16/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LOUIS FRANCK *et al.*,              :
                                     :
              Plaintiffs,      :    **MEMORANDUM ORDER**
                                     :
    -v-                              :    21-CV-4955 (GHW) (JLC)
                                     :
                                     :
NEW YORK HEALTH CARE INC. *et al.*,  :
                                     :
              Defendants.      :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Pursuant to the Court's January 26 Order (Dkt. No. 77), on February 1, 2022 plaintiffs filed a letter-motion to compel production of litigation hold information and of potentially relevant ESI collection in other litigation (Dkt. No. 78). Defendants opposed the motion in a letter filed on February 8, 2022 (Dkt. No. 81). For the reasons which follow, the letter-motion is denied.

1. <u>Litigation Hold Information</u>

Plaintiffs request basic information about defendants' litigation hold in this case, although not the litigation hold letters themselves. Plaintiffs argue this request is designed to "simplify discovery planning" and to help identify ESI custodians. Dkt. No. 78 at 1. They do not make this request to address alleged spoliation or inadequacies in production, nor do they contend that this information is necessary to properly identify ESI custodians (a process that is already underway).

1

Notably, in many cases to which Plaintiffs cite in support of their request, the courts identified specific challenges with production or in identifying custodians before directing litigation hold discovery to proceed. *See, e.g., Kleen Prod. LLC v. Packaging Corp. of Am.*, No. 10-CV-5711 (NRN), 2012 WL 4498465, at *6 (N.D. Ill. Sept. 28, 2012) (court previously ordered litigation hold lists be produced to aid in identifying appropriate custodians only after defendants identified 109 individuals, plaintiffs complained more were needed, and subsequent meet-and-confer discussions – some supervised by the court – only resulted in a few additions); *Boyington v. Percheron Field Servs., LLC*, No. 3:14-CV-90, 2016 WL 6068813, at *11-12 (W.D. Pa. Oct. 14, 2016) (ordering defendant to produce facts surrounding litigation hold when burden was limited and plaintiffs had established "legitimate concerns" regarding defendant's preservation efforts).

The decision in *Cannata v. Wyndham Worldwide Corp.*, relied on by Plaintiffs, is unpersuasive. That decision, from a court outside of the Second Circuit, found litigation hold requests can be "reasonable" even in the absence of any alleged spoliation when they seek 1) when and to whom a litigation hold letter was given, 2) the kinds and categories of ESI included, and 3) specific action employees were instructed to take. *Cannata v. Wyndham Worldwide Corp.*, No. 10-CV-68 (PMP) (LRL), 2011 WL 3495987, at *3 (D. Nev. Aug. 10, 2011) ("Although the [litigation hold] letters themselves may be privileged, the basic details surrounding the litigation hold are not."). However, at least one of the few cases which cites to

2

that decision involves an issue at a more developed stage of the discovery process than is the case here. *See, e.g.*, *Palmer v. Cognizant Technology Solutions Corporation,* No. 17-CV-6848 (DMG) (PLA), 2021 WL 3145982, at *6 (C.D. Cal. Jul. 9, 2021) (relying on *Cannata* for proposition that plaintiffs are entitled to non-privileged information when they "presented enough evidence regarding defendants' issues with collecting ESI" to warrant deposition questions about litigation holds).

Further, after considering the factors set forth in Rule 26(b)(2)(C)(iii), the Court concludes that discovery into litigation holds with the sole purpose of assistance into the identification of ESI custodians is not necessary when such information can easily be obtained and determined in another cooperative manner. This is particularly true in this case, given the expertise of plaintiffs' counsel in the wage-and-hour field. As such, the request is neither relevant nor proportional to the needs of the case at this juncture.[1]

2,  Production in Other Litigation

With respect to potentially relevant production in other litigation, the grounds cited for ESI production made in other cases is insufficient. As an initial matter, Defendants claim they have already identified five other lawsuits pursuant to a document request and agreed to provide the information preserved in those other cases to the extent it is independently responsive to discovery requests in this

---

[1] While the parties argue over whether the litigation hold information is privileged or not, the Court does not believe it is necessary to reach this issue. Whether it is privileged or not, the Court is of the view that it is not properly sought at this stage of the litigation.

3

case. Dkt. No. 81 at 3. Plaintiffs do not argue that the ESI production made by defendants thus far is inadequate. Further, Plaintiffs do not provide legal authority to support their argument that seeking discovery on other litigation matters is appropriate. Rather, they assert the propriety of this request based on a number of cases that only broadly address the general concepts of cooperation, transparency, and production of a description of where key ESI is located. *See* Dkt. No. 78 at 3–4. While Plaintiffs may be entitled to information about the source of relevant ESI searches and materials, identifying whether information has been preserved, collected, or produced in connection with other litigation is not properly characterized as a source or location where these documents are stored.

In sum, Plaintiffs have not provided sufficient information to justify the relief they seek. In the absence of any compelling argument, the Court is of the view that Defendants are "best situated" to decide how to search for and produce the ESI responsive to Plaintiffs' discovery requests. *See, e.g., Livingston v. City of Chicago*, No. 16-CV-10156 (YBK), 2020 WL 5253848, at *3 (N.D. Ill. Sept. 3, 2020) (citing, *inter alia*, The Sedona Principles, Third Edition, 19 SEDONA CONF. J. 1, Principle 6). As the court in *Livingston* aptly observed, plaintiff's "insistence that the [defendant] must collaborate with them to establish a review protocol and validation process has no foothold in the federal rules governing discovery." *Id*.

When documents are produced in discovery, whether they be produced electronically or otherwise, the Court does not believe that, in the first instance, the

4

receiving party has a right to examine and evaluate the way the production was made or require collaboration in the review protocol and validation process. *See, e.g., Lightsquared Inc. v. Deere & Co.*, No. 13-CV-8157 (RMB) (JCF), 2015 WL 8675377, at *8 (S.D.N.Y. Dec. 10, 2015) ("Based on the present record, I am hesitant to adjudicate any dispute the parties have about the merits of [plaintiff's] proposed search protocol."). It is only if a party can articulate a good faith basis to do so by identifying some deficiency in the production, *see, e.g.*, *Grant v. Witherspoon*, No. 19-CV-2460 (PGG) (BCM), 2019 WL 7067088, at *1-2 (S.D.N.Y. Dec. 23, 2019), that an inquiry into the producing party's methodology would be appropriate. Moreover, such an inquiry must be proportional to the facts and circumstances of the case. Plaintiffs have not met their burden on the current record.[2]

The Clerk is respectfully directed to close Docket No. 78 and mark it as "denied."

**SO ORDERED.**

Dated: February 16, 2022
  New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] Having so ruled, the Court strongly encourages Defendants to continue to work collaboratively with Plaintiffs to develop and implement search protocols. Failure to do so could result in the Court later determining that the protocols were insufficient.