UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUIS FRANCK and LI ZHEN FENG, Individually
and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.                                                          Case No.: 21–cv–04955

NEW YORK HEALTH CARE INC., MURRY
ENGLARD and GLEN PERSAUD,

Defendants.

---

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO
# DISMISS PLAINTIFF FRANCK INDIVIDUALLY AND
# TO DISMISS THE COMPLAINT IN ITS ENTIRETY,
# OR, ALTERNATIVELY, TO STAY IN PART

**HODGSON RUSS LLP**
*Attorneys for New York Health Care Inc.,*
*Murry Englard and Glen Persaud*
Peter C. Godfrey
Joshua Feinstein, of counsel
Sarah N. Miller
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
716.856.4000
*pgodfrey@hodgsonruss.com*
*jfeinste@hodgsonruss.com*
*smiller@hodgsonruss.com*

## TABLE OF CONTENTS

PAGE

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................2

POINT I.     HAVING ACCEPTED AN OFFER OF JUDGMENT, PLAINTIFF
             FRANCK SHOULD BE DISMISSED FROM THIS ACTION ...........................2

POINT II.    THE COURT SHOULD DISMISS
             THE COMPLAINT IN ITS ENTIRETY...............................................................3

   A.    The Overtime Claims Should Be Dismissed ...........................................................4

   B.    The Travel Time Claims Should Be Dismissed
         Because "Gap Time" Is Not Recoverable under the FLSA ....................................5

   C.    Feng Would Not Be Able To Represent The Proposed Collective
         With Respect To Travel Time, Under Any Circumstances ....................................6

   D.    The Prompt Payment Clams Should Be Dismissed................................................7

   E.    The Complaint Should Be Dismissed In Its Entirety.............................................8

POINT III.   ALTERNATIVELY, THE COURT SHOULD ABSTAIN UNDER *COLORADO
             RIVER* WITH RESPECT TO ANY CLAIMS BROUGHT ON BEHALF OF
             AIDES WHO WORKED LIVE-IN SHIFTS..........................................................8

   A.    This Matter Is Duplicative Of Andryeyeva
         With Respect To Aides Who Worked 24-hour Shifts .............................................9

   B.    Abstention Serves The Interests Of Wise Judicial Administration ......................12

   C.    The First Filed Rule Counsels In Favor Of Abstention .........................................15

CONCLUSION....................................................................................................................17

# TABLE OF AUTHORITIES

PAGE

**Federal Cases**

*Adedapoidle v. Crunch LLC, et al,*
  No. C 13–225, 2013 WL 1890718 (N.D. Cal. May 3, 2013) ...................................11

*Ali v. New York City Health and Hosps. Corp.,*
  No. Civ. 6393, 2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) ..................................6

*Andreas-Moses v. Hartford Fire Ins. Co.,*
  No. 5:16-CV-1387, 2017 WL 5634709 (N.D.N.Y. Oct. 30, 2017) ........................16

*Arizona v. San Carlos Apache Tribe of Ariz.,*
  463 U.S. 545 (1983)..............................................................................................13

*Banks v. Int'l Union Electronic, Elec., Tech., Salaried and Mach. Workers,*
  390 F.3d 1049 (8th Cir. 2004) ................................................................................2

*Cassis v. Federal National Mortgage Assoc.*
  No. 21-CV-969, 2021 WL 6197064 (E.D.N.Y. Dec. 31, 2021) ...............................9

*Castillo v. Taco Bell of America, LLC,*
  960 F. Supp. 2d 401 (E.D.N.Y. 2013) .............................................................15, 16

*Davis v. City of Loganville, Ga.,*
  2006 WL 826713 (N.D. Ga. Mar. 28, 2006).............................................................6

*De Cisneros v. Younger,*
  801 F.2d 305 (2d Cir. 1989).................................................................................13

*De Cisneros v. Younger,*
  871 F.2d 305 (2d Cir. 1989).................................................................................12

*Fridman v. GCS Computers LLC,*
  No. 17-CV-6698, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) .............................5

*Garcia v. Tamir,*
  No. 99 Civ. 0298, 1999 WL 587902 (S.D.N.Y. Aug. 4, 1999) ......................11, 12, 13, 14, 15

*H.A.L. NY Holdings, LLC v. Guinan,*
  958 F.3d 627 (7th Cir. 2020) .................................................................................2

*Hickmon v. Fun & Fit LLC,*
  20-CV-10270, 2021 WL 3578296 (S.D.N.Y. Aug. 13, 2021)..................................7

**TABLE OF AUTHORITIES - cont'd**

PAGE

*King v. Six Stars of N.Y., Inc.*,
No. 16-CV-3291, 2016 WL 4523920 (E.D.N.Y. Aug. 22, 2016) ....................................11, 14

