UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LOUIS FRANCK and LI ZHEN FENG, Individually
and on Behalf of All Others Similarly Situated,

                                        Plaintiffs,

v.                                                                  Case No.: 21–cv–04955

NEW YORK HEALTH CARE INC., MURRY
ENGLARD and GLEN PERSAUD,

                                        Defendants.
_____

## DECLARATION OF PETER C. GODFREY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF FRANCK AND TO DISMISS THE COMPLAINT OR <u>ALTERNATIVELY TO STAY IN PART</u>

        Peter C. Godfrey, under penalty of perjury and pursuant to 28 U.S.C. § 1746,

declares the following to be true and correct:

        1.      I am a partner with the firm Hodgson Russ LLP, attorneys for Defendants

New York Health Care Inc. ("NYHC"), Murry Englard, and Glen Persaud.  As an attorney of

record, I am familiar with the proceedings in this matter.  I submit this Declaration in support of

the Defendants' motion to dismiss Plaintiff Franck and to dismiss and to stay the complaint in

part.

**The Offer of Judgment**

        1.      On September 7, 2021, NYHC served an Offer of Judgment on Plaintiff

Franck in accordance with FRCP 68, a copy of which is attached as **Exhibit A**. Under the terms

of the Offer of Judgement, NYHC agreed "to allow judgment to be taken against it by Plaintiff Louis Franck in full satisfaction of all of his claims against Defendant in the sum of fifty thousand dollars ($50,000), plus reasonable attorneys' fees incurred to date. ***This total shall be inclusive of all amounts potentially recoverable in this action***, including without limitation, actual damages, liquidated damages, costs and expenses." (Emphasis added).

2.      On September 21, 2021, Plaintiff Franck served his Notice of Acceptance of Defendant's Offer of Judgment, a copy of which is attached as **Exhibit B.**

**The Andryeyeva Action**

3.      NYHC and Defendant Englard are also named as defendants in *Andryeyeva v. New York Health Care, Inc,* which has been pending in New York Supreme Court, Kings County, under Index No. 14309/2011, since February 14, 2011.  Like the plaintiffs in this action, the *Andryeyeva* plaintiffs seek broad-based relief for alleged wage and hour violations aides employed by NYHC who worked 24-hour shifts.   Attached as **Exhibit C** is a copy of the *Andryeyeva* complaint.   Although I am not counsel of record for NYHC in *Andryeyeva,* I am familiar with that matter.

4.      *Andryeyeva* is at an advanced stage, having been vigorously litigated for eleven years.  Among other discovery, the parties have exchanged voluminous documents and completed multiple depositions.  The parties to *Andryeyeva* have also engaged in extensive appellate practice, including an appeal to the New York Court of Appeals, which resulted in a very important and precedent-setting decision for the home care industry relating to the compensation of home health aides under the New York Labor Law ("NYLL").  *See Andryeyeva v. New York Health Care, Inc.,* 33 N.Y.3d 152 (2019).

5.      On May 15, 2020, the *Andryeyeva* court further issued a Decision and Order, certifying a class under Article 9 of the New York Civil Practice Law and Rules ("CPLR").  A copy of the Decision and Order is annexed as **Exhibit D.**  This class consists of "Home attendants who worked 24-hours shifts for New York Health Care Inc. between June 22, 2004, and the date Defendants cease, or are enjoined from, not paying the class members the minimum, overtime, and spread of hours wages for all 24 hours of each 24 hour shift."  Ex. B at 10.  The Order also authorized mailing of notice to the class.  *Id.*

6.      In contrast to advanced procedural posture of the *Andryeyeva* matter, the proceedings in this matter remain at an early stage with only limited document discovery and one deposition completed.  The Plaintiffs' motion for conditional collective certification is likewise not fully submitted and any motion for class certification is unlikely to be filed for many months.

7.      The *Andryeyeva* parties have agreed to mediation and are currently scheduled for a first day of mediation on March 28, 2022.  In the event the *Andryeyeva* case resolves, NYHC would expect that such resolution would fully settle all claims of class members at issue in *Andryeyeva*, including all NYLL claims, and this should, as a practical matter, resolve all overlapping overtime claims for such individuals in the putative collective.

8.      Should settlement discussions prove unavailing, the *Andryeyeva* case may be determined by motion or proceed to trial which again would dispose of all claims in the *Andryeyeva* complaint, including all NYLL claims, and again be determinative of all overlapping overtime claims by the putative collective.

9.      Further, and as illustrated by the New York Court of Appeals decision in *Andryeyeva*, there remains a material risk of potentially conflicting decisions and/or judgments,

if both this matter and *Andryeyeva* continue on parallel tracks in this manner.  At the very least, there is little question that parallel proceedings will result in a duplicative and wasteful expenditure of scarce judicial resources.

10.     Recognizing the overlap and potential conflict with *Andryeveva*, the Plaintiffs here purport to exclude "any claims owing to Defendants' unlawful use of the '13-hour' rule for 24-hour live-in shifts."  Amended Compl. (Doc. No. 20) ¶ 126.   The Plaintiffs, however, overlook that *Andryeveva* is not limited to "unlawful use of the '13-hour' rule for 24-hour live-in shifts," but seeks broader relief for the class in that action.

11.     Under both the NYLL and the Fair Labor Standards Act ("FLSA"), overtime is owed on *all hours worked* in excess of 40 per workweek, regardless of whether the hours included 24-hour assignments, non-24-hour assignments, or a combinations of assignments.  Thus, it simply is not possible or consistent with either NYLL or the FLSA to exclude overtime related to 24-hour shifts when considering other overtime due.

12.     I have attempted repeatedly to engage Plaintiffs' counsel regarding these issues in the hope of avoiding motion practice.  Counsel, however, has refused to participate in any substantive discussions, insisting instead that the delineation between the claims in *Andryeyeva* and this matter should be obvious — even though it clearly is not.

February 22, 2022

      s/Peter C. Godfrey
Peter C. Godfrey
