UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
LOUIS FRANCK and LI ZHEN FENG :
Individually and on Behalf of All Others Similarly :
Situated, : 1:21-cv-4955-GHW
:
                              Plaintiffs, : ORDER ADOPTING REPORT &
: RECOMMENDATION
                     -against- :
:
NEW YORK HEALTH CARE INC., MURRY :
ENGLARD, and GLEN PERSAUD, :
:
                              Defendants. :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/2023

GREGORY H. WOODS, United States District Judge:

      Louis Franck really wanted to be the lead plaintiff in this putative class action on behalf of a group of home health workers; he also wanted cash in his pocket. So he devised a strategy that allowed him to achieve both goals. Defendant New York Health Care Inc. made him an offer of judgment for $50,000 that was to be in full satisfaction of Mr. Franck's claims against it. Before Mr. Franck accepted the offer, he tactically amended the complaint to add another named lead plaintiff, and to add claims against two new defendants who were not mentioned in the offer of judgment.

      On September 21, 2022, Judge James L Cott issued a Report and Recommendation (the "Report"), recommending that the Court dismiss Mr. Franck from the case entirely because he had accepted an offer of judgment. Plaintiffs object, contending that the offer of judgment represents a "gambit" by Defendants that should not deprive Mr. Franck of the opportunity to serve as a lead plaintiff. The Court agrees with Mr. Franck to a degree, because the text of the offer of judgment did not release Mr. Franck's claims against the two newly added defendants in the case. As a result,

the Court adopts the Report in part, and Defendants' motion to dismiss is granted in part and denied in part.

## I. BACKGROUND

### a. Procedural History

The Court refers the reader to the Report issued by Judge Cott. Dkt. No. 142. The Report contains a comprehensive description of the procedural history of the case and the facts alleged in the operative complaint. Nevertheless, the Court will briefly review the procedural history relevant to this motion.

Plaintiff Louis Franck filed this action on June 4, 2021. The sole defendant named in the initial complaint was New York Health Care, Inc. ("New York Health"). Dkt. No. 1 (the "Initial Complaint"). The Initial Complaint alleged that New York Health had violated the federal Fair Labor Standards Act (the "FLSA") as well as various provisions of the New York State Labor Law (the "NYLL"). Mr. Franck, a home care worker for New York Health, filed the case as a putative class and collective action against the company. He alleged that New York Health operated with a corporate policy deigned to reduce its labor costs. Initial Complaint ¶ 45. And as part of that policy, Mr. Franck alleged, New York Health engaged in a series of illegal practices that resulted in the underpayment of its employees.

As is its practice in FLSA cases, on August 10, 2021, the Court ordered the parties to mediate their dispute. Dkt. No. 15. The parties did not ultimately engage in mediation. New York Health answered the Initial Complaint on September 10, 2021. Dkt. No. 17.

Unbeknownst to the Court, on September 7, 2021, New York Health made an offer of judgment to Mr. Franck (the "Offer of Judgment"). Dkt. No. 122-1. The Offer of Judgment stated the following:

> Pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"), Defendant New York Health Care Inc. ("Defendant"), by its attorneys, Hodgson Russ LLP, hereby

>offers to allow judgment to be taken against it by Plaintiff Louis Franck ("Plaintiff" or "Named Plaintiff") in full satisfaction of all of his claims against Defendant in the sum of fifty thousand dollars ($50,000), plus reasonable attorneys' fees incurred to date.  This total shall be inclusive of all amounts potentially recoverable in this action, including without limitation, actual damages, liquidated damages, costs and expenses.

Offer of Judgment at 1.  The Court expects that Mr. Franck's counsel viewed the Offer of Judgment at the time that it was received in the way that they describe it now:  "The offer's purpose is manifest:  In the face of clear class-wide liability . . . NYH hoped to 'pick off' Plaintiff Franck and duck accountability."  Objection to Report and Recommendation, Dkt. No. 153 (the "Objections") at 4.  That is because Mr. Franck did not immediately accept the Offer of Judgment.  He took one important step first:  he filed an amended complaint.

