# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LOUIS FRANCK, LI ZHEN FENG, YERALDIN REYES, CHARISMA BARBER, CASSONDRA FLOYD, and ELIZABETH GUERRERO,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>     v.<br><br>NEW YORK HEALTH CARE INC., MURRY ENGLARD, and GLEN PERSAUD<br><br>         Defendants. | Case No. 21 Civ. 04955 (GHW) (JLC) |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the Class Members they seek to represent (as hereinafter defined) and Defendants (as hereinafter defined) (together, "the Parties").

### RECITALS

WHEREAS, the Parties have agreed to the settlement of all claims encompassed by Plaintiffs' Second Amended Class and Collective Action Complaint, ECF No. 166 (the "Complaint");

WHEREAS, the purpose of this Agreement is to settle fully and finally all claims between Plaintiffs and Defendants and any claims as amongst the Parties;

WHEREAS, the Parties to this Agreement, after having (i) litigated Plaintiffs' claims for over two years; (ii) engaged in substantial discovery, including written discovery, third-party discovery, the production and analysis of over a hundred thousand payroll, time and other electronic records and documents, numerous interviews with Plaintiffs, Class Members, and potential witnesses, and a deposition of one of Defendants' employees; (iii) prepared, in connection with the mediation described below, comprehensive reports on liability and damages; (iv) conducted extensive motion practice, including multiple court hearings and two rounds of conditional certification and dismissal briefing, as well as numerous discovery disputes; (v) undertaken preparations for proceedings on class certification, summary judgment, and trial; and (vii) engaged in an arms-length mediation with the assistance of a noted third-party mediator, have

now reached an agreement providing for a resolution of the Parties' claims;

WHEREAS, the Class and Collective Action Complaint was filed on June 4, 2021;

WHEREAS, discovery commenced in August 2021 and between the winter of 2021 and the spring of 2022, the Parties took collective action discovery and briefed Plaintiffs' FLSA conditional certification motion and Defendants' first motion for judgment on the pleadings;

WHEREAS, full class and merits discovery began in the winter of 2021 and continued through the summer of 2022, with Plaintiffs pursuing both direct and third-party discovery, including five sets of written discovery requests, a deposition, and the Parties' negotiation of a protective order, discovery plan, ESI protocol, search terms protocol, and briefing of multiple discovery disputes;

WHEREAS, on September 21, 2022, United States Magistrate Judge James L. Cott issued a Report & Recommendation recommending that Defendants' motion for judgement on the pleadings be granted;

WHEREAS, discovery was then briefly stayed until February 17, 2023 and Plaintiffs objected to the Report & Recommendation in limited part;

WHEREAS, Plaintiffs' objection in limited part to the to the Report & Recommendation was sustained but the Report and Recommendation was otherwise adopted by United States District Judge Gregory H. Woods on March 11, 2023 and Plaintiffs filed their Second Amended Class Action Complaint on March 17, 2023;

WHEREAS, during the spring and summer of 2023, the Parties continued discovery including additional motion practice, and briefed Plaintiffs' renewed FLSA conditional certification motion and Defendants' second motion to dismiss;

WHEREAS, in the fall of 2023, the Parties agreed to participate in a private mediation to explore the possibility of a voluntary resolution of the claims asserted in the Litigation (as hereinafter defined);

WHEREAS, in preparation for mediation, the Parties engaged in extensive pre-mediation damages analysis, including, but not limited to, preparing numerous comprehensive reports on liability and damages issues including analyzing, with the assistance of technical and subject matter experts, more than 140,000 time and payroll records of the approximately 5,000 Class Members over an eight-year period;

WHEREAS, on November 8, 2023, the Parties participated in a mediation led by Martin F. Scheinman, Esq., a mediator with substantial experience in home care wage and hour class and collective action litigation. With Mr. Scheinman's assistance, the parties negotiated the terms of a memorandum of understanding and at the conclusion of the mediation session, the parties were able to reach agreement on almost all material settlement terms;

WHEREAS, following subsequent negotiations of remaining key settlement terms, on November 10, 2023, the parties executed a comprehensive memorandum of understanding setting

2

forth the material settlement terms;

WHEREAS, on November 13, 2023 the Court entered a 60-day stay of all deadlines pending the Parties' finalization of this Agreement and preparation for the submission of a request for preliminary class action settlement approval and notice to Class Members;

WHEREAS, Defendants deny that they violate or have violated any statute, law, regulation or rule of law, or are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any fault, wrongdoing, liability, or damages, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Class Counsel (as hereinafter defined) has thoroughly analyzed and evaluated the merits of the claims made against Defendants in the Litigation, obtained and reviewed documents relating to Defendants' compensation policies, and analyzed voluminous payroll data, and based on their analysis and evaluation of multiple factors, recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in no recovery or a recovery that is less favorable to Class Members, and that any recovery would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement represents a strong result for the Class and is in the best interests of Class Members;

WHEREAS, the Parties understand, acknowledge, and agree that this Agreement constitutes the compromise of disputed claims and that it is their mutual desire and intention that Plaintiffs' and Class Members' claims be settled and dismissed, on the merits and with prejudice, subject to and according to the terms and conditions contained in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1    **Agreement**. "Agreement" shall mean this Class Action Settlement Agreement.

1.2    **Bar Date.** "Bar Date" means the date by which any Class Member must opt-out from the settlement, or object to the settlement. The Bar Date shall be sixty (60) days after the initial mailing of the Notice by the Settlement Administrator. The Bar Date shall be clearly set forth in the Notice.

1.3    **Class Counsel.** "Class Counsel" shall mean J. Burkett McInturff and Ethan D. Roman of Wittels McInturff Palikovic and Andrey Belenky of Kheyfits Belenky LLP.

1.4    **Class Members.** "Class Members" shall mean all FLSA Collective Members and all Rule 23 Class Members, as defined below.

**1.5**     **Court.** "Court" shall mean the United States District Court for the Southern District of New York.

**1.6**     **Covered Period.** "Covered Period" shall mean the period from June 4, 2015 through November 8, 2023.

**1.7**     **Defendants.** "Defendants" shall mean New York Health Care Inc. ("NYHC"), Murry Englard, and Glen Persaud.

**1.8**     **Defendants' Counsel.** "Defendants' Counsel" shall mean Peter C. Godfrey and Joshua I. Feinstein of Hodgson Russ LLP.

**1.9**     **Effective Date.** The "Effective Date" is the date on which this Agreement becomes effective, which shall mean thirty-one (31) days following the Court's Order Granting Final Approval of the settlement if no appeal is taken, or if an appeal is taken from the Court's Order Granting Final Approval of the settlement, ten (10) days following the date on which the Court enters a Final Order and Judgment after any appeals have been fully resolved sustaining Court's Order Granting Final Approval of the settlement with no further appeal possible, whichever is later.

**1.10**    **Employment Taxes.** "Employment Taxes" shall mean all taxes and withholdings New York Healthcare, Inc. is required to pay in connection with the payments made to Class Members pursuant to this Agreement, including the employer's share of taxes including FICA, FUTA, and SUTA.

**1.11**    **Escrow Account.** "Escrow Account" shall mean the qualified settlement fund established by the Settlement Administrator and the resulting interest-bearing accounts(s) controlled by the Settlement Administrator.

**1.12**    **Fairness Hearing.** "Fairness Hearing" shall mean the hearing on the motion for judgment and final approval.

**1.13**    **Final Order and Judgment.** "Final Order and Judgment" shall mean the final order and judgment issued by the Court as further set forth in Section 3.10.

**1.14**    **FLSA Collective; FLSA Collective Members.** "FLSA Collective" shall mean all persons employed by NYHC as home care workers any time between June 4, 2018 through November 8, 2023. "FLSA Collective Members" are individual members of the FLSA Collective.

