# Exhibit C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

[==INSTRUCTIONS IN OTHER LANGUAGES RE: WHERE TO CALL FOR MORE INFO WITH ONE EXAMPLE==]

Si desea una copia de este documento legal en español, por favor llame al [NUMBER]  OPT #2

# If you worked at New York Health Care, you could receive a payment from a class action settlement.

*A court authorized sending this Notice of Class Action Settlement. It is not a solicitation from a lawyer.*

- If you were employed by New York Health Care Inc. (hereinafter "NYHC" or "the Defendant") as a home care worker at any time between June 4, 2015 and November 8, 2023 you could receive a settlement payment from a class and collective action lawsuit settlement.

- The Court did not decide in favor of Plaintiffs or Defendant.  Both sides believe they would have won at trial, but there was no trial.  Instead, the parties agreed to settle the case to avoid the uncertainty, risks, delay, and expense of further litigation.  The parties' settlement agreement provides for payments to the current and former workers who qualify.  The parties believe the settlement is fair, reasonable, and in the best interests of the Class.

- Read this Notice carefully, as your legal rights are affected.  These rights and options – and the deadlines to exercise them – are explained in this Notice.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement, you will be mailed a settlement payment by check and you will be legally bound by the settlement.  **YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR CHECK**. |
| **IF YOU EXCLUDE YOURSELF** | You are choosing not to be part of the case and you will not receive any settlement payment.  This is the only option that allows you to participate in another case against NYHC regarding the legal claims brought in this case. |
| **IF YOU OBJECT** | You must write to the Court about why you object to the settlement and you may attend a hearing if you wish. |

| IMPORTANT BACKGROUND INFORMATION |
|---|

- This lawsuit was brought by former employees of NYHC on behalf of themselves and other current and former home care workers to seek payment of allegedly unpaid regular, minimum, and overtime

**QUESTIONS? CALL [NUMBER]**

- wages, unpaid reimbursements, and wage parity benefits, as well as liquidated damages, costs and attorney's fees.

- NYHC denies any wrongdoing and denies that any employee was underpaid at any time.

- The court overseeing this lawsuit is the United States District Court for the Southern District of New York. United States District Judge Gregory H. Woods and Magistrate Judge James L. Cott are the judges assigned to the case. The case name is *Franck et al. v. New York Health Care Inc. et al.*, and the case number is 1:21-cv-04955-GHW-JLC.

- The Court in charge of this case must approve the settlement. **Payment will be made only if the Court approves the settlement**.  Please be patient as the court approval process takes time.

- The court will hold a hearing about the fairness of the settlement on [date] ("the Fairness Hearing").

## BASIC INFORMATION

### WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people called Class Representatives sue on behalf of other people who are believed to have similar claims.  The people together are a "Class" or "Class Members."  The Class Representative who sued and the Class Members are called the Plaintiffs.  The company they sued is called the Defendant.  One court resolves the issues for everyone in the Class.

The Class here consists of all individuals who have been employed by Defendant as home care workers at any time from June 4, 2015 through November 8, 2023 ("the Class").

### WHY DID I GET THIS NOTICE?

NYHC's records show that you worked for NYHC at some time between June 4, 2015 and November 8, 2023.  You were sent this Notice because you have the right to know about the proposed settlement of this lawsuit and about your options before the Court decides whether to approve the settlement.  If the Court approves this settlement, payments will be mailed to everyone who does not exclude themselves.  This notice explains the lawsuit, the settlement, your legal rights, and what benefits the settlement will provide.

## WHO IS IN THE SETTLEMENT?

### HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

NYHC's records show that you are in the Class because you were employed by NYHC between June 4, 2015 and November 8, 2023. If you did not work during that period you are not part of the Class and your rights are not affected by this lawsuit or the settlement.

| **THE CLAIMS IN THE LAWSUIT** |
|---|

**WHAT IS THIS LAWSUIT ABOUT AND WHY IS THERE A SETTLEMENT?**

This lawsuit is about whether NYHC's home care workers were properly paid overtime at the proper rate under the Fair Labor Standards Act ("FLSA"), minimum wages and overtime wages for all hours worked under the New York Labor Law ("NYLL"), and wage parity benefits for all episode of care hours worked under the New York Wage Parity Law ("NYWPL").  The lawsuit is also about whether NYHC provided proper wage notices and wage statements and properly reimbursed workers for their expenses.

| **THE SETTLEMENT BENEFITS – WHAT YOU GET** |
|---|

**WHAT DOES THE SETTLEMENT PROVIDE?**

If you do not exclude yourself and the Court approves the settlement, the settlement funds will be paid to eligible workers based on the number of weeks each Class Member worked for NYHC between June 4, 2015 and November 8, 2023.  The average estimated payment is approximately$417.00, though your payment could be more or less.  All eligible employees that do not exclude themselves from the settlement will be paid a minimum of $75.00.  You payment amount will depends on how long you worked for NYHC.

