# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS FRANCK, LI ZHEN FENG, YERALDIN REYES, CHARISMA BARBER, CASSONDRA FLOYD, and ELIZABETH GUERRERO,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK HEALTH CARE INC., MURRY ENGLARD, and GLEN PERSAUD,<br><br>Defendants. | Case No. 21-cv-4955 (GHW) (JLC) |

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF THE CLASS AND COLLECTIVE; (2) GRANTING FINAL APPROVAL OF THE CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE**

WHEREAS, the Parties in the above-captioned matter entered into the Class Action Settlement Agreement (the "Settlement Agreement," ECF No. 233-1);

WHEREAS, Plaintiffs have submitted to the Court their Unopposed Motion for Final Approval of the Class and Collective Action Settlement and Related Relief (ECF No. 237);

WHEREAS, on April 19, 2024, the Court issued its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of the Class and Collective Action Settlement, Provisional Certification of the Settlement Class and Collective, Appointment of Class Counsel, and Approval of the Notice Plan (the "Preliminary Approval Order," ECF No. 234);

WHEREAS, the Preliminary Approval Order inter alia: (i) preliminarily approved the settlement; (ii) determined that, for purposes of the settlement only, this action should proceed as

a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and certified the "Rule 23 Class"; (iii) conditionally certified the "FLSA Collective" pursuant to 29 U.S.C. § 216(b); (iv) appointed Plaintiffs as Class Representatives; (v) appointed their counsel as Class Counsel; (v) approved the form and manner of notice to the members of the Rule 23 Class and FLSA Collective ("Class Members," unless otherwise noted); and (vi) set the date for a hearing to consider final approval of the settlement.

WHEREAS, notice was provided to all persons identified in the Class List in accordance with the Court's Preliminary Approval Order by individual mailings to all Class Members who could be reasonably identified, and the other components of the court-approved notice program were implemented;

WHEREAS, on September 12, 2024 at 9:00 a.m. at the United States District Court for the Southern District of New York, the Honorable Gregory H. Woods held a Fairness Hearing to determine whether the settlement was fair, reasonable, and adequate, and to consider the application of Class Counsel for a Service Awards for the Class Representatives and for attorneys' fees and costs; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the settlement, having considered all of the other files, records, and proceedings in the action, and being otherwise fully advised;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.  For purposes of this Order Granting Plaintiffs' Unopposed Motion for Final Approval of the Class and Collective Action Settlement (the "Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the litigation, Plaintiffs, the other Class Members, and Defendants.

3. With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds as to the Rule 23 Class that:

    a. the Class is so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the Class;

    c. the claims of Plaintiffs are typical of the claims of the Class;

    d. the Plaintiffs will fairly and adequately protect the interests of the Class;

    e. questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

    f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for settlement purposes only, the Court certifies this action as a class action on behalf of the following Rule 23 Class:

> All persons employed by NYHC as home care workers any time between June 4, 2015 through November 8, 2023.

5. Pursuant to 29 U.S.C. § 216(b), and for settlement purposes only, the Court finds that Defendants' current or former employees who meet the following definition are similarly situated to Plaintiffs and grants final certification to the following FLSA Collective:

> All persons employed by NYHC as home care workers any time between June 4, 2018 through November 8, 2023.

6. Based on the evidence and other material submitted in conjunction with the Fairness Hearing, the Court hereby finds and concludes that Notice was disseminated to Class

3

Members in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

7. The Court finds and concludes that the Notice and all other aspects of the notice, opt-out, and objection procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; were the best practicable under the circumstances; and support the Court's exercise of jurisdiction over the Rule 23 Class and Class Members.

8. There were no objections to the Settlement, and 1 Class Member requested to opt out of the Settlement.

9. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

10. The Court finds and concludes that, with respect to the Rule 23 Class, the settlement meets the criteria for final approval set forth in Rule 23(e)(2) of the Federal Rules of Civil Procedure and the *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) and that the settlement is fair, reasonable, and adequate, and should be approved.

11. The Court finds and concludes that, with respect to the FLSA Collective, the settlement meets the criteria for approval set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and that it reflects a reasonable compromise over contested issues.

12. The Court hereby approves the settlement (as set forth in the Settlement Agreement), the releases therein, and all other terms in the Settlement Agreement as fair, just, reasonable, and adequate. Upon the Effective Date, all released claims are fully, finally, and forever released, relinquished, and discharged. The Parties are directed to perform in accordance

with the terms set forth in the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Order.

13. The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

14. Upon consideration of Class Counsel's request for Service Awards to the Named Plaintiffs, the request is granted. The Service Awards shall be paid from the Settlement Fund in the amounts requested and on terms specified in Settlement Agreement § 4.8.

15. Upon consideration of Class Counsel's request for an award of fees and costs, the request is granted. Class Counsel's fees and expenses shall be paid from the Settlement Fund in the amount requested and on terms specified in Settlement Agreement § 4.7.

16. This action is hereby dismissed on the merits and with prejudice. The action is closed. The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Settlement Agreement or to effectuate the terms of the Settlement Agreement.

17. The Defendants entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any liability, and all liability is expressly denied.

18. If for any reason the Effective Date does not occur, this Order shall be null and void and of no further force and effect, and the Parties shall be restored to their respective positions prior to the execution of the Settlement Agreement. Upon such nullification, neither this Order nor the Settlement Agreement shall be used or referred to for any purpose in this

action or in any other proceeding, and the Settlement Agreement and all negotiations thereto shall be inadmissible.

19.     This document is a final, appealable order and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.

It is so ORDERED this___ day of_____, 2024.

_____
Hon. Gregory H. Woods