*Korenblaum v. Citigroup, Inc.*,
195 F. Supp. 3d 475 (S.D.N.Y. 2016).................................................................................7

*Lundy v.114- Catholic Health Sys. of Long Island Inc.*,
711 F.3d 106 (2d Cir. 2013)....................................................................................4, 5

*Lutz v. Securitas Security Services USA, Inc., et al*,
No. SACV 17-00243, 2017 WL 10573990 (C.D. Cal. Aug. 14, 2017)..................................11

*Malancea v. MZL Home Care Agency LLC*,
No. 18-CV-0732, 2020 WL 9814091 (E.D.N.Y. Nov. 10, 2020) ..............9, 11, 12, 13, 14, 15

*Marciano v. SJN Adjustment Grp., Inc.*,
No. 18CV5222, 2019 WL 4888569 (E.D.N.Y. Sept. 30, 2019)...............................................5

*Mei Xing Yu v. Hasaki Rest., Inc.*,
944 F.3d 395 (2d Cir. 2019).....................................................................................................2

*Moses H. Cone v. Mercury Constr. Corp.*,
460 U.S. 1 (1983).....................................................................................................................12

*Musiello v. CBS Corp.*,
518 F. Supp. 3d 782 (S.D.N.Y. 2021).......................................................................................5

*Myslow v. Avery*,
No. 3:02-CV-1957, 2003 WL 23100332 (D. Conn. Dec. 30, 2003) .........................................3

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
723 F. 3d 192 (2d Cir. 2013)..................................................................................................4, 6

*Nat'l Union Fire Ins. Co. v. Karp*,
108 F.3d 17 (2d Cir. 1997)........................................................................................................9

*Ontel Prods., Inc. v. Project Strategies Corp.*,
899 F. Supp. 1144 (S.D.N.Y. 1995).........................................................................................15

*Pabco Const. Corp. v. Allegheny Millwork PBT*,
No. 12-CV-7713, 2013 WL 1499402 (S.D.N.Y. Apr. 10, 2013) ..............................................9

*Paul v. Raytex Fabrics, Inc.*,
318 F. Supp. 2d 197 (S.D.N.Y. 2004).......................................................................................12

# TABLE OF AUTHORITIES - cont'd

PAGE

*Phillips v. Citibank, N.A.*,
   252 F. Supp. 3d 289 (S.D.N.Y. 2017)......................................................................11

*Ramos v. City of New York Fire Dep't*,
   No. 13 CIV. 9225, 2014 WL 2111687 (S.D.N.Y. May 9, 2014).............................5

*Romero v. H.B. Auto. Grp., Inc.*,
   No. 11-CV-386, 2012 WL 1514810 (S.D.N.Y. May 1, 2012) ................................7

*Schucker v. Flowers Foods, Inc.*,
   No. 16-CV-3439, 2017 WL 3668847 (S.D.N.Y. Aug. 24, 2017)....................15, 16

*Sherman v. Premium Concrete Cutting, Inc.*,
   No. 01 C 7263, 2004 WL 1510030 (N.D. Ill. July 6, 2004) ...................................6

*Silva v. City of New Bedford*,
   660 F.3d 76 (1st Cir. 2011)....................................................................................2

*Telesco v. Telesco Fuel & Masons' Materials, Inc.*,
   765 F.2d 356 (2d Cir. 1985)..............................................................................9, 11

*Thomas v. Apple-Metro, Inc.*,
   No. 14-CV-4120, 2015 WL 505384 (S.D.N.Y. Feb. 5, 2015)...............................16

*Whiteside v. Hover-Davis, Inc.*,
   995 F.3d 315 (2d Cir. 2021).............................................................................4, 8

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
   899 F. Supp. 2d 235 (E.D.N.Y. 2012) ..................................................................15

**Federal Statutes**

29 U.S.C. § 255(a) ....................................................................................................4

## **INTRODUCTION**

On September 21, 2021, Plaintiff Franck accepted a Rule 68(a) offer of judgment. Inexplicably, however, he has refused to withdraw from the lawsuit.  Under Second Circuit precedent, judicial approval is not required for a Rule 68(a) offer of judgment settling Fair Labor Standards Act ("FLSA") claims.  Accordingly, the Court should order Franck dismissed from the lawsuit.

The Court should likewise dismiss the Complaint.  To begin with, neither Frank nor Feng specifically allege that they were denied overtime.  So, their overtime claims should be dismissed.  Similarly, the Plaintiffs' travel time claim fails because travel time is not compensable "gap time" under the FLSA unless it results in an overtime or minimum wage violation, neither of which have been specifically alleged by the plaintiffs individually.[1]  And Feng does personally allege the only other FLSA claim alleged in the Complaint, failure to make prompt payment, within the limitations period.  So, without Franck, dismissal of the entire Complaint is necessary because Feng cannot represent the proposed collective with respect to claims that she herself does not allege.