On September 21, 2021, Mr. Franck filed an amended complaint (the "Amended Complaint").  Dkt. No. 20.  But he was no longer alone above the "v." in the caption of this case; he was joined by another plaintiff, Li Zhen Feng.  Like Mr. Franck, Ms. Feng was a home care worker for New York Health.  The Amended Complaint also added two new defendants:  Murry Englard and Glen Persaud (the "Individual Defendants").  Mr. Englard was the Chief Executive Officer of New York Health and Mr. Persaud was the company's director of human resources.  Amended Complaint at 14-15.  Like the Initial Complaint, the Amended Complaint was presented as a putative class and collective action, predicated on the defendants' asserted violations of the FLSA and the NYLL.  The Amended Complaint contained allegations regarding the work history of each of Mr. Franck and Ms. Feng, and contended that their claims were typical of the claims that were sought to be pursued on a class-wide basis.  *Id.* ¶ 129.  The Amended Complaint sought damages and injunctive relief on behalf of the named plaintiffs and the putative class.

The Amended Complaint was filed by Plaintiffs' counsel at 8:55 p.m. on September 21, 2021.  *See* Dkt. No. 20.  One minute after the Amended Complaint was filed, Plaintiffs' counsel sent counsel for New York Health an executed notice of acceptance of the Offer of Judgment.

3

Declaration of J. Burkett McInturff, Dkt. No. 154, Ex. C (email transmitting executed Offer of Judgment at 8:56 p.m. on September 21, 2021). The timing of the filing of the Amended Complaint and the acceptance of the Offer of Judgment seems to have been carefully choreographed.

Plaintiffs requested that the Court issue summonses for the Individual Defendants on the date of filing of the Amended Complaint—September 21, 2022. Dkt. Nos. 22-23. And on September 24, 2022, each of the Individual Defendants waived service; their waivers were filed on September 27, 2022. Dkt. Nos. 32, 33. Defendants answered the Amended Complaint on October 19, 2021. Dkt. No. 42.

The parties went about the work of litigating the case before Judge Cott, to whom the Court had referred the case. The parties actively litigated discovery-related issues and other matters—all without regard to Mr. Franck's acceptance of the Offer of Judgment. And on December 21, 2021, Plaintiffs filed a motion to certify a collective action with respect to the FLSA claims. Dkt. No. 61.

On March 3, 2022, Defendants filed the motion that is the subject of this decision. Dkt. No. 95 (notice of motion); Dkt. No. 96 (memorandum of law in support of motion) ("Def. Mot."). In their motion, Defendants argued that Mr. Franck should be dismissed from the action because he had accepted an offer of judgment just over five months earlier. One sentence of the motion cited a number of cases which describing the application of claim preclusion to offers of judgment. However, apart from the parenthetical descriptions of the cases listed in the string cite, Defendants presented no substantive argument or analysis as to why the doctrine of *res judicata* should apply with respect to the Offer of Judgment—much less why the Court should consider *res judicata*—an affirmative defense—in the context of their motion to dismiss. Def. Mot. at 2.[1]

---

[1] Def. Mot. at 2 ("And for the same reasons, he is also not similarly situated to, or typical of, other putative collective and class members and cannot maintain this lawsuit on their behalf either. *See H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 633 (7th Cir. 2020) (holding that Rule 68 judgment had preclusive effect and granting sanctions based on plaintiff's frivolous appeal of an order dismissing claims against corporate officer in light of plaintiff's acceptance of offer of judgment against corporate defendant); *Banks v. Int'l Union Electronic, Elec., Tech., Salaried and Mach. Workers*, 390

4

Defendants also moved to dismiss Plaintiffs' claims under 12(b)(6), arguing that their causes of action were inadequately pleaded. And, finally, Defendants argued that the Court should abstain from hearing claims by aides who worked "live-in" shifts on the basis of *Colorado River* abstention. The motion to dismiss was fully briefed on May 9, 2022. Dkt. No. 127.

Defendants' March 3, 2022 motion to dismiss was the first time that the Offer of Judgment was presented to the Court. It was only on March 14, 2022—after filing the motion to dismiss—that Defendants first attempted to file the Offer of Judgment for recognition by the Court. Dkt. Nos. 105-106. And then the filing was flagged as deficient by the Clerk of Court because Defendants were not permitted to file the offer. So Plaintiffs' counsel finally filed Mr. Franck's September 21, 2021 acceptance of the Offer of Judgment on May 5, 2022. Dkt. No. 123.[2] On the same day, Defendants filed a proposed judgment to be entered by the Court to reflect the offer. Dkt. No. 125. On May 10, 2022, the Court ordered the parties to send it a Word version of the proposed judgment no later than May 12, 2022. Dkt. No. 128. They did not do so. As a result, the Court did not enter the proposed judgment. On July 1, 2022, the Court reminded the parties of its May 12, 2022 order and directed the parties to submit the proposed order to the Court by July 7, 2022. Dkt. No. 132. They did not do so. So on August 11, 2022, the Court issued still another order directing the parties to submit the proposed order, this time, no later than August 12, 2022.