**1.15**    **Individual Settlement Amount.** "Individual Settlement Amount" shall mean the amount payable to each Class Member pursuant to Section 4.2 of this Agreement.

**1.16**    **Litigation.** "Litigation" shall mean the claims represented in the Complaint alleging violations of the FLSA, New York Labor Law (NYLL), wage and hour laws of New York, and Public Health Law § 3614-c (commonly known as the "Wage Parity Law") as well as unjust enrichment claims and any other claims based on the facts set forth in the Complaint,

in law or equity, and captioned *Franck et al. v. New York Health Care Inc. et al.*, No. 21-cv-04955-GHW-JLC (S.D.N.Y.).

**1.17**  **Net Settlement Fund**.  "Net Settlement Fund" shall mean the remainder of the Settlement Fund after deductions for settlement administration fees and costs as described in Sections 3.12 and 4.1(A), Court-approved service awards to Plaintiffs as described in Section 4.8, Court-approved attorneys' fees and costs as described in Section 4.7, and the Reserve Fund as described in Section 1.24.

**1.18**  **Notice.**  "Notice" shall mean the notices of settlement of the class/collective action lawsuit and fairness hearing negotiated by the Parties and approved by the Court.

**1.19**  **Order Granting Final Approval.**  "Order Granting Final Approval" shall mean the final Order entered by the Court after the Fairness Hearing, consistent with this Agreement.

**1.20**  **Order Granting Preliminary Approval.**  "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to Class Members, and the time period for opt-outs and objections, consistent with this Agreement.

**1.21**  **Parties.**  "Parties" shall mean Plaintiffs and Defendants.

**1.22**  **Plaintiffs.**  "Plaintiffs" shall refer to Plaintiffs Li Zhen Feng, Yeraldin Reyes, Charisma Barber, Cassondra Floyd, and Elizabeth Guerrero and opt-in Plaintiffs Tashonda Blankumsee and Dominique Reyes, and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, and assigns of such individuals, as applicable and without limitation.

**1.23**  **Releasees.**  "Releasees" shall mean Defendants, as defined herein, and any related present and former parent companies, subsidiaries, related and affiliated companies, and their respective owners, shareholders, officers, directors, employees, members, managers, consultants, insurers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them.

**1.24**  **Reserve Fund**.  "Reserve Fund" shall mean the $75,000 reserved from the Settlement Fund to address errors and omissions in the settlement administration process, including but not limited to (a) claims from individuals claiming to be Class Members but not identified as such by Defendants, (b) Class Members who correctly challenge their share of the Settlement Fund, and (c) unanticipated additional administration expenses.  The Reserve Fund shall be deposited in an interest-bearing account and shall remain open through the 18-month anniversary date of the Effective Date.

**1.25**  **Rule 23 Class; Rule 23 Class Members.**  "Rule 23 Class" shall mean all persons employed by NYHC as home care workers any time between June 4, 2015 through November 8, 2023.  Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or

who at any time during the Covered Period has had, a controlling interest in NYHC; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family. Also excluded from the Rule 23 Class are any persons that validly exercise their right to be excluded from the Rule 23 Class. "Rule 23 Class Members" are individual members of the Rule 23 Class. Defendants hereby certify that Defendants' books and records reflect that there are 5,157 Rule 23 Class Members and that this number represents the most current and up to date information that Defendants have for Class Members.

1.26    **Settlement Administrator.** "Settlement Administrator" shall mean Arden Claims Service (or such other settlement administrator as acceptable to the Parties), which is the entity selected by the Parties to provide notice to the Class and administer payment to Class Members. Defendants shall contract with the Settlement Administrator.

1.27    **Settlement Fund.** "Settlement Fund" shall mean the cash fund of Three Million, Five Hundred Thousand Dollars and No Cents ($3,500,000.00) (the "Maximum Settlement amount") to be deposited by Defendants into the Escrow Account. The Settlement Fund includes all interest and income that shall accrue on the sums deposited in the Escrow Account. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.   The Settlement Fund shall be used to make all payments due under this Agreement, including the Settlement Administrator's fee, all Service Awards and Class Counsel Attorneys' Fees and Costs awarded by the Court, as well as applicable Employment Taxes, including but not limited to FICA tax obligations. All amounts allocated to Class Members shall be on a non-reversionary basis, and the extent not ultimately paid to Class Members escheat to the state of New York as set forth in Section 4.4(C). Under no circumstances will Defendants pay more than the Maximum Settlement amount.

## 2.    JOINT STIPULATION TO CERTIFICATION OF SETTLEMENT CLASS AND COLLECTIVE

2.1    The Parties stipulate that the applicable requirements are satisfied and that the Rule 23 Class may be certified as a class action pursuant to Federal Rule of Civil Procedure 23 and the FLSA Collective may be certified as a collective action pursuant to 29 U.S.C. § 216(b), subject to Court approval for settlement purposes only in accordance with the terms of this Agreement and without prejudice to Defendants' right to contest class or collective certification in the event that this Agreement fails to become effective. If the Effective Date does not occur, Defendants reserve all rights to object to any subsequent motion to certify a class or collective in this Litigation, and no representation or concession made in connection with the settlement or this Agreement shall be considered law of the case or an admission by Defendants or to have any kind of preclusive effect against Defendants or to give rise to any form of estoppel or waiver by Defendants in this Litigation.

2.2    The Parties agree, subject to Court approval, that Class Counsel shall be appointed counsel for the Rule 23 Class and FLSA Collective, for settlement purposes only in accordance with the terms of this Agreement and without prejudice to Defendants' right to contest the appointment in the event that this Agreement fails to become effective.

## 3.    SETTLMENT APPROVAL AND CLASS NOTICE

**3.1    Settlement Administrator's Responsibilities.** The Settlement Administrator shall be responsible for the following duties:

(A)    Creating and maintaining a database of names, addresses, and other contact and identifying information of Class Members in accordance with information provided by Defendants in a usable electronic format.  This shall be accomplished before mailing the Notice.

(B)    Establishing a toll-free telephone number that Class Members can call to request an additional copy of the Notice be sent to them by mail or email and obtain additional information regarding the settlement.  This shall be accomplished before mailing the Notice.

(C)    Printing and mailing the Notice to Class Members.

(D)    Compiling address information for re-sending any Notices returned as undeliverable.

(E)    Processing valid and timely requests to opt-out of the settlement or objections to the settlement.

(F)    Calculating Class Members' share of installments from the Net Settlement Fund (pursuant to the formula outlined in Section 4.2).

(G)    Monitoring and responding to inquiries from Class Members in a timely fashion.

(H)    Preparing declaration(s) attesting to compliance with the notice plan and notice requirements in this Agreement, and providing such declaration(s) to Class Counsel and Defendants' Counsel.

(I)    Accurately following the terms and procedures outlined this Agreement.

(J)    Seeking further clarification or authorization from Class Counsel and Defendants' Counsel when necessary for performance of its duties and the expenditure of cash from the Escrow Account.

(K)    Cutting and mailing checks to Class Members as provided herein.

(L)    Issuing additional sums to Class Members from the Reserve Fund to correct errors and omissions in the settlement process, as the Settlement Administrator deems appropriate.

(M)    Otherwise assisting with implementation and administration of the terms of the Agreement.

(N)     Any material deviation from the notice plan described in this Agreement must be approved in writing by the Parties and the Court.

3.2     **Cooperation with the Settlement Administrator.** The Parties agree to cooperate with the Settlement Administrator in good faith and assist it in administering the settlement described herein as approved by the Court.

3.3     **Preliminary Approval by the Court.** After this Agreement is executed, on or before February 23, 2024, unless otherwise agreed, Plaintiffs anticipate submitting to the Court a motion for preliminary approval of the settlement ("Preliminary Approval Motion") consistent with this Agreement. In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a Final Order and Judgment that will, among other things: (a) approve the settlement as fair, adequate and reasonable; (b) incorporate the terms of the Release, as described herein; (c) authorize the payments to Class Members; (d) award service awards to Plaintiffs; (e) award Class Counsel attorneys' fees and costs; and (f) dismiss the Litigation with prejudice.