**HOW CAN I GET A PAYMENT?**

You do not need to do anything to receive a payment under this settlement, your check will be automatically mailed to you if the Judge approves the settlement.  You will have 90 days to cash any check.  After 90 days, the check will be void and you will not have a right to be paid for that settlement amount.  If the Court does not approve the settlement, no checks will be sent.

**WHEN WILL I RECEIVE MY PAYMENT?**

Before any payments can be made, the Court must first decide whether to approve the settlement after a fairness hearing to be held on [date].  If the Court approves the settlement and you haven't excluded yourself, then you will receive a check.

If your contact information changes, you must notify the Settlement Administrator of your new address immediately to ensure that you will receive your check by mail.  The Settlement Administrator's contact information is below.

| **WHAT AM I GIVING UP TO GET A PAYMENT AS A PART OF THE SETTLEMENT?** |
|---|

If the Court approves the settlement, the settlement payment will come as a check.  The check will contain a statement on the back that explains that, by signing, cashing, or depositing the check, you are consenting to join a collective action under the Fair Labor Standards Act (FLSA), you are agreeing to participate in the settlement, and you are giving up all related claims against Defendants for the period between June 4, 2015 and November 8, 2023.

By signing, cashing, or depositing the settlement check, you will be releasing all claims brought in this case, and you will agree not to sue Defendants again about any of the claims brought in this case. However, even if you do not cash your settlement check, if the Court approves the settlement and you do not exclude yourself, you will still be releasing the Defendants and their related entities from all claims that were or should have reasonably been brought in this class action up to the date of November 8, 2023 under the New York Labor Law ("NYLL"), and Section 3614-c of the New York Public Health Law (known as the Home Care Worker Wage Parity Law or "NYWPL"). The only way for you to be part of any other litigation against NYHC that covers the above NYLL and NYWPL legal claims for the period between June 4, 2015 and November 8, 2023 is for you to exclude yourself from the settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### WHAT DOES EXCLUDING MYSELF FROM THE SETTLEMENT MEAN?

If you want to be excluded, then you must take steps to exclude yourself by submitting an "opt-out" statement to the Settlement Administrator by [date]. To be valid, your opt-out statement must include (1) your name, (2) your address, (3) your phone number, and (4) a statement that you choose to exclude yourself from the class settlement in *Franck v. New York Health Care Inc*. To be valid, your opt-out statement must be returned to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before [date]. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on [date]. The Settlement Administrator's address, email address, phone and fax numbers are below:

[SETTLEMENT ADMINISTRATOR]
[ADDRESS]
[CITY, STATE, ZIP]
Tel: [NUMBER] | Fax: [NUMBER]
Email: [EMAIL ADDRESS]

If you choose to exclude yourself from the settlement, then (1) you will not get any payment under this settlement and (2) you cannot object to the settlement. By excluding yourself from the settlement, you will not be legally bound by the settlement, and you keep your right to sue the Defendant at your own expense for the claims in this lawsuit if they are not too late under the applicable statute of limitations.

## OBJECTING TO THE SETTLEMENT

### HOW CAN AN OBJECTION BE MADE?

If you are a Class Member, you may object to the settlement. Any Class Member who wishes to present their objections to the settlement at the Fairness Hearing must first state their objections in writing according to the following procedures.

To be valid, your objection must be sent to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before **[date]**. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on **[date]**. The Settlement Administrator's address, email address, phone and fax numbers are below:

**[SETTLEMENT ADMINISTRATOR]**
**[ADDRESS]**
**[CITY, STATE, ZIP]**
**Tel: [NUMBER] | Fax: [NUMBER]**
**Email: [EMAIL ADDRESS]**

To be valid, any objection must be in writing and contain all of the following:

1. a reference to *Franck v. New York Health Care Inc.*;

2. the objector's full name, address, telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement);

3. a written statement of all reasons for the objection;

4. the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

5. a statement of whether the objector intends to appear at the Fairness Hearing, and;

6. only if the objector intends to appear at the Fairness Hearing through counsel, a statement identifying all attorneys representing the objector who will appear at the Fairness Hearing;

In addition, any objection written or submitted with the assistance of an attorney or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection must contain all of the following to be valid:

7. a written statement of any legal support for such objection;

8. copies of any papers, briefs, or other documents upon which the objection is based;

9. a list of all persons who will be called to testify in support of the objection, if any;

10. a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection; and

11. a statement of the Class Member's membership in the Class.

Any objections that are not submitted on time or in accordance with the procedures in this notice will be waived. Any Class Member who fails to submit a timely and valid objection gives up their right to object to the settlement and will not be allowed to seek any review of the settlement, including an appeal.

You have the right to retain a lawyer at your own expense to present your objection. If you retain a lawyer to present an objection, your lawyer must file a notice of appearance with the Court and the Settlement Administrator no later than **[date]**, that states whether counsel intends to appear at the Fairness Hearing.