Alternatively, the Court should abstain from and stay all claims allegedly brought on behalf of aides who worked 24-hour shifts as these individuals are already members of a certified class in the *Andryeveva* state court matter, which has been vigorously litigated over eleven years and is nearing resolution.  While brought under state law, the claims in *Andryeveva*, are parallel to those here and any judgment or settlement in that matter is likely to dispose of all

---

[1]       The Amended Complaint does not include a minimum wage claim at all.

overtime claims in this matter for any home aides who worked 24-hour shifts.  Wise judicial administration therefore counsels strongly for abstention in favor of that far more advanced matter in order to avoid duplicative and wasteful expenditure of judicial resources, inconsistent judgements, and friction with the state judiciary.

## ARGUMENT

**POINT I.      HAVING ACCEPTED AN OFFER OF
JUDGMENT, PLAINTIFF FRANCK SHOULD
BE DISMISSED FROM THIS ACTION**

On September 21, 2021, plaintiff Franck accepted the Defendants' Offer of Judgment.  Declaration of Peter C. Godfrey dated February 22, 2022 ("Godfrey Decl."), Exs. A and B.  By its plain terms, the settlement was "in full satisfaction of all claims against NYHC and "inclusive of all amounts potentially recoverable in this action, including without limitation, actual damages, liquidated damages, costs and expenses."  *Id.,* Ex. A.  Significantly, judicial approval is not required for a Rule 68(a) offer of judgment settling FLSA claims.  *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019).   So, having been accorded complete relief, Franck can no longer maintain this action on his own behalf.  And for the same reasons, he is also not similarly situated to, or typical of, other putative collective and class members and cannot maintain this lawsuit on their behalf either.  *See H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 633 (7th Cir. 2020) (holding that Rule 68 judgment had preclusive effect and granting sanctions based on plaintiff's frivolous appeal of an order dismissing claims against corporate officer in light of plaintiff's acceptance of offer of judgment against corporate defendant); *Banks v. Int'l Union Electronic, Elec., Tech., Salaried and Mach. Workers*, 390 F.3d 1049, 1051 (8th Cir. 2004) (applying res judicata principles to Rule 68 judgment); *Silva v. City of New Bedford*, 660 F.3d 76, 78 (1st Cir. 2011) (undisputed that settlement prompted by Rule 68 offer

2

constituted a final judgment against police officers with preclusive effect as to their municipal employer); *Myslow v. Avery*, No. 3:02-CV-1957, 2003 WL 23100332, at *3 (D. Conn. Dec. 30, 2003) (since the purpose of Rule 68 is to "encourage settlement and avoid litigation," the offer must encompass plaintiff's entire action to be valid).

Accordingly, the Court should dismiss Franck as a party to this lawsuit.

### POINT II.   THE COURT SHOULD DISMISS THE COMPLAINT IN ITS ENTIRETY

If Franck is dismissed from the lawsuit as a named plaintiff, the Court should dismiss the Amended Complaint in its entirety.  To begin with, neither Franck nor Feng specifically allege an overtime claim *at all*.  So Count I for "FLSA – Failure to Pay Overtime" should be dismissed regardless of whether Franck remains in the case or not.  Doc. No. 20 ¶¶ 134-138.  Moreover, Count III for "FLSA –Failure to Pay Travel Time," must also be dismissed, regardless of whether Franck remains in the case or not, because travel time would not constitute compensable "gap-time" under the FLSA.  And Feng does not specifically allege the remaining FLSA claim included in the Amended Complaint, Count II for "FLSA -- Failure to Pay Wages Promptly, within the maximum, three-year limitations period.  Doc. No. 20 ¶¶ 139-150.  So, without Franck, those claims, too, should be dismissed, which would leave only Counts IV through XIII, all of which are state law claims and therefore do not provide an independent basis for this Court's jurisdiction.  Doc. No. 20 ¶¶ 151-223.

A.      **The Overtime Claims Should Be Dismissed**

Neither Franck nor Feng allege that they were denied overtime during the three-year extended limitations period applicable to FLSA claims[2] — e.g., after June 4, 2018 for Franck, and after September 21, 2018 for Feng.  Doc. Nos. 1, 20;  29 U.S.C. § 255(a).  Franck asserts prompt payment and travel time allegations.  Doc. No. 20 ¶¶ 38-41, 43-66.  But he does not specifically claim that he was denied overtime.  *See, e.g.,* Doc. No. 20, 134-137.  Feng similarly does not allege that she suffered any specific FLSA violation, let alone denial of overtime, within the three-year limitation period at all.  Doc No.  20.   Although she claims to have been subjected to various purportedly improper practices, including time shaving, she makes no particularized, non-conclusory allegation that she ever was denied overtime within the three-year FLSA limitations period.  *See, e.g.,* Doc. No. ¶¶ 25-37, 134-137.