---

F.3d 1049, 1051 (8th Cir. 2004) (applying res judicata principles to Rule 68 judgment); *Silva v. City of New Bedford*, 660 F.3d 76, 78 (1st Cir. 2011) (undisputed that settlement prompted by Rule 68 offer constituted a final judgment against police officers with preclusive effect as to their municipal employer); *Myslow v. Avery*, No. 3:02-CV-1957, 2003 WL 23100332, at *3 (D. Conn. Dec. 30, 2003) (since the purpose of Rule 68 is to "encourage settlement and avoid litigation," the offer must encompass plaintiff's entire action to be valid.").

[2] Defendants describe the delay between acceptance and filing of the acceptance as "inexplicable." Response to Objections, Dkt. No. 155 (the "Response") at 4 ("Upon Franck's acceptance of the offer, there was nothing to prevent him from seeking immediate judgment so that he might be paid. . . . Plaintiffs' counsel, however, inexplicably waited over six months until May 5, 2022 to file the Notice of Acceptance of the Offer of Judgment. The Plaintiffs also only did so after the Defendants sought to file the Acceptance of Offer of Judgment and the Judgment themselves, at which point the Clerk's Office instructed them that Plaintiffs' counsel needed to file these documents. Even then, the Defendants had to follow up repeatedly with Plaintiffs' counsel over several weeks before they finally filed the Acceptance so that their client could recover the 'eye-popping' amount that he had accepted in full settlement of his claims.") (internal citation omitted).

5

Dkt. No. 133. The parties finally did so. And so, on August 15, 2022, the Court entered an order of judgment, ordering entry of judgment in favor of Mr. Franck in accordance with the terms of the Offer of Judgment. Dkt. No. 134.[3]

As a result of the delays, nearly a year had elapsed between Mr. Franck's acceptance of the Offer of Judgment and the order entering judgment in his favor in accordance with its terms. And the motion to dismiss filed by Defendants had been fully briefed for over three months.

### b. The Report

In the Report, Judge Cott thoughtfully addressed all of the issues raised by Defendants' motion to dismiss. The Report first took up Defendants' motion to dismiss Mr. Franck as a plaintiff in the case on the basis of his acceptance of the Rule 68 Offer of Judgment. Judge Cott recommended that Mr. Franck should be dismissed from the case entirely because he had accepted the offer. Judge Cott first evaluated Plaintiffs' argument that the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), required that Mr. Franck be permitted to remain in the case notwithstanding his acceptance of the Offer of Judgment. Judge Cott (in the Court's view, correctly) concluded that the case law cited by Plaintiffs to support the argument was inapposite. Report at 16 ("None of the cases on which they rely involves facts in which an offer of judgment was accepted by the plaintiff, as is the situation here. Instead, the cases to which Plaintiffs cite each involve unaccepted offers of judgment or no offers of judgment at all.").

The Report then evaluated Plaintiffs' second argument—that the Offer of Judgment did not afford Mr. Franck full relief. Judge Cott concluded that Plaintiffs' argument was refuted by the plain text of the Offer of Judgment, which stated that it was made "in full satisfaction of all claims against" New York Health. *Id.* at 19.

---

[3] The proposed order of judgment presented to the Court contains an error—it directs that judgment be entered against "New York Home Care, Inc.," rather than New York Health Care, Inc.

Judge Cott then turned to Plaintiffs' third argument: that the Offer of Judgment did not discharge Mr. Franck's claims against all of the Defendants. The argument by Plaintiffs relied on the text of the Offer of Judgment, which, as described above, was offered "in full satisfaction of all of his claims against Defendant"—where "Defendant" was expressly defined as New York Health alone. Plaintiff argued that he had amended the complaint before he accepted the Offer of Judgment, adding the two Individual Defendants to the case. Because the language of the Offer of Judgment did not discharge his claims against the Individual Defendants, Mr. Franck argued, his acceptance of the offer did not terminate all of his claims in the case: his claims against the Individual Defendants survived. *See* Report at 20 ("Plaintiffs contend that Franck's acceptance of the offer of judgment is not valid because 'the offer was from *only* NYHC—not Defendants Englard and Persaud—and did not require [him] to terminate claims against all Defendants.'").