3.4     **The Preliminary Approval Motion.** In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things: (a) a proposed notice of settlement of the class/collective action lawsuit and fairness hearing, and (b) a proposed Order Granting Preliminary Approval. Plaintiffs will provide Defendants the opportunity to review items (a) and (b) above prior to their submission and should the Parties disagree on content, after good faith efforts at resolution, any remaining issues will be promptly addressed to Martin F. Scheinman. The Parties will work together diligently and in good faith to obtain preliminary and final approval expeditiously. The Preliminary Approval Motion will seek the setting of dates for Rule 23 Class Members to opt-out, objections, and the Fairness Hearing. Defendants will not oppose the Preliminary Approval Motion unless it is inconsistent with this Agreement.

3.5     **Denial of Preliminary Approval.** If the Court denies the Motion for Preliminary Approval, then the Parties agree to jointly seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, this Agreement will not become effective and the Parties will return to litigation.

3.6     **Class and Collective Action Notice.**

(A)     The Parties agree to provide Notice to Class Members in accordance with the notice plan described in this Agreement. The Notice shall be in English and in the three most common primary languages other than English among Class Members (where available from Defendants' records or based on the Parties' good faith determination), and shall be consistent with the Notice attached hereto as **Exhibit 1**. The Settlement Administrator shall provide for all necessary translations of the Notice and the costs of such translations shall be included in the Settlement Administrator's fee.

(B)      Within fifteen (15) days after the Order Granting Preliminary Approval, Defendants will provide the Settlement Administrator the following information for all Class Members: full name, social security number, last known address, phone number, primary language (where available from Defendants' records) and hours worked within the Covered Period as that information exists on file with Defendants ("Class List"). Information included in the Class List shall be strictly confidential and will be used by the Settlement Administrator (and Class Counsel to the extent shared with Class Counsel consistent with this section) for settlement purposes only. At the time of providing the Class List, Defendants shall certify that the Class List represents the most current and up to date information that Defendants have for Class Members. The Class List shall be confidential and will only be used by the Settlement Administrator for settlement purposes only. Unless Class Counsel specifically requests additional information for specific individual(s), which may be requested only on a need-to-know basis in connection with administration of the settlement, the Administrator will provide Class Counsel with a list containing only the initials, last four digits of their Social Security numbers, and allocation amount for each class member.

(C)      In advance of the Settlement Administrator's mailing of any Notice, the Settlement Administrator shall also set up and operate a case-specific call center, including live operator and voice-mail technology, to provide telephone support for the administration of the settlement and to address questions from and otherwise provide information to Class Members regarding the Settlement. The Settlement Administrator shall make arrangements that, either through Settlement Administrator staff or via a language line service, calls from Class Members that are not in English can promptly be addressed by a live operator.

(D)      In advance of the Settlement Administrator's mailing of any Notice, counsel for the Parties shall negotiate in good faith (1) a list of frequently asked questions and answers ("FAQs") to be used by the Settlement Administrator in responding to inquiries from Class Members following the issuance of the Notice, and (2) the Settlement Administrator's recorded message to callers. Use of FAQs shall continue until the Effective Date.

(E)      If the Settlement Administrator determines that it cannot respond to a Class Member's inquiry because the inquiry falls outside of the scope of the FAQs, it shall direct such persons to the phone number for Class Counsel on the Notice. The Settlement Administrator shall provide notice and a description of such events to all counsel; if there are multiple events of the same type, counsel shall work cooperatively to update the FAQs to facilitate the Settlement Administrator's ability to respond to such inquiries in the future.

(F)      Before mailing the Notice, the Settlement Administrator shall take all reasonable and customary efforts to ensure the Class List is as up-to-date and accurate as practicable, including, without limitation, running the Class List through the National Change of Address Database, which provides updated address information for individuals or entities who have moved during the previous four years and filed

9

a change of address with the United States Postal Service ("USPS"). Should the Settlement Administrator determine that a more up-to-date and accurate address exists for any individual on the Class List, the Settlement Administrator shall so notify counsel for the Parties and that address shall be deemed the address for the individual for all purposes under this Agreement.

(G)     Within thirty (30) days of the date on which Defendants provide the Class List, the Settlement Administrator shall mail, via United States mail, postage prepaid, the Notice to all Class Members using each individual's last known address as recorded in Defendants' records or updated address as determined by the Settlement Administrator pursuant to Section 3.6(F).

(H)     If any Notices are returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall complete a standard skip trace in an effort to ascertain the current address of the particular Class Member in question and, if such address is ascertained, the Settlement Administrator will re-send the Notice to the new address.

(I)      If a Notice is returned to the Settlement Administrator with a forwarding address for the recipient, the Settlement Administrator shall re-mail the Notice to that address, and the forwarding address will be deemed the address for that Class Member.

(J)      Defendants' Counsel and Class Counsel have the right to make reasonable inquiries and receive information from the Settlement Administrator related to the settlement administration process and agree to include each other in each of those communications.

(K)     No later than three (3) business days prior to the Fairness Hearing, the Settlement Administrator shall certify to the Court the completion of its responsibilities that can be accomplished prior to the Fairness Hearing.

(L)      For any Class Member that requests a copy of this Agreement from the Settlement Administrator, the Settlement Administrator is authorized to email or mail a copy of this Agreement via the Class Member's preferred method.

## 3.7    Rule 23 Class Member Opt-Out.

(A)     Any Rule 23 Class Member may request exclusion from the class by "opting out" in accordance with the provisions of this Agreement. Any Rule 23 Class Member who chooses to do so must mail, email, or fax a written, signed statement to the Settlement Administrator that he or she is opting out of the settlement ("Opt-Out Statement"). The Opt-Out Statement must contain the full name, address, and telephone number of the Rule 23 Class Member to be valid. The Opt-Out statement must also be personally signed by the Rule 23 Class Member requesting exclusion (an attorney's signature or a typed signature will not satisfy this requirement), and contain a statement reasonably indicating that the Rule 23 Class Member elects to exclude themselves from the class settlement in *Franck et al. v. New York Health*

*Care Inc. et al.* in order to be valid. Such Opt-Out Statement must also be sent via mail and postmarked by the Bar Date or via e-mail or fax to the Settlement Administrator prior to midnight, Eastern Standard Time, on the Bar Date. Opt-Out Statements will not be valid unless all of the requirements set forth above are timely and properly satisfied.

(B)    The Settlement Administrator shall stamp the date received on the original of each Opt-Out Statement that it receives, and note the date and time of any emailed or faxed Opt-Outs, and shall serve copies of each Statement by email on (i) Class Counsel and (ii) Defendants' Counsel not later than 3 calendar days after receipt thereof. The Settlement Administrator shall, within 3 calendar days of the end of the Bar Date, send by email a final list of all Opt-Out Statements to Class Counsel and Defendants' Counsel. The Settlement Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements, as well as all emailed or faxed Opt-Outs, in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

(C)    Any Rule 23 Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement.

(D)    Only individual opt-outs are allowed. Any statement that purports to opt-out more than one Rule 23 Class Member will be null and void.

(E)    If more than 10% of the Rule 23 Class Members timely and properly opt-out of the settlement, Defendants will have the right to void the settlement, and this Agreement by written notice to Class Counsel within three (3) business days after receiving the final list of Opt-Out Statements from the Settlement Administrator. If Defendants exercise their option to void the settlement, this Agreement will not become effective and the parties will return to litigation.