An objection may be withdrawn at any time.

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING YOURSELF FROM THE SETTLEMENT?

Objecting is simply telling the Court that you do not like something in the settlement. Excluding yourself is telling the Court that you do not want to be part of the settlement. If you object to the settlement but the Court later approves the settlement, you will still be legally bound by the settlement and will still be mailed a settlement check. You cannot object to the settlement if you exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

### WHO IS CLASS COUNSEL?

The Court has appointed Wittels McInturff Palikovic and Kheyfits Belenky LLP as Class Counsel to represent you and the other Class Members. Lead Class Counsel are:

> J. Burkett McInturff, Esq.
> Ethan D. Roman, Esq.
> WITTELS MCINTURFF PALIKOVIC
> 305 BROADWAY, 7TH FLOOR
> NEW YORK, NY 10007
> case@wittelslaw.com
> Tel: (914) 775-8862
> Fax: (914) 775-8862
>
> Andrey Belenky, Esq.
> KHEYFITS BELENKY LLP
> 80 BROAD STREET, 5TH FLOOR
> NEW YORK, NY 10004
> abelenky@kblit.com
> Tel: (212) 203-5399
> Fax: (212) 203-6445

### HOW WILL THE LAWYERS BE PAID?

Class Counsel have worked for three years without pay or any guarantee of pay. In a class action, it is customary for the attorneys representing the class to request a legal fee and reimbursement of expenses in an amount equal to one-third of the settlement value to compensate them for the risks they took to enforce

the law. Here, the settlement fund to be allocated to the class of approximately 5,000 workers is $3,500,000, and Class Counsel will ask the Court to approve an attorney's fee and expense reimbursement equal to one-third of this amount (i.e. $1,166,666). Although NYHC denies that it did anything wrong, the parties agree that NYHC enhanced and improved their practices as a result of the litigation to further ensure that all home care workers are properly paid for all hours worked. With the assistance of the mediator, the parties agreed to value such enhancements and improvements at not less than $1,300,000.

## WHAT IS A SERVICE AWARD?

Class Counsel will also ask the Court to authorize that service awards to be paid from the settlement fund to the Class Representatives and other aides who contributed in a significant way by bringing this action and providing important information used to achieve the settlement. The service awards are also in recognition of the risks these individuals took in coming forward publicly. Class Counsel will request that the Court approve service awards totaling no more than $35,000 to be distributed from the settlement fund.

## WHO IS THE SETTLEMENT ADMINISTRATOR?

The parties have hired Arden Claims Service to provide this notice to you and to administer the settlement payments for a fee of up to $70,000 to be paid out of the total settlement fund. Any fees over [$AMOUNT], and agreed upon by the parties, will be paid separately by the settlement fund.

## THE FAIRNESS HEARING

## WHAT IS A FAIRNESS HEARING, AND WHEN AND WHERE WILL IT TAKE PLACE?

The Court will hold a telephonic hearing to decide whether to approve the settlement on [DATE] at [TIME] EST before the Honorable [JUDGE]. To observe or participate in the hearing you can call the Court's telephone conference line at [NUMBER] and use the access code [CODE]. **You do not have to call into the Fairness Hearing to receive your settlement payment.**

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make a decision.

## DO I HAVE TO ATTEND THE TELEPHONIC FAIRNESS HEARING?

No. Class Counsel will represent you at the hearing. Although you are welcome to call into the Fairness Hearing, you do not need to call in to receive a payment. Likewise, if you send an objection, you may, but you are not required to, call into the Fairness Hearing. As long as you send a valid objection that is on time, the Court will consider it. You may also pay your own lawyer (other than Class Counsel) to attend the Fairness Hearing, but it is not necessary.

If you wish to speak at the hearing, you may ask the Court for permission to speak at the Fairness Hearing. In order to speak at the hearing, you must send a letter to the Court, labeled "Notice of Intention to Appear in *Franck v. New York Health Care Inc.,* Dkt. No. 21-cv-04955." Be sure to include your name, address, phone number, and your signature. This Notice must be sent to the Clerk of Court, United States District

Court, Southern District of New York, 500 Pearl St., New York, NY 10007 and must be postmarked **no later than [date].**

| **GETTING MORE INFORMATION** |
|---|

**HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?**

To obtain more information, you can visit [WEBSITE]; contact the Settlement Administrator at [NUMBER]; or you may contact Class Counsel J. Burkett McInturff and Ethan D. Roman at case@wittelslaw.com or (914) 775-8862, or Andrey Belenky at abelenky@kblit.com or (212) 203-5399. You may also get a copy of the full settlement agreement by email or mail if you request it. You can see the court file for *Franck v. New York Health Care Inc.*, Dkt. No. 21-cv-04955, through the court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR NYHC WITH INQUIRES ABOUT THE SETTLEMENT.**