Thus, neither Franck nor Feng have sufficiently alleged FLSA overtime violations and those claims should be dismissed.[3]  *Lundy v.114- Catholic Health Sys. of Long Island Inc*., 711 F.3d 106, 115 (2d Cir. 2013) (holding that in order to state overtime claim under FLSA, a plaintiff "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours, and dismissing FLSA claims on the pleadings); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F. 3d 192, 201 (2d Cir. 2013)

---

[2]      The FLSA generally allows for a two-year statute of limitations. A three-year limitations period, however, is applicable where the alleged violation is willful.  *See Whiteside v. Hover-Davis, Inc*., 995 F.3d 315, 318 (2d Cir. 2021) (affirming dismissal of claims pursuant to FLSA's two-year statute of limitations where there was no plausible allegation of willfulness).  Here, strictly for purposes of analysis and without conceding the merits, we assume that the Plaintiffs' claims are subject to a three-year limitations period.

[3]      It is also clear from the Plaintiffs' actual time records that their hours were well below the 40-hour weekly threshold throughout the FLSA limitations period and that they therefore also do not in fact have a federal overtime claim, regardless of their allegations.  Persaud Decl. in Opp'n to Pls' Mot. for Conditional Cert., dated February 22, 2022 ("Persaud Decl."), ¶¶ 6 10 and Exs. A-D.

(affirming dismissal of FLSA overtime claims where the plaintiffs "merely alleged that they were not paid for overtime hours worked" and they "were not compensated for work performed during meal breaks, before and after shifts, or during required trainings" without specifically alleging they had been scheduled to work more than 40 hours in a given week); *Musiello v. CBS Corp.*, 518 F. Supp. 3d 782, 794 (S.D.N.Y. 2021) (dismissing FLSA claim because, under *Lundy,* "a generalized claim of a failure to pay overtime, unaccompanied by any allegation as to what specific workweek the plaintiff worked overtime, or by how many hours for any specific workweek is insufficient."); *Marciano v. SJN Adjustment Grp., Inc.*, No. 18CV5222, 2019 WL 4888569, at *2 (E.D.N.Y. Sept. 30, 2019) (following *Lundy* and dismissing FLSA claim because plaintiffs "do not allege specifically that [they] worked 40 hours for each week or how many hours of overtime they specifically worked each week," thus requiring the court to engage in "impermissible speculation"); *Fridman v. GCS Computers LLC*, No. 17-CV-6698, 2018 WL 1581990, at *4 (S.D.N.Y. Mar. 27, 2018) (dismissing FLSA collective action where overtime allegations were insufficiently pled); *Ramos v. City of New York Fire Dep't*, No. 13 CIV. 9225, 2014 WL 2111687, at *3 (S.D.N.Y. May 9, 2014) (dismissing FLSA claims because "[t]hough plaintiffs allege a variety of 'off the clock' activities . . . plaintiffs do not meaningfully dispute that the [complaint] fails to allege any single plaintiff engaged in such activities during a week that he or she worked more than 40 hours, or that these activities resulted in a single plaintiff working more than 40 hours in a week.").

**B.    The Travel Time Claims Should Be Dismissed Because "Gap Time" Is Not Recoverable under the FLSA**

For the same reasons, the Plaintiffs' travel time claims should be dismissed as any alleged travel time does not constitute overtime under the FLSA and therefore is non-recoverable

"gap time."  Notably, the FLSA does not provide a cause of action for "gap time." *Nakahata*, 723 F. 3d at 202.  Gap-time claims are those "in which an employee has not worked 40 hours in a given week, but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." *Id.*

The travel time claim here is an effort to recover "gap time," and cannot stand. Franck and Feng do not allege that they worked the requisite 40 hour work week.  Doc. No. 20. And, they do not allege a minimum wage claim.  *Id.*  Thus, regardless of whether Franck remains in the case, the Plaintiffs do not have a claim for unpaid travel time.  *Sherman v. Premium Concrete Cutting, Inc.*, No. 01 C 7263, 2004 WL 1510030, at *2-3 (N.D. Ill. July 6, 2004) (court held that Defendants did not violate the FLSA because plaintiffs were adequately compensated and paid well over the minimum wage requirements), *mod. on other grounds*, 2004 WL 2496619 (N.D. Ill. Nov. 2, 2004); *Davis v. City of Loganville, Ga.*, 2006 WL 826713, at *9 (N.D. Ga. Mar. 28, 2006) ("employers are not obligated under the FLSA to compensate employees for "gap-time," as long as the employees receive at least the statutory minimum wage for all nonovertime hours worked.") (citations omitted), *aff'd* 221 F. App'x 897 (11th Cir. 2007).