The Report found this argument to have no merit because "when the offer of judgment was accepted, Englard and Persaud were not yet parties to the case and could not have been included as offerors of the judgment." Report at 20. The Report focused on whether the Individual Defendants could have made the Offer of Judgment. It concluded that they could not have made it because they were not properly served until September 24, 2021. Because they were not parties at the time of the Offer of Judgment, the Report reasoned, the Individual Defendants could not have made a valid Rule 68 offer of judgment.

With Mr. Franck's claims out of the case, the Report turned to an evaluation of the adequacy of the claims pleaded on Ms. Feng's behalf. The Report concluded that a number of her claims fell outside of the statute of limitations, and that, as a result, she had not plausibly pleaded an FLSA claim. Report at 21-31. The Court also concluded that Ms. Feng's claim for "gap-time" was not recoverable under the FLSA. *Id.* at 31-33.

7

Having disposed of the claims of both Mr. Franck and Ms. Feng—the only identified lead plaintiffs—the Report recommended that the action be dismissed. Report at 35 ("Because this case cannot proceed without a named Plaintiff, any remaining claims based on current or prospective opt-ins, or future class members, are not sufficient to sustain the action in its current posture."). And because the Report recommended dismissal of all of the federal causes of action, it recommended that the state law claims be dismissed without prejudice for two reasons. First, the Report concluded that the Class Action Fairness Act ("CAFA") did not apply in this case, despite Plaintiffs' invocation of it as a basis for the Court's subject matter jurisdiction. Report at 36-39. And second, lacking CAFA jurisdiction and any well-pleaded federal cause of action, the Report recommended that the Court decline supplemental jurisdiction over the remaining state law claims. *Id.* at 35.

### c. The Objections

Plaintiffs filed timely objections to the Report on November 2, 2022 (the "Objections"). Dkt. No. 153. Plaintiffs object to only one aspect of the Report's recommendations—that Mr. Franck's claims be dismissed as a result of his acceptance of the Offer of Judgment. Plaintiffs present the objection as raising a "straightforward, yet critical, question regarding how class and collective action cases are litigated and adjudicated: Should class action defendants be allowed to use wildly inflated Federal Rule of Civil Procedure 68 offers of judgment to moot class plaintiffs' individual claims—a so-called 'pick off'—and thereby opt out of both Rule 23 and the Fair Labor Standards Act before the court determines whether a class or collective action is appropriate?" Objections at 1. Plaintiffs argue that the answer that question should be "no" for a number of reasons.

First, Plaintiff's argue that the Supreme Court's decision in *Campbell-Ewald* should be read to prohibit an accepted offer of judgment from mooting a pending class action claim. Objections at 1

8

("The Supreme Court has made clear that an unaccepted Rule 68 offer does not moot a pending class claim before the plaintiff has been given a fair opportunity to achieve certification. In the wake of *Campbell-Ewald*, the clear weight of authority likewise holds that actual payment of full relief or acceptance of a Rule 68 offer does not moot a plaintiff's case prior to the class assessment.") (internal citation omitted).

Second, Plaintiffs argue that the Report erred because it "failed to account for Mr. Franck's claims against individual defendants Englard and Persaud—claims brought *before* he accepted NYHC's offer of judgment." Objections at 17. And third, they argue that the scope of the release afforded by the Offer of Judgment did not provide him relief with respect to his claims for injunctive relief, and his right to pursue remedies on behalf of the class and collective. *Id.* at 18.

Defendants filed a response to the Objections on November 18, 2022 (the "Response"). Dkt. No. 155. The Response takes on all of the arguments presented in the Objections. Because most of those arguments were presented clearly in the briefing of the initial motion to dismiss, the Response largely repeated arguments that had been previously presented to the Court.