(F)    Plaintiffs affirmatively support this settlement and agree not to opt-out. Neither Plaintiffs, Class Counsel, Defendants, nor their counsel will in any way encourage any Rule 23 Class Member to opt-out or discourage any Class Member from participating in this settlement. Defendants also expressly acknowledge that they are not aware of any efforts, plan, or intention by Defendants, any union, labor organization, or similar entity or group, labor or union or community organizer, or attorney or law firm staff to encourage any Rule 23 Class Member to opt-out or discourage any Class Member from participating in this settlement. None of the Parties shall have contact with any Class Member for any purpose prohibited under this Agreement.

(G)    Rule 23 Class Members who timely opt out will not be bound by the terms of this Agreement, including any releases contained herein, nor will they be entitled to receive any benefits from the settlement.

**3.8**   **Objections to Settlement by Rule 23 Class Members.**

(A)   (i) Rule 23 Class Members who wish to present objections to the settlement at the Fairness Hearing must first make their objections via a written statement. To be considered, such statement must be sent via mail and postmarked by the Bar Date or via e-mail or fax to the Settlement Administrator prior to midnight, Eastern Standard Time, on the Bar Date. The Settlement Administrator must provide copies of each objection received to Class Counsel and Defendants' Counsel by email within 24 hours after receipt by the Settlement Administrator. Any objections not raised properly and timely will be waived, and any Rule 23 Class Member who fails to timely file and serve a valid written objection shall not be permitted to object to the settlement and shall be foreclosed from seeking any review of the settlement or the terms of this Agreement by any means, including but not limited to an appeal.

To be valid, any objection must be set forth in writing and contain all of the following:

a.   reference to *Franck et al. v. New York Health Care Inc. et al.*;

b.   the objector's full name, address, telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement);

c.   a written statement of all reasons for the objection;

d.   the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

e.   a statement of whether the objector intends to appear at the Fairness Hearing; and,

f.   only if the objector intends to appear at the Fairness Hearing through counsel, a statement identifying all attorneys representing the objector who will appear at the Fairness Hearing;

(ii) In addition, any objection filed with the assistance of an attorney or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection must contain all of the following to be valid:

g.   a written statement of any legal support for such objection;

h.   copies of any papers, briefs, or other documents upon which the objection is based;

12

        i.  a list of all persons who will be called to testify in support of the objection, if any;

        j.  a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection; and

        k.  a statement of the Rule 23 Class Member's membership in the Rule 23 Class.

Any Class Member who submits a timely written objection written or filed with the assistance of an attorney, law firm staff, or other person referenced in this item shall be deemed to consent to deposition by Class Counsel and/or Defendants' Counsel prior to the Fairness Hearing.

(B)    The Settlement Administrator shall stamp the date received on the original objection. Class Counsel shall file the date-stamped originals of all valid objections with the Clerk of Court within eight (8) business days after the Bar Date.

(C)    If a Rule 23 Class Member intends to object to the Settlement through retained counsel, then that counsel must file with the Court and serve on the Settlement Administrator and Class Counsel and Defendants' Counsel a notice of appearance no later than 14 calendar days after the Bar Date, and include a statement of whether counsel intends to appear at the Fairness Hearing.

(D)    No Rule 23 Class Member or counsel for an objector may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with all procedures provided in this section and the previous sections.

(E)    An objector may withdraw his/her objections at any time.

(F)    Any Rule 23 Class Member who has requested exclusion from the settlement may not submit objections to the settlement.

(G)    Rule 23 Class Members who fail to make timely and valid written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the settlement by appearing at the Fairness Hearing, appeal, collateral attack, or otherwise.

(H)    The Parties may file with the Court written responses to any objections no later than 14 calendar days after Class Counsel has filed the date-stamped originals of all valid objections with the Court, if any.

(I)    Plaintiffs affirmatively support this settlement and agree not to object.  Neither Plaintiffs, Class Counsel, Defendants, nor their counsel will in any way encourage any Class Member to object to this settlement. Plaintiffs and Defendants also expressly acknowledge that they are not aware of any efforts, plan, or intention by any Party, any union, labor organization, or similar entity or group, labor or union or community organizer, or attorney or law firm staff to encourage any Class Member to object to this settlement.

**3.9    Motion for Judgment, Final Approval, and Settlement Distribution.**  No later than fourteen calendar days before the Bar Date, Plaintiffs will submit a motion for judgment, final approval, and settlement distribution.  This motion shall also include a proposed Final Order and Judgment.  Plaintiffs will provide Defendants the opportunity to review the proposed Final Order and Judgment and should the parties disagree on content, after good faith efforts at resolution, any remaining issues will be promptly submitted to Martin F. Scheinman.  The Fairness Hearing shall be held at the Court's convenience.

**3.10    Entry of Judgment.**  At the Fairness Hearing, Class Counsel will request that the Court enter a Final Order and Judgment that will, among other things: (a) finally certify the Rule 23 Class and FLSA Collective for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, reasonable, and binding on all Class Members who have not timely opted out pursuant to Section 3.7, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Agreement, (f) award service awards to Plaintiffs, (g) award Class Counsel attorneys' fees and costs, (h) incorporate the terms of this Agreement, and (i) dismiss the Litigation with prejudice.  Defendants will not oppose the request for a Final Order and Judgment unless it is inconsistent with this Agreement.

**3.11    Effect of Court's Failure to Grant Final Approval.**  If the Court does not grant final approval in accordance with this Agreement, or such judgment does not become final as defined herein, the Parties agree to proceed as follows.  The Parties jointly agree to (a) seek reconsideration of the decision denying entry of judgment, or (b) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. Defendants will not oppose Plaintiffs' applications for a service award, and attorneys' fees, and costs, or appeal of denial of such items in the event not awarded as requested, unless inconsistent with this Agreement.   In the event any reconsideration is denied, or a mutually-agreed-upon settlement is not approved:

(A)    The Litigation will proceed as if no settlement had been attempted.  In that event, Defendants retain the right to contest whether this Litigation should be maintained as a class action or collective action, and to contest the merits of the claims being asserted by Plaintiffs in this action.

(B)    The Settlement Administrator will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement.

(C)   Upon notification from counsel for the Parties that the Agreement did not receive final approval, the Settlement Administrator shall return to Defendants within 10 days the entire amount of the Settlement Fund that has been deposited, with any interest accrued thereon.  If the Agreement does not receive final approval, Defendants shall be responsible for payment of settlement administration fees and costs as described in Section 3.12.  Any fees associated with investing and liquidating the Settlement Fund as described in Section 4.1, and any taxes incurred directly or indirectly as a result of investing the Settlement Fund shall be paid by Defendants, which shall retain all principal, proceeds and interest from the Settlement Fund.  Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any administration expenses, taxes with respect to the Settlement Fund, or any expenses, including costs of notice and administration associated with the settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs and Defendants' future payment obligations shall cease.

3.12   **Settlement Administrator's Fees.**  The Settlement Administrator's fees incurred up to $70,000.00 shall be paid from the Settlement Fund as described below, provided that the Court enters a Final Order and Judgment.  Any Settlement Administrator's fees in excess of this amount, and agreed upon by the Parties, shall be paid by the Settlement Fund.

4.   **SETTLEMENT TERMS**

4.1   **Settlement Fund.**

(A)   Defendants agree to pay a Maximum Settlement amount of Three Million, Five Hundred Thousand Dollars and No Cents ($3,500,000.00), which shall resolve and satisfy: (a) all amounts to be paid to Class Members; (b) a Court-approved service awards to the Plaintiffs; (c) any applicable Employment Taxes; (d) the Settlement Administrator's fees; and (e) Court-approved attorneys' fees and costs and expenses (including expert fees and mediation costs).  Defendants will not be required to pay more than Three Million, Five Hundred Thousand Dollars and No Cents ($3,500,000.00) under this Agreement.