## C.    Feng Would Not Be Able To Represent The Proposed Collective With Respect To Travel Time, Under Any Circumstances

Feng also does not allege that she was denied travel time.  Doc. No. 20, ¶¶ 38-41, 145-150.  So, for this reason, too, she cannot represent a collective with respect to those claims. In order to serve as a collective representative, Feng must minimally establish "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice."  *Ali v. New York City Health and Hosps. Corp.*, No. Civ. 6393, 2013 WL 1245543, at *2 (S.D.N.Y. Mar. 27, 2013).  In other words, "while the proposed collective

6

need not be 'identical in every possible respect,' its potential members must be similarly situated

with respect to the allegedly unlawful policy or practice." *Korenblaum v. Citigroup, Inc*., 195 F.

Supp. 3d 475, 479 (S.D.N.Y. 2016) (internal citations omitted); *cf*. *Romero v. H.B. Auto. Grp.,

Inc.*, No. 11-CV-386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (allegations made on

knowledge and belief are insufficient); *Hickman v. Fun & Fit LLC*, 20-CV-10270, 2021 WL

3578296, at *7 (S.D.N.Y. Aug. 13, 2021) (named plaintiffs must "establish a 'factual nexus,

between their experience and potential plaintiffs with regard to an FLSA violation."). Feng does

not allege that she suffered any travel time violations during the applicable statutory period. She

therefore is not similarly situated to the proposed collective and cannot represent it with respect

to those claims. Thus, in Frank's absence, Feng cannot represent the Collective with respect to

purported improper policies and practices of which she herself was not a victim. If Franck is

dismissed from the Complaint, the Court should also dismiss Count III alleging failure to travel

time in violation of the FLSA.

### D.      The Prompt Payment Clams Should Be Dismissed

Feng individually does not allege an individual FLSA prompt pay claim. Doc.

No. 20, ¶¶ 65, 139-144.[4] So for the same reasons stated in Point II C above, she therefore

cannot represent a collective with respect to claims that she does not herself allege. If Franck is

dismissed from the action, the Court should also dismiss Count II for alleged failure to pay

---

[4]      The only specifically alleged prompt pay violation alleged by Feng occurred on February 23, 2018, well
outside the maximum three-year FLSA limitations period, which accrued for her on September 20, 2018.
Doc. No. 20, ¶ 65. Her payroll records also do not indicate any other possible basis for such a FLSA claim.
Persaud Decl. ¶ 12 and Ex. C.

wages promptly in violation of the FLSA, as Feng does not allege such a claim and she cannot represent the collective as to those claims.

**E.    The Complaint Should Be Dismissed In Its Entirety**

Without Franck, there is no basis for any of the federal claims to proceed, as Feng does not allege FLSA violations.  There is thus no independent basis for federal jurisdiction and the Court should dismiss the remaining state-law claims as well.  *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 325 (2d Cir. 2021) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

**POINT III.    ALTERNATIVELY, THE COURT SHOULD ABSTAIN UNDER *COLORADO RIVER* WITH RESPECT TO ANY CLAIMS BROUGHT ON BEHALF OF AIDES WHO WORKED LIVE-IN SHIFTS**

Under *Colorado River District v. United States,* a district court should abstain from proceedings where there are "parallel" or "concurrent" state court proceedings and abstention serves the interests of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation."  424 U.S. 800, 817 (1976). Here, should the Court not dismiss the Complaint in its entirety, it should abstain and stay all claims brought on behalf of aides who worked live-in shifts in light of the overlapping class that has already been certified in the long-pending *Andryeyeva* matter.  This relief is necessary to avoid inconsistent judgments, the wasteful and duplicative expenditure of judicial resources, and friction between this Court and the state court.

**A.      This Matter Is Duplicative Of *Andryeyeva*
          With Respect To Aides Who Worked 24-hour Shifts**

         "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of

abstention when the two proceedings are essentially the same; that is, there is an identity of

parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. v. Karp*, 108

F.3d 17, 22 (2d Cir. 1997); *Cassis v. Federal National Mortgage Assoc.* No. 21-CV-969, 2021

WL 6197064, at *4 (E.D.N.Y. Dec. 31, 2021).  In other words "the federal action does in fact

duplicate the state litigation" if, "in its essential elements the same cause of action regardless of

theory or pleadings, is asserted in both courts." *Telesco v. Telesco Fuel & Masons' Materials,*

*Inc.*, 765 F.2d 356, 362 (2d Cir. 1985); *Malancea v. MZL Home Care Agency LLC*, No. 18-CV-

0732, 2020 WL 9814091, at *6 (E.D.N.Y. Nov. 10, 2020), report and recommendation adopted,