In response to Plaintiffs' sharpened arguments that the Offer of Judgment did not include claims against the Individual Defendants because Mr. Franck had accepted the offer after they were joined to the action, Defendants made a categorical statement regarding the preclusive effect of the Offer of Judgment. Defendants contended that even if the text of the Offer of Judgment did not include claims against the Individual Defendants, "Franck would still be precluded from continuing the same claims against the individual Defendants under the principles of preclusion." Response at 11. That single sentence was followed by a longer string cite of case citations than was presented in their motion, but Defendants again presented no analysis of the applicability of the doctrine on the facts of this case.

9

## II.    LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).  "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

## III.    DISCUSSION

### a.  The Report's Recommendations

Plaintiffs have only objected with specificity to the Report's recommendations regarding the dismissal of Mr. Franck from the lawsuit, as outlined above.  Among the aspects of the Report that are not subject to a specific objection are its conclusion that many of Ms. Feng's claims are either time-barred or inadequately pleaded.  Plaintiffs have also not objected to the Report's conclusions regarding the Court's lack of jurisdiction over their state law claims under CAFA.  The Court has

10

reviewed all of the components of the Report that are not the subject of valid objections for clear error and finds none.

The Report's conclusion that an *accepted* offer of judgment fully resolves a lead plaintiff's class claims is sound. *Campbell-Ewald* rejected the "gambit" of offering judgment to a putative class representative in order to moot the class claims. But importantly, *Campbell-Ewald* addressed the effect of an *unaccepted* offer of judgment. The Supreme Court ruled that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case . . . ." *Campbell-Ewald*, 577 U.S. at 165. In ruling on the question presented, the Court reserved judgment on "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount"—a question not presented in the case. *Id.* at 166.

Addressing the hypothetical left unresolved in *Campbell-Ewald*, several courts have found that a defendant's tender of payment coupled with an offer of judgment also does not moot the plaintiff's claims. *See, e.g.*, *Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, No. 13-CV-4577 (KMK), 2021 WL 323262, at *8–9 (S.D.N.Y. Feb. 1, 2021), aff'd, No. 21-399-CV, 2022 WL 16543814 (2d Cir. Oct. 31, 2022).

The Report properly concluded that the situation raised here is profoundly unlike the cases cited by Plaintiff.[4] That's for the basic reason that this case involves an *accepted* offer of judgment. A

---

[4] None of the cases cited by Plaintiffs in support of their argument involve a situation where, as here, a plaintiff accepted an offer of judgment. Plaintiffs cite to one district court case for the proposition that an accepted offer of judgment does not automatically moot the class action. *See* Objections at 8 (quoting *Shaw v. Jones*, No. 19 Civ. 1343 (KHV), 2020 WL 2296743, at *2 (D. Kan. May 7, 2020) for the following proposition: "Many courts, including the Tenth Circuit, have held that so long as the named plaintiff continues to diligently pursue class certification, a Rule 68 acceptance of full recovery does not automatically moot the class action."). But respectfully, the quoted sentence in *Shaw* does not accurately reflect the holding of the 10th Circuit that it claims as authority. The 10th Circuit's decision involved an *unaccepted* offer of judgment. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1250 (10th Cir. 2011) ("In sum, we hold that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an *unaccepted* offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion.") (emphasis added).

11

theme that runs through *Campbell-Ewald*, and the other cases cited by Plaintiffs in support of their argument is the concept that a plaintiff should be in the "driver's seat" when it comes to the resolution of her claims. *See Campbell-Ewald*, 577 U.S. at 165 ("The dissent's approach would place the defendant in the driver's seat."). Permitting a defendant to moot a plaintiff's claims unilaterally by offering judgment or by tendering money without the consent raises problems: the plaintiff can no longer control the resolution of her claims; she is no longer in the driver's seat. That is not the case here: Mr. Franck was in the driver's seat. He chose to accept the Offer of Judgment. The Report properly concluded that *Campbell-Ewald* does not apply to an accepted offer of judgment and that an effective offer could moot Mr. Franck's class claims. The Court adopts that part of the Report and its conclusions.