(B)   The Settlement Administrator shall establish and administer the Escrow Account from which the settlement's payments shall be made.  The Settlement Administrator will administer the Escrow Account in accordance with the terms of this Agreement.  The Escrow Account shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.  NYHC shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Escrow Account.  The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or

any other applicable law on or with respect to the QSF. NYHC shall provide to the Settlement Administrator any documentation required for the Settlement Administrator to facilitate obtaining QSF status for the Escrow Account pursuant to Treas. Reg. §1.468B-l. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

(C)     Under no circumstances will Defendants have any liability for taxes or tax expenses under the Settlement. Plaintiffs, Class Counsel, and the Class are responsible for any taxes on their respective recoveries or awards. Nothing in this Agreement, or statements made during the negotiation of its terms, shall constitute tax advice by Defendants or Defendants' Counsel.

(D)     The Escrow Account shall be maintained at a depository institution insured by the Federal Deposit Insurance Corporation, which has total assets of at least $500 million and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's). Funds in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts; (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less; (iii) United States Treasury bills; or (iv) other instruments backed by the full faith and credit of the United States Government. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**4.2     Allocation Formula.**

Provided that a Final Order and Judgment is entered, each Class Member's share of the of the Net Settlement Fund will be a minimum allocation of $75 plus an additional *pro rata* amount of the remaining balance of the Net Settlement Fund determined by dividing the total number of hours the Class Member worked for Defendants from June 4, 2015 through November 8, 2023, by the total number of hours all Class Members worked for Defendants from June 4, 2015 through November 8, 2023, and then multiplying this quotient by the Net Settlement Fund. All hours worked are to the extent reflected in the Defendants' books and records. Defendants hereby certify that Defendants' books and records reflect that the total number of hours Class Members worked for Defendants from June 4, 2015 through November 8, 2023 is 8,017,166.49 and that this amount represents the most current and up to date information that Defendants have for Class Members.

A Class Member's "Individual Settlement Amount" shall be that Class Member's proportionate share of the Net Settlement Fund as determined in accordance with this formula. The Individual Settlement Amount designated for distribution to Class Members in accordance with the above settlement formula shall be the portion of the Net Settlement Fund remaining after the deductions referenced in Section 1.17.

**4.3     Defendants' Funding of the Escrow Account**.

Defendants will fund the Escrow Account as follows:

(A)     Within 10 days of preliminary approval Defendants shall deposit the Settlement Administrator's fees of $70,000 referenced in Section 3.12 into the Escrow Account.

(B)     Within 10 days of the Effective Date, Defendants shall deposit the full balance of the Settlement Fund into the Escrow Account. To the extent not deposited in the Escrow Account within 45 days after the Fairness Hearing, interest will accrue on the balance of the Settlement Fund at the federal statutory rate for post-judgment interest in federal court. Any interest accrued on the balance of the Settlement Fund shall be deposited into the Escrow Account within 10 days of the Effective Date and shall be distributed pro rata as settlement payments, Class Counsel Attorneys' Fees and Costs, Named Plaintiff Service Awards, and Employment Taxes. If this Agreement is terminated pursuant to the specified terms enumerated herein, the Settlement Administrator shall, within fourteen (14) days of receiving notice of the termination date, pay to Defendants all funds deposited in the Escrow Account by Defendants together with any interest or other income earned thereon, less (i) any taxes paid or due with respect to such income, (ii) any reasonable administrative expenses actually incurred and paid or payable from the Settlement Fund as authorized in this Agreement.

**4.4    Distribution to Class Members.**

(A)     All Class Members who do not timely and properly opt-out pursuant to Section 3.7 are eligible for a payment hereunder.

(B)     Defendants and the Settlement Administrator shall exchange such information as is necessary for the Settlement Administrator to make proper tax withholdings and comply with tax reporting obligations as described herein. Defendants agree to provide the W-4 information to the Settlement Administrator for all Class Members so that the Settlement Administrator can make the required tax deductions before payments are made to those Class Members, and to notify the appropriate taxing authorities.

(C)     Within twenty-one (21) days of the Effective Date, the Settlement Administrator shall mail settlement checks to Class Members, pay Plaintiffs' service awards approved by the Court, and pay all attorneys' fees and costs approved by the Court. Class Members shall have 90 days to cash such initial checks. Any check not timely cashed will become void. Any Class Member who has not cashed their check within 45 days of the date of mailing of the checks shall receive a reminder notice that they were sent a settlement check and must cash their check within 90 days of the date the checks were mailed (i.e. by a date certain). The funds from voided checks shall not revert to Defendants but instead shall escheat to the state of New York in accordance with New York's Abandoned Property Law. All settlement checks shall contain on the back of the check the following limited endorsement:

*By signing, cashing, or depositing this check, I consent to join the collective action wage and hour litigation against New York Health Care Inc. ("NYHC") and to*

17

*participate in the settlement. By signing, cashing or depositing this check I also fully and finally release and discharge any and all claims that were or reasonably should have been brought in this action against NYHC and each of its current and former parents, affiliates, subsidiaries, and related entities, and each of these entities' current and former owners, officers, directors, employees, consultants, agents, representatives, insurers, contractors, attorneys, successors, and assigns, for unpaid wages or overtime pay, or any other claim for violations of any and all applicable wage and hour laws, or wage parity laws, relating to my employment with NYHC at any time between June 4, 2018 and November 8, 2023 that were or should have been brought in this action. If I fail to sign this check, the proceeds identified therein shall be subject to New York's Abandoned Property Law.*

(D)     For each distribution the Settlement Administrator, in its discretion, may perform a skip-trace and, if a new address is located pursuant to the skip-trace, make an additional mailing to Class Members whose checks are returned as undeliverable because of an incorrect address.

(E)     All payments to Class Members made pursuant to this Agreement shall be deemed to be paid to such Class Members solely in the year in which such payments actually are received by Class Members. It is expressly understood and agreed that the receipt of such settlement payments will not entitle any Class Member to additional compensation or benefits under any of Defendants' bonus or other compensation or benefit plans or agreements in place during the Covered Period. It is the intent of this Agreement that the settlement payments provided for in the Agreement are the sole payments to be made by Defendants to the Class Members, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the settlement payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the Covered Period).

## 4.5     Taxability of Settlement Payments to Class Members.

(A)     For tax purposes, all payments to Class Members shall be allocated 50% to alleged back wages, subject to withholding taxes, and 50% as liquidated damages issued on an IRS Form 1099. Payments treated as alleged back wages shall be made net of all applicable Employment Taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as liquidated damages and interest shall be made without withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099. Any service award pursuant to Section 4.8 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(B)     Any tax responsibility for the non-wage portion of the payments to Class Members shall be Class Members' responsibility.

**4.6**    **Class-Wide Non-Monetary Reforms.**  The Parties also agree that, during the period after the commencement of the Litigation, Defendants enhanced and improved their practices to further ensure that all home care workers are properly paid for all hours worked.  With the assistance of the mediator, the parties agreed to value such enhancements and improvements at not less than One Million, Three Hundred Thousand Dollars and No Cents ($1,300,000), with the express understanding that such valuation does not constitute an admission of wrongdoing and that Plaintiffs will not seek and shall not be entitled to any injunctive relief under this settlement.

**4.7**    **Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)    Fourteen days prior to the Bar Date, Class Counsel shall petition the Court for no more than one third of the Settlement Fund (i.e. $1,166,666) as an award of attorneys' fees and reimbursement of litigation costs and expenses.  Defendants will not oppose such application unless inconsistent with this Agreement.

(B)    Class Counsel shall have the sole and absolute discretion to allocate the cost and fee award amongst Class Counsel law firms and attorneys.  NYHC shall have no liability or other responsibility for allocation of any cost and fee award.

(C)    Should the Court award a cost and fee award that is less than the amount sought in Class Counsel's petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund, and, after the latter of any appeal from or motion for reversal or modification of the Court's cost and fee award is resolved through a final, non-appealable order or the deadline for filing an appeal or motion for reconsideration regarding the amount of any cost and fee award has expired without the filing or an appeal or motion, such funds shall be distributed to Class Members.