No. 18-CV-00732, 2021 WL 5629200 (E.D.N.Y. Dec. 1, 2021).  "Perfect symmetry of parties

and issues is not required." *Potente v. Capital One*, N.A., No. 16-CV-3570, 2018 WL 1882848,

at *4 (E.D.N.Y. Apr. 19, 2018). "Rather, parallelism is achieved where there is a substantial

likelihood that the state litigation will dispose of all claims presented in the federal case." *Cassis*,

2021 WL 6197064, at *4 (internal quotation and citation omitted); *see also Pabco Const. Corp.*

*v. Allegheny Millwork PBT,* No. 12-CV-7713, 2013 WL 1499402, at *2 (S.D.N.Y. Apr. 10,

2013) (emphasizing that two actions need not be "carbon copies of each other" and holding

actions to be parallel even though plaintiffs were different and the federal action sought

monetary relief while the state action sought a declaratory judgment).

         Here, the Plaintiffs' claims are parallel to those in the *Andryeyeva* state-court

matter to the extent Plaintiffs seek to include aides who worked live-in shifts within the alleged

putative collective and class overtime claims.  Pending since 2011, the *Andryeyeva* plaintiffs

9

seek broad-based relief for alleged wage and hour violations aides employed by NYHC who worked 24-hour shifts.  Godfrey Decl., Ex. C at ¶ 10.  The *Andryeyeva* matter further is at a very advanced stage.  The parties have substantially completed discovery and there have been multiple appeals, including one to the New York Court of Appeals.  Godfrey Decl., ¶ 4.  And, most significantly, the state court has now certified a class consisting of "Home attendants who worked 24-hour shifts for New York Care Inc. between June 22, 2005, and the date Defendants cease, or are enjoined from, not paying the class members the minimum, overtime, and spread of hours wages for all 24 hours of each 24-hour shift." Godfrey Decl., Ex. D at 11.

Recognizing the overlap and potential conflict with *Andryeyeva,* the Plaintiffs here purport to exclude "any claims owing to Defendants' unlawful use of the '13-hour' rule for 24-hour live-in shifts."  Amended Compl. (Doc. No. 20) ¶ 126.  But the Plaintiffs overlook that the *Andryevyeva* Complaint is not limited to use of the "13-hour" rule on 24-hour claims, but seeks far broader relief for the class in that action.  Any settlement or other resolution of that matter therefore is almost certain to afford relief with respect to all state overtime claims.  Further, under both the NYLL and the FLSA, overtime is owed on all hours worked in excess of 40 per workweek, regardless of whether the hours included 24-hour assignments, non-24-hour assignments, or a combinations of assignments.  Thus, it simply is not possible or consistent with either NYLL or the FLSA to exclude overtime related to 24-hour shifts when considering other overtime due.  And when queried about these concerns, the Plaintiffs here have refused to engage in any substantive discussions, insisting instead that the delineation between the claims here and in *Andryeyeva* and this matter should be obvious — even though it is not.  Godfrey Decl., ¶. 12.

Indeed, numerous courts both within the Second Circuit and other jurisdictions have repeatedly found federal and state wage and hour matters to be parallel under *Colorado River* and thus abstained. *See Malancea v. MZL Home Care Agency LLC,* No. 18-CV-0732, 2020 WL 9814091, at *7-8 (E.D.N.Y. Nov. 10, 2020), report and recommendation adopted, No. 18-CV-00732, 2021 WL 5629200 (E.D.N.Y. Dec. 1, 2021); *King v. Six Stars of N.Y., Inc.*, No. 16-CV-3291, 2016 WL 4523920 (E.D.N.Y. Aug. 22, 2016); *Lutz v. Securitas Security Services USA, Inc., et al*, No. SACV 17-00243, 2017 WL 10573990, *3 (C.D. Cal. Aug. 14, 2017); *Adedapoidle v. Crunch LLC, et al*, No. No. C 13–225, 2013 WL 1890718 (N.D. Cal. May 3, 2013); *Garcia v. Tamir*, No. 99 Civ. 0298, 1999 WL 587902 (S.D.N.Y. Aug. 4, 1999).

As in the above cases, the current litigation duplicates the highly advanced state court litigation with respect overnight aides because, "in its essential elements the same cause of action regardless of theory or pleadings, is asserted in both courts." *Telesco*, 765 F.2d, at 362. "Both cases are brought by home health care workers against the same defendant . . . . Both allege wage and hour violations, including defendant's failure to pay overtime" in addition to other claims. *Malancea*, 2020 WL 9814091, at *7; *see also Telesco*, 765 F.2d, at 362 ("Merely raising an alternative theory of recovery, which may still be raised in state court, is not enough to differentiate the federal suit from the state suit."); *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 296 (S.D.N.Y. 2017) (accord). There is thus a substantial risk of conflicting judgment and of a very significant and wasteful duplicative expenditure of judicial resources, if the Court does not stay this matter to the extent Plaintiffs purport to seek collective or class certification on behalf of aides included in the already certified *Andryeyeva* class.