The Court expects that it is likely that Plaintiffs' counsel was well aware that this argument rested on shaky ground. That is because Mr. Franck implemented several tactical steps before accepting the Offer of Judgment. As described above, one minute before accepting the Offer of Judgment, Mr. Franck filed the Amended Complaint, which added a new proposed lead plaintiff to the case (lest Mr. Franck's capacity to serve as lead plaintiff be undermined by his anticipated acceptance of the Offer of Judgment). And, importantly here, Mr. Franck added claims against two new defendants. So in the metaphysics of the law, Mr. Franck had claims against the Individual Defendants before he accepted the Offer of Judgment; his claims against them existed before they were served and joined as parties to the case. That positioned Mr. Franck to make the argument that he is making here—that his acceptance of the Offer of Judgment releasing his claims against New York Health did not by its terms release his new claims against the Individual Defendants.[5]

---

[5] Such maneuvers would not have been necessary had *Campbell-Ewald* and its progeny clearly addressed this factual scenario, as Plaintiffs contend here.

12

So if Defendants arguably engaged in a gambit in this case by proffering the Offer of Judgment, Mr. Franck certainly engaged in a gambit in his maneuvers prior to responding to it. Mr. Franck's gambit was that by amending the complaint to add defendants before accepting the Offer of Judgment, he could preserve his claims. The stratagem turned on a close reading of the language of the Offer of Judgment at issue in this case. As described below, the Court believes that Plaintiffs' gambit worked (to a degree, up to this point in the case).

The Court also agrees with the Report's conclusion that the text of the Offer of Judgment released all of Mr. Franck's claims against New York Health, including any claims for injunctive relief or any rights that he might have to pursue class or collective-wide relief—not only his claim for damages. That is because, as the Report concluded, "by its own terms, the judgment was offered and accepted 'in full satisfaction of all claims against NYHC.' Such language is not ambiguous, and no indication exists that it applies only to damages." Report at 20 (internal citation omitted).

However, the Court does not agree with the Report's conclusion that the Offer of Judgment applied to the Individual Defendants because they were not parties to the case at the time that it was offered. The Report reasoned that because the Individual Defendants were not parties to the action at the time that the Offer of Judgment was accepted, they could not participate in *making* the offer of judgment. Report at 20 ("when the offer of judgment was accepted, Englard and Persaud were not yet parties to the case and could not have been included as offerors of the judgment"). The Court agrees that the Individual Defendants could not have made the offerors of the judgment at the time that it was offered. But that is a different question from whether the Offer of Judgment released all of Mr. Franck's claims against them, which the Court believes turns on the language of the Offer of Judgment, rather than whether the Individual Defendants were in the position to participate in its making.

13

At the time that Mr. Franck accepted the Offer of Judgment, he had outstanding claims against New York Health and each of the Individual Defendants. "Offers of judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles." *Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268, 272 (2d Cir. 1992). Ordinary contract principles look first to the text. The language of the Offer of Judgment clearly provided that it resolved only his claims against New York Health.

> Pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"), Defendant New York Health Care Inc. ("Defendant"), by its attorneys, Hodgson Russ LLP, hereby offers to allow judgment to be taken against it by Plaintiff Louis Franck ("Plaintiff" or "Named Plaintiff") in full satisfaction of all of his claims *against Defendant* in the sum of fifty thousand dollars ($50,000), plus reasonable attorneys' fees incurred to date.

Offer of Judgment (emphasis added). By its terms, the offer was not made in full satisfaction of Mr. Franck's claims against the Individual Defendants.

The remaining language of the Offer of Judgment cannot be read to extend the scope of the released claims to Mr. Franck's claims against the Individual Defendants. The Offer of Judgment goes on to state the following: "This *total* shall be inclusive of all amounts potentially recoverable in this action, including without limitation, actual damages, liquidated damages, costs and expenses." *Id.* (emphasis added). The critical word here is "total": this word, which is the subject of this sentence, plainly refers to the sum amount of $50,000, plus attorney's fees referenced in the preceding sentence. It does not refer to the scope of Mr. Franck's release of claims, which are defined by the preceding sentence.[6] The plain text of the Offer of Judgment provides only for the

---

[6] Compare the meaning of the sentence if it had been worded as follows: "The claims released upon payment of this total amount shall be inclusive of all amounts potentially recoverable in this action, including without limitation, actual damages . . . ." In that event, the reference to "all amounts potentially recoverable in this action" could be read as a release by Mr. Franck of claims that he might potentially have asserted against third parties, such as the Individual Defendants. As drafted, however, the phrase refers only to the sum to be paid in satisfaction of Mr. Franck's claims against New York Health.

14

satisfaction of Mr. Franck's claims against New York Health, not other people or entities, including affiliates of New York Health like the Individual Defendants.