(D)    Within twenty-one (21) days of the Effective Date, the Settlement Administrator shall pay all Court-approved attorneys' fees and expenses from the Escrow Account to the WMP NYHC Section 468B Qualified Settlement Fund.  The immediately foregoing transfer shall be reported for tax purposes pursuant to Section 1.468B-3(e) of the Treasury Regulations, and no IRS Form 1099 shall be issued to Wittels McInturff Palikovic in connection with such transfer.  Class Counsel shall provide an IRS Form W-9 for the WMP NYHC Section 468B Qualified Settlement Fund, and any IRS Form 1099 for such payment shall be issued to such payee.

(E)    The Parties will not be entitled to terminate this Agreement based on any order relating to Class Counsel's anticipated petition for an award of attorneys' fees and reimbursement of litigation costs and expenses, nor any appeal from such order or reversal or modification thereof.

**4.8**    **Service Awards to Plaintiffs.**

(A)    Plaintiffs will apply to the Court to receive service awards totaling no more than Thirty-Five Thousand Dollars and No Cents ($35,000.00) from the Settlement Fund

for services rendered to Class Members.   Defendants will not oppose such application unless inconsistent with this Agreement.

(B)     The Parties agree that the decision whether or not to award any service award, and the amount of that payment, rests in the exclusive discretion of the Court.   Plaintiffs understand and acknowledge that they may receive no monetary payment, and their agreement to the settlement is not conditioned on the possibility of receiving monetary payment.

(C)     Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund, and, after the latter of any appeal from or motion for reversal or modification of the Court's award is resolved through a final, non-appealable order or the deadline for filing an appeal or motion for reconsideration regarding the amount of service award(s) has expired without the filing or an appeal or motion, such funds shall be distributed to Class Members.

(D)     The Settlement Administrator shall issue service award checks in the amounts approved by the Court from the Escrow Account to each Plaintiff in accordance with the provisions set forth in Section 4.4(C) and Section 4.5.

(E)     It is not a condition of the settlement that any service award be approved by the Court.   Any order or proceeding relating to the amount of any service award, or any appeal from or reversal or modification thereof, shall not operate to modify, terminate, or cancel the settlement.

**4.9     Class Counsel's Right to Appeal.**   Class Counsel reserves the right to appeal any decisions denying their application for full service awards to Plaintiffs or their petition to the Court for no more than one third of the Settlement Fund as an award of attorneys' fees and reimbursement of litigation costs and expenses.   Defendants will not oppose any such appeals unless inconsistent with this Agreement.

**4.10    Defendants' Right to Appeal.**   Defendants reserve the right to appeal any decisions inconsistent with this Agreement.   Plaintiffs will not oppose any such appeals unless inconsistent with this Agreement.

**4.11    Releases.**

(A)     **Plaintiffs' and Class Members' Release of Claims.**   Upon the Effective Date, Plaintiffs, and each Rule 23 Class Member who does not timely and properly opt out pursuant to Section 3.7, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges the Releasees, from all claims that were or reasonably should have been brought in this action under the New York Labor Law (NYLL), Section 3614-c of the New York Public Health Law (commonly known as the "Wage Parity Law") and any regulations, guidance, interpretations, case law, agency web-site postings, agency statements, or other authority thereunder, inclusive of all alleged unpaid or unaccrued wages, overtime,

20

wage parity benefits, or other benefits (other than vested or incurred (reported or unreported) claims under any employee benefit plan governed by ERISA), liquidated damages, interest, attorneys' fees (including those recoverable under the Offer of Judgment accepted by Louis Franck previously), costs, taxes, claims administration fees, and court costs

Any Rule 23 Class Member who does not timely and properly opt-out pursuant to Section 3.7 shall be bound by the above release. In addition, each FLSA Collective Member who signs, cashes, or deposits the check paid pursuant to Section 4.4 shall release Defendants from all FLSA claims that were or reasonably should have been brought under the Fair Labor Standards Act ("FLSA").

Excluded from the releases referenced in this Section are claims to enforce this Agreement.

(B)   **Plaintiffs' and Class Members' Release of Fees and Costs for Settled Matters**. Upon the Effective Date, and except as provided for in this Agreement, Class Counsel and Plaintiffs, on behalf of Class Members, fully release and discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's work in the Litigation, including any fees for which Defendants may be liable under the Rule 68 Offer of Judgment that was accepted and entered in favor of Louis Franck.

(C)   **No Assignment.**   Class Counsel and Plaintiffs, on behalf of Class Members, and Defendants represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any interest or claim in this Litigation, or any portion thereof.

(D)   **Non-Admission of Liability.**   By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or Class Members, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective-action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class Members. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants on a retroactive, prospective, or any other basis or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding.

4.12   **Confidentiality.**   The Parties agree to maintain as completely confidential the fact that settlement negotiations are taking place and the fact and amount of settlement until the

public filing of a motion for preliminary approval of this Agreement, except that counsel for the Parties may advise the Court of the fact of settlement as appropriate. After the public filing of a motion for preliminary approval of this Agreement, the parties and their counsel will not make any public communication regarding the settlement except (a) as required to implement this Agreement, (b) to refer to public filings, (c) for Class Counsel to describe the settlement on their website strictly for purposes of administrating the settlement (and which description will be deleted on or before the Effective Date); or (d) for Defendants and their attorneys, as they determine appropriate in connection with other tax, litigation, and labor relations matters.  However, nothing herein shall preclude the parties or their respective counsel from making any necessary or required disclosures to government regulators, auditors, and the like.

**4.13    Miscellaneous.**

(A)    **No Retaliation.**  Defendants agree not to retaliate against any individuals for their participation in this settlement or the Litigation.

(B)    **Defendants' Authority.**  Defendants represent and warrant that: (a) they have the requisite corporate power and authority to execute, deliver, and perform this Agreement, and to consummate the transactions contemplated hereby; (b) the execution, delivery, and performance of this Agreement, and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Defendants; and (c) this Agreement has been duly and validly executed and delivered by Defendants and constitutes its legal, valid, and binding obligation.

(C)    **Plaintiffs' Authority.**   Class Counsel represent and warrant that they are authorized to execute, deliver, and perform this Agreement and to take all appropriate actions required or permitted to be taken by or on behalf of Plaintiffs and, subsequent to an appropriate Court Order, Class Members in order to effectuate the terms of this Agreement and are also authorized to enter into appropriate modifications or amendments to this Agreement on behalf of Plaintiffs and, subsequent to an appropriate Court Order, Class Members.

(D)    **Cooperation Among the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's preliminary and final approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the settlement embodied in this Agreement, the Parties shall promptly submit the dispute to Martin F. Scheinman for a final and binding determination.  If the Court suggests any modifications to the Agreement or conditions either preliminary approval or final approval on modifications to the Agreement, the Parties shall,

working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court.

(E)   **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

(F)   **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

(G)   **Arm's Length Transaction.**  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.

(H)   **Costs.**  Except as otherwise provided in this Agreement, each Party shall bear its own costs and expenses.

(I)   **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(J)   **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(K)   **Severability.**  Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect unless the voiding, unlawfulness, non-enforcement or deletion of such clause would frustrate a fundamental purpose of this Agreement.

(L)   **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(M)   **Settlement Agreement Administration Disputes.**  In the event issues arise between the Parties regarding the administration of this Agreement, such issues shall the referred to Martin F. Scheinman for a final and binding determination.

(N)   **Jurisdiction.**  Except as set forth in the immediately preceding paragraph, the Parties submit to the exclusive jurisdiction of the United States District Court for Southern District of New York which shall retain jurisdiction over the Litigation, the Settlement Administrator, the Final Order and Judgment, the Class Members,

the Plaintiffs and Defendants for the purpose of enforcing this Agreement or implementing any part of the settlement embodied in this Agreement.