**B.        Abstention Serves The Interests Of Wise Judicial Administration**

In evaluating abstention under *Colorado River*, courts weigh six factors:  "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights."  *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989).  No single factor, however, is "necessarily decisive."  *Id.*  Rather, the "the test 'does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).  The Supreme Court further has recognized "vexatious or reactive nature of either the federal or the state litigation may influence the decision" to grant a stay. *Moses H. Cone Mem'l Hosp.*, 460 U.S., at n. 20; *Tamir*, 1999 WL 587902, at *8.

Of these, the third, fourth, fifth, and sixth factors counsel strongly for abstention, while the remaining factors are inapplicable or neutral.

The third factor, "avoidance of piecemeal litigation," favors abstention because the claims with respect to overnight aides because both matters arise from the "same operative facts" and are "inextricably intertwined." *Malencea*, 2020 WL 9814091 at *6; *Tamir*, 1999 WL 587902, at *5; *Paul v. Raytex Fabrics, Inc.*, 318 F. Supp. 2d 197, 198 (S.D.N.Y. 2004) (holding that abstention was warranted in this case where federal discrimination suit "involve[d] the same parties and same operative facts," namely the circumstances surrounding the plaintiff's termination, as prior state court action asserting breach of contract and Labor Law violations). And, the Plaintiffs' purported exclusion of claims arising from "'13-hour' rule for 24-hour live-

in shifts," Amended Compl. (Doc. No. 20) ¶ 126, does not solve these issues because the relief

sought in *Andryeyeva* is broad and because it would be practically impossible to separate

overtime attributable to overnight shifts from that attributable to other work in a given pay

period.  As a result, there is a substantial risk that the proceedings in this matter and *Andryeyeva*

will not only to be duplicative, but may also "produce 'inconsistent and mutually contradictory

determinations' that might cause friction between state and federal courts."  *Malencea,* 2020 WL

9814091, *6 (quoting *De Cisneros v. Younger,* 801 F.2d 305, 207 (2d Cir. 1989)).  Indeed, as the

court in *Tamir* explained, absent abstention, the result could well be "an unseemly and

destructive race to judgment that would be "prejudicial . . . to the possibility of reasoned

decisionmaking by either forum":

> [B]ecause the causes of action in the two proceedings arise from
> the same set of events, questions of issue preclusion will be likely
> to arise among the parties that are involved in both actions. This
> will result in additional litigation related to the preclusion issue
> itself and, as noted by the Supreme Court, will also create "the
> serious potential for spawning an unseemly and destructive race to
> see which forum can resolve the same issues first [which would
> be] prejudicial, to say the least, to the possibility of reasoned
> decision making by either forum."

*Tamir*, 1999 WL 587902, at *5 (quoting *Arizona v. San Carlos Apache Tribe of*

*Ariz*., 463 U.S. 545, 567 (1983)) (internal citations omitted).

Likewise, the fourth factor, the "order in which the actions were filed,"

unequivocally supports abstention.  Again, as noted, *Andryeyeva* has been pending since 2011

and is at a very advanced stage with a class that is already certified.  In contrast, no collective or

class has been certified in the current matter and discovery remains at an early stage with only

limited document discovery and one deposition completed. Godfrey Decl., ¶¶ 4-6.  So, judicial

efficiency would hardly be served by this Court assuming jurisdiction over hotly contested

claims that have already reached an advanced stage in state court where they have been pending for eleven years. *Malencea,* 2020 WL 9814091, at *7; *Tamir*, 1999 WL 587902, at *7 (state case was more advanced where there had been a considerable amount of discovery, among other factors).  To the contrary, permitting parallel proceeding will likely complicate and delay resolution of claims affecting aides who worked live-in shifts to the detriment of all parties.

The fifth factor, "the law that provides the rule of decision" is also favorable to abstention, as the relief afforded under New York law, if anything, is broader than that available to Plaintiffs under the applicable federal statute, the FLSA, which is largely limited to failure to pay overtime and minimum wage.  *Tamir*, 1999 WL 587902, at *7 (holding that "there are no important federal rights at stake, and the federal statute at issue in this action does not substantively differ from the state statute at issue in the state action"); *King*, 2016 WL 4523920, at *2 (noting that, "[a]s is usually the case with wage disputes in New York, New York's Labor Law completely overshadows the FLSA to the point of rendering the FLSA superfluous.").  The parties in *Andryeyeva* have further invested substantial resources and devoted years litigating novel issues of state law, including an appeal to the New York State Court of Appeals.  Godfrey Decl. ¶ 4.  It therefore follows that the state court should be permitted to determine those issues fully without the specter of overlapping federal claims muddying the waters.