Because the text of the Offer of Judgment does not by its terms apply to the Individual Defendants, the Court does not adopt the Report's recommendation that Mr. Franck be dismissed from the case at this time. At this point, his claims against the Individual Defendants survive, but he may no longer pursue any claims against New York Health in any capacity for any type of relief.

The Court has not evaluated Defendants' suggestion that the judgment against New York Health entered as a result of the Offer of Judgment has preclusive effect with respect to his claims against the Individual Defendants. There is certainly an argument that it does, but Defendants have not effectively presented it in their motion to dismiss.[7] Out the outset, "*res judicata* is an affirmative defense that should be raised in the defendant's answer . . . ." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also* Fed. R. Civ. P. 8(c)(1).[8]

The Court recognizes that "[a] court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498–99 (2d Cir. 2014).[9] But the Court is not equipped to do so here. As described above, Defendants' briefing regarding the preclusive effect of the judgment resulting from

---

[7] Because Defendants' motion did not contain a line of text supporting an argument regarding the applicability of claim preclusion, other than a string citation with references to cases involving preclusion and *res judicata*, it would be fair to describe the argument as having been first raised in Defendants' Response. "In considering objections to a report and recommendation, the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" *Fossil Grp., Inc. v. Angel Seller LLC*, No. 20CV02441HGTAM, 2022 WL 4131963, at *2 (E.D.N.Y. Sept. 12, 2022) (quoting *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

[8] Defendants' answer does not use the invoke *res judicata* or collateral estoppel, but the Court assumes without holding for this purpose that their thirtieth defense ("Acceptance of Offer of Judgment") is intended to invoke the doctrine. Dkt. No. 42 at 31-32.

[9] *See also Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) ("Generally res judicata is an affirmative defense to be pleaded in the defendant's answer. See Fed. R. Civ. P. 8(c). However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer.").

the Offer of Judgment on Mr. Franck's claims against the Individual Defendants is generously described as thin: their most robust argument is the one conclusory sentence quoted above declaring that those claims are precluded, supported by a string cite, with no supporting analysis. Response at 11.  And Defendants' invocation of the issue in their motion to dismiss consists solely of an orphan string citation to cases with parenthetical descriptions that reference preclusion and *res judicata*–unanchored to any argument regarding the applicability of the doctrine on the facts of this case.  Def. Mot. at 2.

The Court declines to consider whether the judgment entered against New York Health has preclusive effect on Mr. Franck's claims against the Individual Defendants on the basis of the scant briefing presented by Defendants.  "To prove the affirmative defense [of *res judicata*] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).  Defendants' motion addresses none of these considerations.[10] Because it is Defendants' burden to demonstrate the applicability of their affirmative defense and their briefing on this issue is inadequate, the Court does not take up the defense at this time.

### b. *Colorado River* Abstention

*Colorado River* abstention is not warranted here.  Because the Report recommended the dismissal of all of Plaintiffs' FLSA claims in this case, it did not reach Defendants' argument that the Court should abstain from exercising jurisdiction in this case.  Defendants argue that the Court should abstain from exercising jurisdiction in this matter as a result of the pending action in *Andryeyeva v. New York Health Care, Inc.*  That case is being litigated in New York Supreme Court,

---

[10] Judge Weinstein wrote thoughtfully about the sometimes-nuanced application of *res judicata* in the context of a Rule 68 offer of judgment in *Garcia v. Scoppetta*, 289 F. Supp. 2d 343, 349–51 (E.D.N.Y. 2003).

16

Kings County, under Index No. 14309/2011. Dkt. No. 97. The case has been pending since 2011. *Id.* ¶ 4. The *Andryeyeva* case involves only claims brought under the NYLL. *Id.* The New York State Supreme Court has certified a class under Article 9 of the N.Y. C.P.L.R. *Id.* ¶ 5. Plaintiff contends that the proposed class in this matter specifically excludes the claims at issue in *Andryeyeva*, which involves "'live-in' aides who were paid for only 13-hours of their 24-hour shifts." Dkt. No. 114 at 14. They also assert that there is "very little overlap between the individual Class Members in the two cases . . . roughly 80% of the proposed Class here are **not** members of the *Andryeyeva* class." *Id.* at 18 (emphasis in original).