(O)   **Waivers, etc. to Be in Writing.**   No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.   Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(P)   **Change of Time Periods.**   The Parties may jointly request that the Court allow reasonable extensions of time to carry out any of the provisions of this Agreement without formally amending this Agreement.   The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendants' counsel, without notice to Class Members.

(Q)   **Stay Pending Court Approval.**   The Parties agree to stay all proceedings in the Litigation, other than those proceedings necessary to carry out or enforce the terms and conditions of this Agreement.   If, despite the Parties' best efforts, this Agreement should fail to become effective, the Parties will return to their prior positions in the Litigation.   The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Class Member in, any other proceedings against any of the Releasees, which challenges the settlement.   Plaintiffs agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Class Member in any other proceedings against any of the Releasees, which challenges the settlement.

(R)   **When Agreement Becomes Effective; Counterparts.**   This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

(S)   **Facsimile/Electronic Signatures.**   Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.   Any signature made by physical or electronic means and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

FOR PLAINTIFFS:

Wittels McInturff Palikovic

By: _____
      J. Burkett McInturff

      Dated:  March 4, 2024

FOR DEFENDANTS:

Hodgson Russ LLP

By: _____
      Peter C. Godfrey

      Dated:   March 5, 2024

Exhibit 1

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

[INSTRUCTIONS IN OTHER LANGUAGES RE: WHERE TO CALL FOR MORE INFO WITH ONE EXAMPLE]

Si desea una copia de este documento legal en español, por favor llame al [**NUMBER**] **OPT #2**

> # If you worked at New York Health Care, you could receive a payment from a class action settlement.

*A court authorized sending this Notice of Class Action Settlement. It is not a solicitation from a lawyer.*

- If you were employed by New York Health Care Inc. (hereinafter "NYHC" or "the Defendant") as a home care worker at any time between June 4, 2015 and November 8, 2023 you could receive a settlement payment from a class and collective action lawsuit settlement.

- The Court did not decide in favor of Plaintiffs or Defendant. Both sides believe they would have won at trial, but there was no trial. Instead, the parties agreed to settle the case to avoid the uncertainty, risks, delay, and expense of further litigation. The parties' settlement agreement provides for payments to the current and former workers who qualify. The parties believe the settlement is fair, reasonable, and in the best interests of the Class.

- Read this Notice carefully, as your legal rights are affected. These rights and options – and the deadlines to exercise them – are explained in this Notice.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement, you will be mailed a settlement payment by check and you will be legally bound by the settlement. **YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR CHECK**. |
| **IF YOU EXCLUDE YOURSELF** | You are choosing not to be part of the case and you will not receive any settlement payment. This is the only option that allows you to participate in another case against NYHC regarding the legal claims brought in this case. |
| **IF YOU OBJECT** | You must write to the Court about why you object to the settlement and you may attend a hearing if you wish. |

## IMPORTANT BACKGROUND INFORMATION

- This lawsuit was brought by former employees of NYHC on behalf of themselves and other current and former home care workers to seek payment of allegedly unpaid regular, minimum, and overtime

wages, unpaid reimbursements, and wage parity benefits, as well as liquidated damages, costs and attorney's fees.

- NYHC denies any wrongdoing and denies that any employee was underpaid at any time.

- The court overseeing this lawsuit is the United States District Court for the Southern District of New York. United States District Judge Gregory H. Woods and Magistrate Judge James L. Cott are the judges assigned to the case. The case name is *Franck et al. v. New York Health Care Inc. et al.*, and the case number is 1:21-cv-04955-GHW-JLC.

- The Court in charge of this case must approve the settlement. **Payment will be made only if the Court approves the settlement**.  Please be patient as the court approval process takes time.

- The court will hold a hearing about the fairness of the settlement on [date] ("the Fairness Hearing").

## BASIC INFORMATION

### WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people called Class Representatives sue on behalf of other people who are believed to have similar claims.  The people together are a "Class" or "Class Members."  The Class Representative who sued and the Class Members are called the Plaintiffs.  The company they sued is called the Defendant.  One court resolves the issues for everyone in the Class.

The Class here consists of all individuals who have been employed by Defendant as home care workers at any time from June 4, 2015 through November 8, 2023 ("the Class").

### WHY DID I GET THIS NOTICE?

NYHC's records show that you worked for NYHC at some time between June 4, 2015 and November 8, 2023.  You were sent this Notice because you have the right to know about the proposed settlement of this lawsuit and about your options before the Court decides whether to approve the settlement.  If the Court approves this settlement, payments will be mailed to everyone who does not exclude themselves.  This notice explains the lawsuit, the settlement, your legal rights, and what benefits the settlement will provide.

## WHO IS IN THE SETTLEMENT?

### HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

NYHC's records show that you are in the Class because you were employed by NYHC between June 4, 2015 and November 8, 2023. If you did not work during that period you are not part of the Class and your rights are not affected by this lawsuit or the settlement.

## THE CLAIMS IN THE LAWSUIT

### WHAT IS THIS LAWSUIT ABOUT AND WHY IS THERE A SETTLEMENT?

This lawsuit is about whether NYHC's home care workers were properly paid overtime at the proper rate under the Fair Labor Standards Act ("FLSA"), minimum wages and overtime wages for all hours worked under the New York Labor Law ("NYLL"), and wage parity benefits for all episode of care hours worked under the New York Wage Parity Law ("NYWPL").  The lawsuit is also about whether NYHC provided proper wage notices and wage statements and properly reimbursed workers for their expenses.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### WHAT DOES THE SETTLEMENT PROVIDE?

If you do not exclude yourself and the Court approves the settlement, the settlement funds will be paid to eligible workers based on the number of weeks each Class Member worked for NYHC between June 4, 2015 and November 8, 2023.  The average estimated payment is approximately$417.00, though your payment could be more or less.  All eligible employees that do not exclude themselves from the settlement will be paid a minimum of $75.00.  You payment amount will depends on how long you worked for NYHC.

### HOW CAN I GET A PAYMENT?

You do not need to do anything to receive a payment under this settlement, your check will be automatically mailed to you if the Judge approves the settlement.  You will have 90 days to cash any check.  After 90 days, the check will be void and you will not have a right to be paid for that settlement amount.  If the Court does not approve the settlement, no checks will be sent.

### WHEN WILL I RECEIVE MY PAYMENT?

Before any payments can be made, the Court must first decide whether to approve the settlement after a fairness hearing to be held on [date].  If the Court approves the settlement and you haven't excluded yourself, then you will receive a check.

If your contact information changes, you must notify the Settlement Administrator of your new address immediately to ensure that you will receive your check by mail.  The Settlement Administrator's contact information is below.

## WHAT AM I GIVING UP TO GET A PAYMENT AS A PART OF THE SETTLEMENT?

If the Court approves the settlement, the settlement payment will come as a check.  The check will contain a statement on the back that explains that, by signing, cashing, or depositing the check, you are consenting to join a collective action under the Fair Labor Standards Act (FLSA), you are agreeing to participate in the settlement, and you are giving up all related claims against Defendants for the period between June 4, 2015 and November 8, 2023.

By signing, cashing, or depositing the settlement check, you will be releasing all claims brought in this case, and you will agree not to sue Defendants again about any of the claims brought in this case. However, even if you do not cash your settlement check, if the Court approves the settlement and you do not exclude yourself, you will still be releasing the Defendants and their related entities from all claims that were or should have reasonably been brought in this class action up to the date of November 8, 2023 under the New York Labor Law ("NYLL"), and Section 3614-c of the New York Public Health Law (known as the Home Care Worker Wage Parity Law or "NYWPL"). The only way for you to be part of any other litigation against NYHC that covers the above NYLL and NYWPL legal claims for the period between June 4, 2015 and November 8, 2023 is for you to exclude yourself from the settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### WHAT DOES EXCLUDING MYSELF FROM THE SETTLEMENT MEAN?