The sixth factor, too, "protection of the federal plaintiff's rights," similarly counsels abstention.  The remedies available under the New York Labor Law are not only parallel but substantially broader than those afforded under the FLSA.  *King*, 2016 WL 4523920, at *2.  Affected overnight aides will suffer no prejudice if the Court stays their claims in this action, as State law already affords them comparable, if not superior, relief.  *Malencea*, 2020 WL

14

9814091, at *8 (noting that "the majority of the claims are brought under New York law with which the state court is equally, if not more, familiar."); *Tamir*, 1999 WL 587902, at *8 ("The state court can adequately decide the substantive issues underlying both the federal and state actions.").

Lastly, the first factor, "assumption of jurisdiction over a res" is inapplicable because neither proceeding involves in rem relief. *Malancea*, 2020 WL 9814091, at *8. The second factor, "inconvenience of the forum," is further neutral because the courts are in close proximity and neither offers a discernable advantage in terms of the availability of witnesses and evidence. *Id.*, at *8.

## C.     The First Filed Rule Counsels In Favor Of Abstention

The first-filed rule "stands for the general proposition that 'where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances.'" *Schucker v. Flowers Foods, Inc*., No. 16-CV-3439 , 2017 WL 3668847, at *4 (S.D.N.Y. Aug. 24, 2017) (citations and internal quotation marks omitted). Under this rule, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action." *Castillo v. Taco Bell of America, LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013). The rule thus reduces "duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Ontel Prods., Inc. v. Project Strategies Corp*., 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995). The first-filed applies where "the first and subsequently filed case(s) have either identical or substantially similar parties and claims." *Wyler-Wittenberg v. MetLife Home Loans, Inc*., 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012).

15

In the FLSA context, courts do not hesitate to deny certification or dismiss a second suit in favor of an earlier filed action involving substantially similar claims. *Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439, 2017 WL 3668847, at *4 (S.D.N.Y. Aug. 24, 2017); *see also Thomas v. Apple-Metro, Inc.,* No. 14-CV-4120, 2015 WL 505384, at *1 (S.D.N.Y. Feb. 5, 2015) (applying first-to-file rules in FLSA context); *Andreas-Moses v. Hartford Fire Ins. Co.*, No. 5:16-CV-1387, 2017 WL 5634709, at *1 (N.D.N.Y. Oct. 30, 2017), report and recommendation adopted, No. 5:16-CV-1387, 2017 WL 5634613 (N.D.N.Y. Nov. 22, 2017) (same).

Concededly, the first-filed rule is an imperfect fit here because the rule applies in the first instance to prior filed federal litigation. Nevertheless, the same concerns that animate the rule are certainly present here and counsel strongly for abstention. As with cases decided under the rule, dismissal here "is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits." *Castillo*, 960 F. Supp. 2d, at 404 (citing *Curtis v. Citibank*, N.A., 226 F.3d 133, 138 (2d Cir. 2000)). Simply put, duplicative wage and hour actions are wasteful and undermine the very purpose of efficiency inherent in class or collective resolution by "present[ing] overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Schucker*, 2017 WL 3668847, at *5.

For these reasons, wise judicial administration counsels abstention in favor of *Andryeyeva* to the extent Plaintiffs seek relief on behalf of any home health aides who may have worked 24-hour shifts since June 22, 2005.

16

## **CONCLUSION**

The Court should dismiss the Complaint.  Having accepted an offer of judgment, Franck can no longer continue as a plaintiff.  Neither Feng nor Franck allege that they were denied overtime, and thus any claims for both overtime and travel time must also be dismissed. And Feng does not allege any FLSA violations within the applicable limitations period.  So, she does not herself have any individual FLSA claims and cannot represent the collective.

Alternatively, the Court should order this matter stayed to the extent the Plaintiffs seek relief on behalf of a proposed collective or putative class members who worked overnight shifts, as those claims are parallel of those in the long-pending state-court *Andryeyeva* matter, which is nearing resolution and where an overlapping class has already been certified.  Wise judicial administration therefore counsels strongly for abstention in favor of that far more advanced matter in order to avoid duplicative and wasteful expenditure of judicial resources, inconsistent judgements, and friction with the state judiciary.

Dated:  February 22, 2022

**HODGSON RUSS LLP**
*Attorneys for New York Health Care Inc.,*
*Murry England and Glen Persaud*

By:  _s/Peter C. Godfrey_____
        Peter C. Godfrey
        Joshua Feinstein
        Sarah N. Miller
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
716.856.4000
*pgodfrey@hodgsonruss.com*
*jfeinste@hodgsonruss.com*
*smiller@hodgsonruss.com*

17