Federal courts "have a virtually unflagging obligation to exercise their jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River*, 424 U.S. at 817). Thus, abstention "is the exception, not the rule." *Id.* (quoting *Colorado River*, 424 U.S. at 813–14). Still, in cases where "parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources," federal courts may abstain from exercising their jurisdiction. *Id.*

"An analysis of whether a court should abstain under *Colorado River* begins with" the threshold "determination of whether the concurrent federal and state proceedings are 'parallel' in nature." *Fernandez v. City of New York*, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017). Even where federal and state proceedings are parallel, however, *Colorado River* abstention is nonetheless warranted only in "exceptional circumstances." *Colorado River*, 424 U.S. at 813. "The mere fact of concurrent state and federal proceedings 'does not, without more, warrant staying exercise of federal jurisdiction.'" *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 602 (2d Cir. 1988) (quoting *Colorado River*, 424 U.S. at 816).

In evaluating whether *Colorado River* abstention is appropriate, federal district courts are to consider six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). These six factors are:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction, (2) whether the federal forum is less inconvenient than the other for the parties, (3) whether staying or dismissing the federal action will avoid piecemeal litigation, (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other, (5) whether federal law provides the rule of decision, and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (quoting *Colorado River*, 424 U.S. at 818–19). "Where a *Colorado River* factor is facially neutral, that 'is a basis for retaining jurisdiction, not for yielding it.'" *Niagara Mohawk Power Corp.*, 673 F.3d at 101 (quoting *Woodford*, 239 F.3d at 522).

Abstention is not warranted in this case because the state and federal proceedings are not parallel. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum," *Niagara Mohawk Power Corp.*, 673 F.3d at 100 (quotation omitted), or when "the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same," *National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997). "Perfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Shields v. Murdoch,* 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (emphasis in original) (quotation omitted).

The state and federal actions at issue here are not parallel. The state and federal actions may share some factual underpinnings, but the parties and claims are not identical. This federal action

raises claims under the FLSA which are not at issue in the state action. Moreover, Plaintiffs have taken pain to carve out from the class definition here the category of claims that are at issue in the state action. They assert that 80% of the class members would be different in this case than the class in *Andryeyeva*.

Moreover, an evaluation of the *Colorado River* six-factor test does not weigh in favor of abstention. The first two factors weigh against abstention, as there is no *res* over which one of the courts has assumed jurisdiction, and the federal court is just as convenient as the state court. *See Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) ("We have held that the absence of a res point[s] toward exercise of federal jurisdiction.") (quotation omitted); *id.* (where "the federal court is just as convenient as the state court, that factor favors retention of the case in federal court."). The third factor also weighs against abstention. Because of Plaintiffs' proposed exclusion of the *Andryeyeva* claims from this case, deferring resolution of their claims here will not avoid piecemeal litigation.

The fourth factor weighs in favor of abstention, given that the *Andryeyeva* action was filed approximately 10 years before this case. But the fifth factor weighs heavily against abstention because federal law provides the rule of decision with respect to the FLSA claims at issue here. And, finally, because the plaintiffs in *Andryeyeva* case are not pursuing federal law causes of action, that case does not adequately protect Plaintiffs' federal rights. In sum, all of the factors in the *Colorado River* test either weigh against abstention or are neutral (thus weighing against abstention). Therefore, Defendants' application for the Court to abstain from exercising jurisdiction in this case is denied.

## IV. CONCLUSION

For the reasons described above, the Court adopts the Report in part and grants Defendants' motion for judgment on the pleadings in part and denies it in part. Mr. Franck is not dismissed

from the case at this time because the text of the Offer of Judgment does not encompass a release of his claims against the Individual Defendants.  Mr. Franck's claims against New York Health were resolved as a result of his acceptance of the Offer of Judgment.  Ms. Feng's FLSA claims that accrued prior to September 21, 2018 are dismissed with prejudice.  The remainder of her FLSA claims are dismissed without prejudice.  Plaintiffs are granted leave to amend the complaint to address the deficiencies identified in the Report.  Any amended complaint must be filed no later than March 27, 2023.  Defendants' request that the Court abstain from exercising jurisdiction under the *Colorado River* doctrine is denied.

    The Clerk of Court is directed to terminate the motion pending at Dkt. No. 95.

    SO ORDERED.

Dated:  March 11, 2023  
New York, New York

                                                      GREGORY H. WOODS  
                                                   United States District Judge