If you want to be excluded, then you must take steps to exclude yourself by submitting an "opt-out" statement to the Settlement Administrator by [date]. To be valid, your opt-out statement must include (1) your name, (2) your address, (3) your phone number, and (4) a statement that you choose to exclude yourself from the class settlement in *Franck v. New York Health Care Inc.* To be valid, your opt-out statement must be returned to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before [date]. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on [date]. The Settlement Administrator's address, email address, phone and fax numbers are below:

**[SETTLEMENT ADMINISTRATOR]**
**[ADDRESS]**
**[CITY, STATE, ZIP]**
**Tel: [NUMBER] | Fax: [NUMBER]**
**Email: [EMAIL ADDRESS]**

If you choose to exclude yourself from the settlement, then (1) you will not get any payment under this settlement and (2) you cannot object to the settlement. By excluding yourself from the settlement, you will not be legally bound by the settlement, and you keep your right to sue the Defendant at your own expense for the claims in this lawsuit if they are not too late under the applicable statute of limitations.

## OBJECTING TO THE SETTLEMENT

### HOW CAN AN OBJECTION BE MADE?

If you are a Class Member, you may object to the settlement. Any Class Member who wishes to present their objections to the settlement at the Fairness Hearing must first state their objections in writing according to the following procedures.

To be valid, your objection must be sent to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before **[date]**. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on **[date]**. The Settlement Administrator's address, email address, phone and fax numbers are below:

**[SETTLEMENT ADMINISTRATOR]**
**[ADDRESS]**
**[CITY, STATE, ZIP]**
Tel: [**NUMBER**] | Fax: [**NUMBER**]
Email: [**EMAIL ADDRESS**]

To be valid, any objection must be in writing and contain all of the following:

1. a reference to *Franck v. New York Health Care Inc.*;

2. the objector's full name, address, telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement);

3. a written statement of all reasons for the objection;

4. the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

5. a statement of whether the objector intends to appear at the Fairness Hearing, and;

6. only if the objector intends to appear at the Fairness Hearing through counsel, a statement identifying all attorneys representing the objector who will appear at the Fairness Hearing;

In addition, any objection written or submitted with the assistance of an attorney or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection must contain all of the following to be valid:

7. a written statement of any legal support for such objection;

8. copies of any papers, briefs, or other documents upon which the objection is based;

9. a list of all persons who will be called to testify in support of the objection, if any;

10. a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection; and

11. a statement of the Class Member's membership in the Class.

Any objections that are not submitted on time or in accordance with the procedures in this notice will be waived.  Any Class Member who fails to submit a timely and valid objection gives up their right to object to the settlement and will not be allowed to seek any review of the settlement, including an appeal.

You have the right to retain a lawyer at your own expense to present your objection. If you retain a lawyer to present an objection, your lawyer must file a notice of appearance with the Court and the Settlement Administrator no later than **[date]**, that states whether counsel intends to appear at the Fairness Hearing.

An objection may be withdrawn at any time.

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING YOURSELF FROM THE SETTLEMENT?

Objecting is simply telling the Court that you do not like something in the settlement.  Excluding yourself is telling the Court that you do not want to be part of the settlement.   If you object to the settlement but the Court later approves the settlement, you will still be legally bound by the settlement and will still be mailed a settlement check.  You cannot object to the settlement if you exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

### WHO IS CLASS COUNSEL?

The Court has appointed Wittels McInturff Palikovic and Kheyfits Belenky LLP as Class Counsel to represent you and the other Class Members.  Lead Class Counsel are:

J. Burkett McInturff, Esq.
Ethan D. Roman, Esq.
WITTELS MCINTURFF PALIKOVIC
305 BROADWAY, 7TH FLOOR
NEW YORK, NY 10007
case@wittelslaw.com
Tel: (914) 775-8862
Fax: (914) 775-8862

Andrey Belenky, Esq.
KHEYFITS BELENKY LLP
80 BROAD STREET, 5TH FLOOR
NEW YORK, NY 10004
abelenky@kblit.com
Tel: (212) 203-5399
Fax: (212) 203-6445

### HOW WILL THE LAWYERS BE PAID?

Class Counsel have worked for three years without pay or any guarantee of pay.  In a class action, it is customary for the attorneys representing the class to request a legal fee and reimbursement of expenses in an amount equal to one-third of the settlement value to compensate them for the risks they took to enforce

the law. Here, the settlement fund to be allocated to the class of approximately 5,000 workers is $3,500,000, and Class Counsel will ask the Court to approve an attorney's fee and expense reimbursement equal to one-third of this amount (i.e. $1,166,666). Although NYHC denies that it did anything wrong, the parties agree that NYHC enhanced and improved their practices as a result of the litigation to further ensure that all home care workers are properly paid for all hours worked. With the assistance of the mediator, the parties agreed to value such enhancements and improvements at not less than $1,300,000.

## WHAT IS A SERVICE AWARD?

Class Counsel will also ask the Court to authorize that service awards to be paid from the settlement fund to the Class Representatives and other aides who contributed in a significant way by bringing this action and providing important information used to achieve the settlement. The service awards are also in recognition of the risks these individuals took in coming forward publicly. Class Counsel will request that the Court approve service awards totaling no more than $35,000 to be distributed from the settlement fund.

## WHO IS THE SETTLEMENT ADMINISTRATOR?

The parties have hired Arden Claims Service to provide this notice to you and to administer the settlement payments for a fee of up to $70,000 to be paid out of the total settlement fund. Any fees over [$AMOUNT], and agreed upon by the parties, will be paid separately by the settlement fund.

---

## THE FAIRNESS HEARING

---

## WHAT IS A FAIRNESS HEARING, AND WHEN AND WHERE WILL IT TAKE PLACE?

The Court will hold a telephonic hearing to decide whether to approve the settlement on [DATE] at [TIME] EST before the Honorable [JUDGE]. To observe or participate in the hearing you can call the Court's telephone conference line at [NUMBER] and use the access code [CODE]. **You do not have to call into the Fairness Hearing to receive your settlement payment.**

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make a decision.

## DO I HAVE TO ATTEND THE TELEPHONIC FAIRNESS HEARING?

No. Class Counsel will represent you at the hearing. Although you are welcome to call into the Fairness Hearing, you do not need to call in to receive a payment. Likewise, if you send an objection, you may, but you are not required to, call into the Fairness Hearing. As long as you send a valid objection that is on time, the Court will consider it. You may also pay your own lawyer (other than Class Counsel) to attend the Fairness Hearing, but it is not necessary.

If you wish to speak at the hearing, you may ask the Court for permission to speak at the Fairness Hearing. In order to speak at the hearing, you must send a letter to the Court, labeled "Notice of Intention to Appear in *Franck v. New York Health Care Inc.,* Dkt. No. 21-cv-04955." Be sure to include your name, address, phone number, and your signature. This Notice must be sent to the Clerk of Court, United States District

Court, Southern District of New York, 500 Pearl St., New York, NY 10007 and must be postmarked **no later than [date]**.

| **<u>GETTING MORE INFORMATION</u>** |
|---|

**<u>HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?</u>**

To obtain more information, you can visit [WEBSITE]; contact the Settlement Administrator at [NUMBER]; or you may contact Class Counsel J. Burkett McInturff and Ethan D. Roman at case@wittelslaw.com or (914) 775-8862, or Andrey Belenky at abelenky@kblit.com or (212) 203-5399. You may also get a copy of the full settlement agreement by email or mail if you request it.  You can see the court file for *Franck v. New York Health Care Inc.*, Dkt. No. 21-cv-04955, through the court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR NYHC WITH INQUIRES ABOUT THE SETTLEMENT.**