UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS FRANCK, LI ZHEN FENG, YERALDIN REYES, CHARISMA BARBER, CASSONDRA FLOYD, and ELIZABETH GUERRERO, <br><br> Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> -against- <br><br> NEW YORK HEALTH CARE INC., MURRY ENGLARD, and GLEN PERSAUD <br><br> Defendants. | Case No. 21 Civ. 04955 (GHW)(HJR) <br><br> DECLARATION OF BARRY J. PEEK, ESQ. |

I, BARRY J. PEEK, Esq., declare the following under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am the Chief Executive Officer of Arden Claims Service LLC ("Arden"), the claims administrator in the above-entitled action. My business address is 322 Main Street, Port Washington, New York 11050. My telephone number is (516) 944-2700.

2. Arden is a class action settlement administration company headquartered in Port Washington, New York. It was founded by individuals who have decades of experience in arbitration, mediation, and the practice of law, including class actions, and includes staff with years of experience in third-party claims administration, mail-house operations and call center support management.

3. Arden was jointly selected by the parties as the Claims Administrator and appointed by the Court on April 19, 2024, to administer the settlement in the above referenced action in accordance with the terms of the Settlement Agreement and Release entered into on March 5, 2024 (the "Settlement"). Arden has been and, if the court grants the final approval of the Settlement will continue to be, responsible for, providing settlement administration services.

## NOTIFICATIONS TO THE CLASS

4. On June 20, 2024, Arden received the Court-approved Notice (hereinafter, the "Notice Packet") from Class Counsel. The Notice Packet advised Class Members of their right to opt-out from or object to the Settlement and the implications of each such action. The Notice Packet advised Class Members of applicable deadlines and other events including the date and location of the Fairness Hearing, and how Class Members could obtain additional information. A sample of the Notice Packet is attached hereto as Exhibit 1.

5. On May 22, 2024, Defendants' counsel provided Arden with a list (hereinafter, the "Class List") containing the name and last known mailing addresses of each of the 5,170 Class Members.

6. The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the United States Postal Service

("USPS"). The NCOA contains changes of address information filed with the USPS. If any individual on the Class List had filed a USPS change of address request, the address listed with the NCOA was utilized to mail the Notice Packet.

7. On June 21, 2024, the Notice Packet was mailed via First Class Mail to the 5,170 Class Members contained in the Class List.

8. Arden received 508 Notice Packets back as undeliverable. Thirty-two (32) of the Notice Packets were returned by the USPS as undeliverable but with a forwarding address, and these were re-mailed to the forwarding addresses received. 476 Notice Packets were returned without a forwarding address. Arden performed an advanced address search on these addresses by using LexisNexis Batch Search Solutions tool, a research tool that is commonly used in the settlement administration industry. Arden used the Class Member's name, previous address, and social security number, if one was available, to attempt to obtain a current address. Through the 469 advanced address searches performed, Arden was able to locate 402 updated addresses and Arden promptly re-mailed Notice Packets to Class Members to those updated addresses. Of those, fifty-two (52) were returned undelivered a second time, but thirteen (13) were mailed a third time to forwarding addresses provided upon being returned undelivered a second time. Accordingly, Arden was able to re-mail a total of 435 Notice Packets (including one (1) that was requested to be sent via email,

402 from advanced address searches, and thirty-two (32) to forwarding addresses).

9. Ultimately, the number of Class Members who received Notice Packets was 5,056 out of the class list of 5,170. 114 class members were not ultimately located for a total undeliverable rate of approximately 2%.

## EXCLUSIONS AND OBJECTIONS

10. As of this date, Arden has received one (1) request for exclusion from the Settlement which is attached hereto as Exhibit 2.

11. As of this date, Arden has not received any objections to the Settlement.

## BREAKDOWN OF SETTLEMENT FUND

12. Payments pursuant to the Settlement are, subject to court-approval, to be allocated as follows:

| | |
|---|---|
| **Gross Settlement Fund:** | $ 3,500,000.00 |
| Less Attorney's Fees & Costs: | $ 1,166,666.00 |
| Less Claims Administrator Fees: | $ 70,000.00 |
| Less Plaintiff Service Payments: | $ 35,000.00 |
| Less Reserve Fund: | $ 75,000.00 |
| **NET SETTLEMENT FUND** | **$ 2,153,334.00** |

13. As of this date, there are 5,169 Class Members eligible to receive payment as the Settlement was an opt-out settlement and class members were eligible if they did not opt-out.

**ADMINISTRATION COSTS**

14. Arden's fees and expenses for services rendered in connection with the administration of this Settlement including fees incurred and anticipated future costs for completion of the administration are $70,000. Arden will continue its work on this matter by distributing checks to each class claimant, calculating and paying each Class Member's taxes and preparing appropriate tax forms for Defendants and for each Class Member.

15. I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct. Executed this 10th day of September 2024, at Port Washington, New York.

DATED: September 10, 2024

_____
Barry J. Peek, Esq.

# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
Si desea una copia de este documento legal en español, por favor llame al 516-712-6309  OPT #2

# If you worked at New York Health Care, you could receive a payment from a class action settlement.

*A court authorized sending this Notice of Class Action Settlement. It is not a solicitation from a lawyer.*

- If you were employed by New York Health Care Inc. (hereinafter "NYHC" or "the Defendant") as a home care worker at any time between June 4, 2015 and November 8, 2023 you could receive a settlement payment from a class and collective action lawsuit settlement.

- The Court did not decide in favor of Plaintiffs or Defendant. Both sides believe they would have won at trial, but there was no trial. Instead, the parties agreed to settle the case to avoid the uncertainty, risks, delay, and expense of further litigation. The parties' settlement agreement provides for payments to the current and former workers who qualify. The parties believe the settlement is fair, reasonable, and in the best interests of the Class.

- Read this Notice carefully, as your legal rights are affected. These rights and options – and the deadlines to exercise them – are explained in this Notice.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement, you will be mailed a settlement payment by check and you will be legally bound by the settlement. **YOU DO NOT NEED TO DO ANYTHING TO RECEIVE YOUR CHECK**. |
| **IF YOU EXCLUDE YOURSELF** | You are choosing not to be part of the case and you will not receive any settlement payment. This is the only option that allows you to participate in another case against NYHC regarding the legal claims brought in this case. |
| **IF YOU OBJECT** | You must write to the Court about why you object to the settlement and you may attend a hearing if you wish. |

### IMPORTANT BACKGROUND INFORMATION

- This lawsuit was brought by former employees of NYHC on behalf of themselves and other current and former home care workers to seek payment of allegedly unpaid regular, minimum, and overtime wages, unpaid reimbursements, and wage parity benefits, as well as liquidated damages, costs and attorney's fees.
- NYHC denies any wrongdoing and denies that any employee was underpaid at any time.
- The court overseeing this lawsuit is the United States District Court for the Southern District of New York. United States District Judge Gregory H. Woods and Magistrate Judge James L. Cott are the judges assigned to the case. The case name is *Franck et al. v. New York Health Care Inc. et al.*, and the case number is 1:21-cv-04955-GHW-JLC.
- The Court in charge of this case must approve the settlement. **Payment will be made only if the Court approves the settlement**. Please be patient as the court approval process takes time.
- The court will hold a hearing about the fairness of the settlement on September 12, 2024 ("the Fairness Hearing").

### BASIC INFORMATION

#### WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people called Class Representatives sue on behalf of other people who are believed to have similar claims. The people together are a "Class" or "Class Members." The Class Representative who sued and the Class Members are called the Plaintiffs. The company they sued is called the Defendant. One court resolves the issues for everyone in the Class.

The Class here consists of all individuals who have been employed by Defendant as home care workers at any time from June 4, 2015 through November 8, 2023 ("the Class").

**QUESTIONS? CALL 516.712.6309**

## WHY DID I GET THIS NOTICE?

NYHC's records show that you worked for NYHC at some time between June 4, 2015 and November 8, 2023. You were sent this Notice because you have the right to know about the proposed settlement of this lawsuit and about your options before the Court decides whether to approve the settlement. If the Court approves this settlement, payments will be mailed to everyone who does not exclude themselves. This notice explains the lawsuit, the settlement, your legal rights, and what benefits the settlement will provide.

## WHO IS IN THE SETTLEMENT?

### HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

NYHC's records show that you are in the Class because you were employed by NYHC between June 4, 2015 and November 8, 2023. If you did not work during that period you are not part of the Class and your rights are not affected by this lawsuit or the settlement.

## THE CLAIMS IN THE LAWSUIT

### WHAT IS THIS LAWSUIT ABOUT AND WHY IS THERE A SETTLEMENT?

This lawsuit is about whether NYHC's home care workers were properly paid overtime at the proper rate under the Fair Labor Standards Act ("FLSA"), minimum wages and overtime wages for all hours worked under the New York Labor Law ("NYLL"), and wage parity benefits for all episode of care hours worked under the New York Wage Parity Law ("NYWPL"). The lawsuit is also about whether NYHC provided proper wage notices and wage statements and properly reimbursed workers for their expenses.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### WHAT DOES THE SETTLEMENT PROVIDE?

If you do not exclude yourself and the Court approves the settlement, the settlement funds will be paid to eligible workers based on the number of weeks each Class Member worked for NYHC between June 4, 2015 and November 8, 2023. The average estimated payment is approximately $417.00, though your payment could be more or less. All eligible employees that do not exclude themselves from the settlement will be paid a minimum of $75.00. Your payment amount will depend on how long you worked for NYHC.

### HOW CAN I GET A PAYMENT?

You do not need to do anything to receive a payment under this settlement, your check will be automatically mailed to you if the Judge approves the settlement. You will have 90 days to cash any check. After 90 days, the check will be void and you will not have a right to be paid for that settlement amount. If the Court does not approve the settlement, no checks will be sent.

### WHEN WILL I RECEIVE MY PAYMENT?

Before any payments can be made, the Court must first decide whether to approve the settlement after a fairness hearing to be held on September 12, 2024. If the Court approves the settlement and you haven't excluded yourself, then you will receive a check.

If your contact information changes, you must notify the Settlement Administrator of your new address immediately to ensure that you will receive your check by mail. The Settlement Administrator's contact information is below.

## WHAT AM I GIVING UP TO GET A PAYMENT AS A PART OF THE SETTLEMENT?

If the Court approves the settlement, the settlement payment will come as a check. The check will contain a statement on the back that explains that, by signing, cashing, or depositing the check, you are consenting to join a collective action under the Fair Labor Standards Act (FLSA), you are agreeing to participate in the settlement, and you are giving up all related claims against Defendants for the period between June 4, 2015 and November 8, 2023.

By signing, cashing, or depositing the settlement check, you will be releasing all claims brought in this case, and you will agree not to sue Defendants again about any of the claims brought in this case. However, even if you do not cash your settlement check, if the Court approves the settlement and you do not exclude yourself, you will still be releasing the Defendants and their related entities from all claims that were or should have reasonably been brought in this class action up to the date of November 8, 2023 under the New York Labor Law ("NYLL"), and Section 3614-c of the New York Public Health Law (known as the Home Care Worker Wage Parity Law or "NYWPL"). The only way for you to be part of any other litigation against NYHC that covers the above NYLL and NYWPL legal claims for the period between June 4, 2015 and November 8, 2023 is for you to exclude yourself from the settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### WHAT DOES EXCLUDING MYSELF FROM THE SETTLEMENT MEAN?

If you want to be excluded, then you must take steps to exclude yourself by submitting an "opt-out" statement to the Settlement Administrator by August 20, 2024. To be valid, your opt-out statement must include (1) your name, (2) your address, (3) your phone number, and (4) a statement that you choose to exclude yourself from the class settlement in Franck v. New York Health Care Inc. To be valid, your opt-out statement must be returned to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before August 20, 2024. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on August 20, 2024. The Settlement Administrator's address, email address, phone and fax numbers are below:

**New York Home Care Settlement Administrator**
**PO Box 1015**

QUESTIONS? CALL 516.712.6309    Page **2** of **4**

**Port Washington, NY 11050**
**Tel: 516-712-6309 | Fax: 516-591-0539**
**Email: NYHCSettlement.Info@ArdenClaims.com**

If you choose to exclude yourself from the settlement, then (1) you will not get any payment under this settlement and (2) you cannot object to the settlement. By excluding yourself from the settlement, you will not be legally bound by the settlement, and you keep your right to sue the Defendant at your own expense for the claims in this lawsuit if they are not too late under the applicable statute of limitations.

## OBJECTING TO THE SETTLEMENT

### HOW CAN AN OBJECTION BE MADE?

If you are a Class Member, you may object to the settlement. Any Class Member who wishes to present their objections to the settlement at the Fairness Hearing must first state their objections in writing according to the following procedures.

To be valid, your objection must be sent to the Settlement Administrator by mail, email, or fax. If mailed, the statement must be postmarked on or before August 20, 2024. If sent by email or fax, the statement must be received by the Settlement Administrator by midnight on August 20, 2024. The Settlement Administrator's address, email address, phone and fax numbers are below:

**Arden Claims Service LLC**
**PO Box 1015**
**Port Washington, NY 11050**
**Tel: 516-712-6309 | Fax: 516-591-0539**
**Email: NYHCSettlement.Info@ArdenClaims.com**

To be valid, any objection must be in writing and contain all of the following:

1. a reference to *Franck v. New York Health Care Inc.*;
2. the objector's full name, address, telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement);
3. a written statement of all reasons for the objection;
4. the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;
5. a statement of whether the objector intends to appear at the Fairness Hearing, and;
6. only if the objector intends to appear at the Fairness Hearing through counsel, a statement identifying all attorneys representing the objector who will appear at the Fairness Hearing;

In addition, any objection written or submitted with the assistance of an attorney or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection must contain all of the following to be valid:

7. a written statement of any legal support for such objection;
8. copies of any papers, briefs, or other documents upon which the objection is based;
9. a list of all persons who will be called to testify in support of the objection, if any;
10. a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item submitted in any action in the previous five (5) years. If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in this item has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection; and
11. a statement of the Class Member's membership in the Class.

Any objections that are not submitted on time or in accordance with the procedures in this notice will be waived. Any Class Member who fails to submit a timely and valid objection gives up their right to object to the settlement and will not be allowed to seek any review of the settlement, including an appeal.

You have the right to retain a lawyer at your own expense to present your objection. If you retain a lawyer to present an objection, your lawyer must file a notice of appearance with the Court and the Settlement Administrator no later than September 3, 2024, that states whether counsel intends to appear at the Fairness Hearing.

An objection may be withdrawn at any time.

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING YOURSELF FROM THE SETTLEMENT?

Objecting is simply telling the Court that you do not like something in the settlement. Excluding yourself is telling the Court that you do not want to be part of the settlement. If you object to the settlement but the Court later approves the settlement, you will still be

legally bound by the settlement and will still be mailed a settlement check. You cannot object to the settlement if you exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

### WHO IS CLASS COUNSEL?

The Court has appointed Wittels McInturff Palikovic and Kheyfits Belenky LLP as Class Counsel to represent you and the other Class Members. Lead Class Counsel are:

### HOW WILL THE LAWYERS BE PAID?

Class Counsel have worked for three years without pay or any guarantee of pay. In a class action, it is customary for the attorneys representing the class to request a legal fee and reimbursement of expenses in an amount equal to one-third of the settlement value to compensate them for the risks they took to enforce the law. Here, the settlement fund to be allocated to the class of approximately 5,000 workers is $3,500,000, and Class Counsel will ask the Court to approve an attorney's fee and expense reimbursement equal to one-third of this amount (i.e. $1,166,666). Although NYHC denies that it did anything wrong, the parties agree that NYHC enhanced and improved their practices as a result of the litigation to further ensure that all home care workers are properly paid for all hours worked. With the assistance of the mediator, the parties agreed to value such enhancements and improvements at not less than $1,300,000.

### WHAT IS A SERVICE AWARD?

Class Counsel will also ask the Court to authorize that service awards to be paid from the settlement fund to the Class Representatives and other aides who contributed in a significant way by bringing this action and providing important information used to achieve the settlement. The service awards are also in recognition of the risks these individuals took in coming forward publicly. Class Counsel will request that the Court approve service awards totaling no more than $35,000 to be distributed from the settlement fund.

### WHO IS THE SETTLEMENT ADMINISTRATOR?

The parties have hired Arden Claims Service to provide this notice to you and to administer the settlement payments for a fee of up to $70,000 to be paid out of the total settlement fund. Any fees over $70,000, and agreed upon by the parties, will be paid separately by the settlement fund.

## THE FAIRNESS HEARING

### WHAT IS A FAIRNESS HEARING, AND WHEN AND WHERE WILL IT TAKE PLACE?

The Court will hold an in-person hearing to decide whether to approve the settlement on September 12, 2024, at 9:00 a.m. EST before the Honorable Gregory H. Woods, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007. **You do not have to appear at the Fairness Hearing to receive your settlement payment.**

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make a decision.

### DO I HAVE TO ATTEND THE FAIRNESS HEARING?

No. Class Counsel will represent you at the hearing. Although you are welcome to attend the Fairness Hearing, you do not need to attend to receive a payment. Likewise, if you send an objection, you may, but you are not required to, attend the Fairness Hearing. As long as you send a valid objection that is on time, the Court will consider it. You may also pay your own lawyer (other than Class Counsel) to attend the Fairness Hearing, but it is not necessary.

If you wish to speak at the hearing, you may ask the Court for permission to speak at the Fairness Hearing. In order to speak at the hearing, you must send a letter to the Court, labeled "Notice of Intention to Appear in Franck v. New York Health Care Inc., Dkt. No. 21-cv-04955." Be sure to include your name, address, phone number, and your signature. This Notice must be sent to the Clerk of Court, United States District Court, Southern District of New York, 500 Pearl St., New York, NY 10007 and must be postmarked no later than September 3, 2024.

## GETTING MORE INFORMATION

### HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?

To obtain more information, you can contact the Settlement Administrator at (516) 712-6309; or you may contact Class Counsel J. Burkett McInturff and Ethan D. Roman at case@wittelslaw.com or (914) 775-8862, or Andrey Belenky at abelenky@kblit.com or (212) 203-5399. You may also get a copy of the full settlement agreement by email or mail if you request it. You can see the court file for Franck v. New York Health Care Inc., Dkt. No. 21-cv-04955, through the court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR PREFERRED HOME CARE WITH INQUIRES ABOUT THE SETTLEMENT.**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
**Si desea una copia de este documento legal en español, por favor llame al 516.712.6309  OPT #2**

> ## Si trabajó en New York Health Care, podría recibir un pago de una liquidación de demanda colectiva.

*Un tribunal autorizó el envío de esta Notificación de Conciliación de Demanda Colectiva. Ésta no es una solicitud de un abogado.*

- Si fue empleado de New York Health Care, Inc. (en adelante, "NYHC" o "el Demandado") como trabajador de atención domiciliaria en cualquier momento entre el 4 de junio de 2015 y el 8 de noviembre de 2023, podría recibir un pago de la liquidación de una conciliación de demanda colectiva y de grupo.
- El Tribunal no falló a favor de los Demandantes ni del Demandado. Ambas partes creen que habrían ganado el juicio, pero no hubo juicio. En cambio, las partes acordaron resolver el caso para evitar la incertidumbre, los riesgos, la demora y los gastos de un litigio adicional. El acuerdo de conciliación de las partes prevé pagos a los trabajadores actuales y anteriores que reúnan los requisitos. Las partes creen que el acuerdo es justo, razonable y en el mejor interés del Colectivo.
- Lea atentamente esta Notificación, ya que sus derechos legales se ven afectados. Sus derechos y opciones –y las fechas límite para ejercerlos– se explican en esta Notificación.

| SUS DERECHOS Y OPCIONES EN ESTA CONCILIACIÓN: ||
|---|---|
| **SI NO HACE NADA** | Si el Tribunal aprueba la conciliación, se le enviará por correo un pago de la liquidación mediante un cheque y estará legalmente obligado por la conciliación. **NO NECESITA HACER NADA PARA RECIBIR SU CHEQUE**. |
| **SI USTED SE EXCLUYE** | Está eligiendo no ser parte del caso y no recibirá ningún pago de la liquidación. Esta es la única opción que le permite participar en otro caso contra NYHC con respecto a las reclamaciones legales presentadas en este caso. |
| **SI USTED SE OPONE** | Debe escribir al Tribunal sobre por qué se opone a la conciliación y puede asistir a una audiencia si lo desea. |

## INFORMACIÓN DE ANTECEDENTES IMPORTANTES

- Ex empleados de NYHC en su nombre y en el de otros trabajadores actuales y anteriores de atención domiciliaria presentaron esta demanda para solicitar el pago de salarios habituales, mínimos y de horas extras supuestamente no pagados, reembolsos no pagados y beneficios de paridad salarial, así como daños, costos y honorarios de abogados liquidados.
- NYHC niega haber actuado mal y niega que algún empleado haya sido mal pagado en algún momento.
- El tribunal que supervisa esta demanda es el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York. Los jueces asignados a este caso son el Juez de Distrito de los Estados Unidos Gregory H. Woods y el Juez Magistrado James L. Cott. El nombre del caso es *Franck et al. v. New York Health Care Inc. et al.,* y el número de caso es 1:21-cv-04955-GHW-JLC.
- El Tribunal a cargo de este caso debe aprobar la conciliación. **Los pagos se realizarán solo si el Tribunal aprueba la conciliación.** Tenga paciencia, ya que el proceso de aprobación judicial lleva tiempo.
- El tribunal celebrará una audiencia sobre la equidad de la conciliación el 12 de septiembre de 2024 (la Audiencia de Equidad).

## INFORMACIÓN BÁSICA

### ¿QUÉ ES UNA DEMANDA COLECTIVA Y QUIÉNES ESTÁN INVOLUCRADOS?

En una demanda colectiva, una o más personas llamadas Representantes del Colectivo demandan en nombre de otras personas que se cree que tienen reclamaciones similares. Las personas juntas son un "Colectivo" o "Miembros del Colectivo". El Representante del Colectivo que demandó y los Miembros del Colectivo se denominan Demandantes. La compañía a la que demandaron se llama el Demandado. Un tribunal resuelve los problemas para todos los miembros del Colectivo.

El Colectivo aquí está formado por todas las personas que han sido empleadas por el Demandado como trabajadores de atención domiciliaria en cualquier momento desde el 4 de junio de 2015 hasta el 8 de noviembre de 2023 ("el Colectivo").

**¿TIENE PREGUNTAS? LLAME AL 516.712.6309**

### ¿POR QUÉ RECIBÍ ESTA NOTIFICACIÓN?

Los registros de NYHC muestran que trabajó para NYHC en algún momento entre el 4 de junio de 2015 y el 8 de noviembre de 2023. El Tribunal ordenó que se le enviara esta Notificación porque tiene derecho a saber sobre una conciliación propuesta y todas sus opciones antes de que el Tribunal decida si la aprueba. Si el Tribunal aprueba esta conciliación, los pagos se enviarán por correo a todas las personas que no se excluyan. Esta notificación explica la demanda, la conciliación, sus derechos legales y los beneficios que le proporcionará la conciliación.

### ¿QUIÉN ESTÁ INCLUIDO EN LA CONCILIACIÓN?

### ¿CÓMO SÉ SI SOY PARTE DE LA CONCILIACIÓN?

Los registros de NYHC muestran que está en el Colectivo porque fue empleado de NYHC entre el 4 de junio de 2015 y el 8 de noviembre de 2023. Si no trabajó durante ese período, no forma parte del Colectivo y sus derechos no se ven afectados por esta demanda o la conciliación.

### LAS RECLAMACIONES DE LA DEMANDA

### ¿DE QUÉ SE TRATA ESTA DEMANDA Y POR QUÉ HAY UNA CONCILIACIÓN?

Esta demanda trata sobre si a los trabajadores de atención domiciliaria de NYHC se le pagaron correctamente las horas extras a la tarifa adecuada según la Ley de Normas Laborales Justas ("FLSA"), los salarios mínimos y los salarios de horas extras por todas las horas trabajadas de conformidad con la Ley Laboral de Nueva York ("NYLL"), y los beneficios de paridad salarial por todas las horas de cuidado trabajadas bajo la Ley de Paridad Salarial de Nueva York ("NYWPL"). La demanda también se refiere a si NYHC proporcionó avisos salariales y declaraciones salariales adecuados y reembolsó adecuadamente a los trabajadores por sus gastos.

### LOS BENEFICIOS DE LA CONCILIACIÓN – QUÉ OBTIENE USTED

### ¿QUÉ PROPORCIONA LA CONCILIACIÓN?

Si no se excluye y el Tribunal aprueba la conciliación, los fondos de la liquidación se pagarán a los trabajadores que reúnan los requisitos en función de la cantidad de semanas que cada Miembro del Colectivo trabajó para NYHC entre el 4 de junio de 2015 y el 8 de noviembre de 2023. El pago promedio estimado es de aproximadamente $417.00, aunque su pago podría ser mayor o menor. A todos los empleados que reúnan los requisitos y que no se excluyan de la conciliación se les pagará un mínimo de $75.00. El monto de su pago dependerá de cuánto tiempo haya trabajado para NYHC.

### ¿CÓMO PUEDO OBTENER UN PAGO?

No necesita hacer nada para recibir un pago en virtud de esta liquidación; su cheque se le enviará automáticamente por correo si el juez aprueba la conciliación. Tendrá 90 días para cobrar cualquier su cheque. Después de 90 días, el cheque será nulo y no tendrá derecho a que se le pague el monto de la liquidación. Si el Tribunal no aprueba la conciliación, no se enviarán cheques.

### ¿CUÁNDO RECIBIRÉ MI PAGO??

Antes de que se puedan realizar los pagos, el Tribunal debe decidir primero si aprueba la conciliación después de una audiencia de equidad que se celebrará el 12 de septiembre de 2024. Si el tribunal aprueba la conciliación y usted no se ha excluido, recibirá un cheque.

Si su información de contacto cambia, debe notificar al Administrador de la Conciliación de su nueva dirección de inmediato para asegurarse de que recibirá su cheque por correo. La información de contacto del Administrador de la Conciliación se encuentra a continuación.

### ¿A QUÉ ESTOY RENUNCIANDO PARA RECIBIR UN PAGO COMO PARTE DE LA CONCILIACIÓN?

Si el Tribunal aprueba la conciliación, el pago de la liquidación vendrá en forma de cheque. El cheque contendrá una declaración en el reverso que explica que, al firmar, cobrar o depositar el cheque, usted está dando su consentimiento para unirse a una demanda de grupo de conformidad con la Ley de Normas Justas de Trabajo (FLSA), está aceptando participar en la conciliación y está renunciando a todas las reclamaciones relacionadas contra los Demandados durante el período comprendido entre el 4 de junio de 2015 y el 8 de noviembre de 2023.

Al firmar, cobrar o depositar el cheque de liquidación, usted estará exonerando todas las reclamaciones presentadas en este caso, y aceptará no volver a demandar a los Demandados por ninguna de las reclamaciones presentadas en el mismo. Sin embargo, incluso si no cobra su cheque de la liquidación, si el Tribunal aprueba la conciliación y usted no se excluye, aún exonerará a los Demandados y sus entidades relacionadas de todas las reclamaciones que se presentaron o deberían haberse presentado razonablemente en esta demanda colectiva hasta la fecha del 8 de noviembre de 2023 en virtud de la Ley Laboral de Nueva York (NYLL), y la Sección 3614-c de la Ley de Salud Pública de Nueva York (conocida como la Ley de Paridad Salarial para Trabajadores de Atención Domiciliaria o NYWPL). La única forma de que usted sea parte de cualquier otro litigio contra NYHC que cubra las reclamaciones legales anteriores de NYLL y NYWPL para el período comprendido entre el 4 de junio de 2015 y el 8 de noviembre de 2023 es que se excluya de la conciliación.

### AUTOEXCLUIRSE DE LA CONCILIACIÓN

### ¿QUÉ SIGNIFICA EXCLUIRME DE LA CONCILIACIÓN?

Si desea ser excluido, debe tomar medidas para excluirse enviando una declaración de "exclusión" al Administrador de la Conciliación antes del 20 de agosto de 2024. Para que sea válida, su declaración de exclusión voluntaria debe incluir (1) su nombre, (2) su dirección, (3) su número de teléfono y (4) una declaración de que elige excluirse de la conciliación colectiva en Franck v. New York Health Care Inc. Para que sea válida, su declaración de exclusión debe ser devuelta al Administrador de la Conciliación por correo, correo electrónico o fax. Si se envía por correo, la declaración debe tener matasellos del 20 de agosto de 2024 o anterior. Si se envía por correo electrónico o fax, el Administrador de la Conciliación debe recibir la declaración antes de la medianoche del 20 de agosto de 2024. La dirección, la dirección de correo electrónico, los números de teléfono y fax del Administrador de la Conciliación se encuentran a continuación:

**New York Home Care Settlement Administrator**
**PO Box 1015**

**Port Washington, NY 11050**

¿**TIENE PREGUNTAS**? **LLAME AL 516.712.6309**       Página **2** de **4**

Tel: 516-712-6309 | Fax: 516-591-0539

Email: NYHCSettlement.Info@ArdenClaims.com

Si decide excluirse de la conciliación, entonces (1) no recibirá ningún pago en virtud de esta conciliación y (2) no podrá objetar a la conciliación. Al excluirse de la conciliación, no estará legalmente obligado por ella y conserva su derecho a demandar al Demandado a su propio costo por las reclamaciones en esta demanda si no es demasiado tarde según el estatuto de limitaciones aplicable.

### OBJECIÓN A LA CONCILIACIÓN

#### ¿CÓMO SE PUEDE HACER UNA OBJECIÓN?

Si usted es un Miembro del Colectivo de demandantes, puede objetar a la conciliación. Cualquier Miembro del Colectivo que desee presentar su objeción a la conciliación en la Audiencia de Equidad primero debe exponer sus objeciones por escrito de acuerdo con los siguientes procedimientos.

Para que su objeción sea válida debe enviarse al Administrador de la Conciliación por correo, correo electrónico o fax. Si se envía por correo, la declaración debe tener matasellos del 20 de agosto de 2024 o anterior. Si se envía por correo electrónico o fax, el Administrador de la Conciliación debe recibir la declaración antes de la medianoche del 20 de agosto de 2024. La dirección, la dirección de correo electrónico, los números de teléfono y fax del Administrador de la Conciliación se encuentran a continuación:

**New York Home Care Settlement Administrator**

**PO Box 1015**
**Port Washington, NY 11050**
**Tel: 516-712-6309 | Fax: 516-591-0539**

**Email: NYHCSettlement.Info@ArdenClaims.com**

Para que cualquier objeción sea válida, debe estar por escrito y contener todo lo siguiente:

1. una referencia a *Franck v. New York Health Care Inc.*;
2. el nombre completo, la dirección, el número de teléfono y la firma personal del objetor (una firma mecanografiada o la firma de un abogado no cumplirán con este requisito);
3. una declaración escrita de todas las razones de la objeción;
4. el nombre y la información de contacto de todos y cada uno de los abogados o personas que representen, asesoren o ayuden de alguna manera al objetor en relación con la preparación o presentación de la objeción o que puedan beneficiarse de la búsqueda de la objeción;
5. una declaración de si el objetor tiene la intención de comparecer en la Audiencia de Equidad; y
6. solo si el objetor tiene la intención de comparecer en la Audiencia de Equidad a través de un abogado, una declaración que identifique a todos los abogados que representan al objetor que comparecerán en la Audiencia de Equidad;

Además, cualquier objeción escrita o presentada con la asistencia de un abogado o personas que representen, asesoren o asistan de alguna manera al objetor en relación con la preparación o presentación de la objeción o que puedan beneficiarse de la continuación de la objeción debe contener todo lo siguiente para ser válida:

7. una declaración escrita de cualquier apoyo legal para dicha objeción;
8. copias de cualquier papel, escrito u otro documento en el que se base la objeción;
9. una lista de todas las personas que serán llamadas a testificar en apoyo de la objeción, si las hubiere;
10. una lista detallada de cualquier otra objeción y cualquier orden relacionada con las objeciones anteriores, el objetor o su abogado u otra persona que pueda beneficiarse de la continuación de la objeción a la que se hace referencia en este punto presentada en cualquier acción en los cinco (5) años anteriores. Si el Miembro del Colectivo o su abogado u otra persona que pueda beneficiarse de la búsqueda de la objeción a la que se hace referencia en este punto no se ha opuesto a ninguna otra conciliación de demanda colectiva en los cinco (5) años anteriores, deberá declararlo afirmativamente en los materiales escritos proporcionados en relación con la objeción; y
11. una declaración de la pertenencia del Miembro del Colectivo al Colectivo.

Se renunciará a cualquier objeción que no se presente a tiempo o de acuerdo con los procedimientos de esta notificación. Cualquier Miembro del Colectivo que no presente una objeción oportuna y válida renuncia a su derecho a objetar a la conciliación y no se le permitirá solicitar ninguna revisión de la conciliación, incluida una apelación.

Tiene derecho a contratar a un abogado a su cargo para que presente su objeción. Si contrata a un abogado para que presente una objeción, su abogado debe presentar una notificación de comparecencia ante el Tribunal y el Administrador de la Conciliación a más tardar el 3 de septiembre de 2024, que indique si el abogado tiene la intención de comparecer en la Audiencia de Equidad.

Se puede retirar la objeción en cualquier momento.

#### ¿CUÁL ES LA DIFERENCIA ENTRE OBJETAR A LA CONCILIACIÓN Y AUTOEXCLUIRSE DE ELLA?

Objetar es simplemente decirle al Tribunal que no le gusta algo de la conciliación. Autoexcluirse es decirle a la Corte que no desea ser parte de la conciliación. Si objeta a la conciliación, pero el Tribunal lo aprueba más tarde, usted seguirá estando legalmente obligado por la conciliación y se le enviará por correo un cheque de la liquidación. No puede objetar a la conciliación si se excluye de la misma.

## LOS ABOGADOS QUE LO REPRESENTAN

### ¿QUIÉN ES EL ABOGADO DEL COLECTIVO?

El Tribunal ha designado a Wittels McInturff Palikovic and Kheyfits Belenky LLP como Abogados del Colectivo para representarles a usted y a los demás Miembros del Colectivo. Los Principales Abogados del Colectivo son:

### ¿CÓMO SE LES PAGARÁ A LOS ABOGADOS?

Los Abogados del Colectivo han trabajado durante tres años sin sueldo ni garantía de pago. En una demanda colectiva, es habitual que los abogados que representan al colectivo soliciten honorarios legales y el reembolso de los gastos por un monto igual a un tercio del valor de la liquidación para compensarles por los riesgos que asumieron para hacer cumplir la ley. En este caso, el fondo de la liquidación que se asignará al grupo de aproximadamente 5,000 trabajadores es de $3,500,000, y los Abogados del Colectivo solicitarán al Tribunal que apruebe un reembolso de honorarios y gastos de abogados equivalente a un tercio de este monto (es decir, $1,166,666). Aunque NYHC niega haber hecho algo malo, las partes están de acuerdo en que NYHC favoreció y mejoró sus prácticas como resultado del litigio para garantizar aún más que todos los trabajadores de atención domiciliaria reciban un pago adecuado por todas las horas trabajadas. Con la asistencia del mediador, las partes acordaron valorar esas mejoras en no menos de $1,300,000.

### ¿QUÉ ES UNA ADJUDICACIÓN DE SERVICIO?

Los Abogados del Colectivo también solicitarán al Tribunal que autorice que las adjudicaciones de servicios se paguen con cargo al fondo de la liquidación a los Representantes del Colectivo y otros asistentes que contribuyeron de manera significativa al presentar esta acción y proporcionar información importante utilizada para lograr la conciliación. Las adjudicaciones de servicio también son en reconocimiento de los riesgos que estos individuos asumieron al presentarse públicamente. Los Abogados del Colectivo solicitarán que el Tribunal apruebe las adjudicaciones de servicio por un total de no más de $35,000 que se distribuirán del fondo de la liquidación.

### ¿QUIÉN ES EL ADMINISTRADOR DE LA CONCILIACIÓN?

Las partes han contratado a Arden Claims Service para que les proporcione esta notificación y administre los pagos de la liquidación por una tarifa de hasta $70,000 que se pagará del fondo total de la liquidación. Cualquier tarifa superior a $70,000, y acordada por las partes, se pagará por separado por el fondo de la liquidación.

## LA AUDIENCIA DE EQUIDAD

### ¿QUÉ ES UNA AUDIENCIA DE EQUIDAD, Y CUÁNDO Y DÓNDE SE LLEVARÁ A CABO?

El Tribunal celebrará una audiencia en persona para decidir si aprueba el acuerdo el 12 de septiembre de 2024 a las 9:00 a.m. EST ante el Honorable Gregory H. Woods, en el Palacio de Justicia de los Estados Unidos Daniel Patrick Moynihan, 500 Pearl St., New York, NY 10007. **No tiene que comparecer en la audiencia de equidad para recibir su pago de la liquidación.**

En esta audiencia, el Tribunal considerará si la conciliación es justa, razonable y adecuada. Si hay objeciones, el Tribunal las considerará. Después de la audiencia, el Tribunal decidirá si aprueba la conciliación. No sabemos cuánto tiempo le tomará al Tribunal tomar su decisión.

### ¿TENGO QUE ASISTIR A LA AUDIENCIA DE EQUIDAD?

No. Los Abogados del Colectivo le representarán en la audiencia. Aunque puede asistir a la Audiencia de Equidad, no es necesario que asista para recibir un pago. Del mismo modo, si envía una objeción, puede asistir, pero no está obligado a asistir a la Audiencia de Equidad. Siempre y cuando envíe una objeción válida y a tiempo, el Tribunal la considerará. También puede pagarle a su propio abogado (que no sea el Abogado del Colectivo) para que asista a la Audiencia de Equidad, pero no es necesario.

Si desea hablar en la audiencia, puede pedir permiso al Tribunal para hablar en la Audiencia de Equidad. Para hablar en la audiencia, debe enviar una carta al Tribunal, titulada "Notificación de intención de comparecer en Franck v. New York Health Care Inc., Dkt. No. 21-cv-04955". Asegúrese de incluir su nombre, dirección, número de teléfono y su firma. Esta Notificación se debe enviar al Clerk of Court, United States District Court, Southern District of New York, 500 Pearl St., New York, NY 10007 y debe tener matasellos a más tardar el 3 de septiembre de 2024.

## OBTENER MÁS INFORMACIÓN

### ¿CÓMO PUEDO OBTENER MÁS INFORMACIÓN SOBRE LA CONCILIACIÓN?

Para obtener más información, puede comunicarse con el Administrador de la Conciliación al (516) 712-6309, o puede comunicarse con los Abogados del Colectivo J. Burkett McInturff y Ethan D. Roman en case@wittelslaw.com o al (914) 775-8862, o Andrey Belenky en abelenky@kblit.com o al (212) 203-5399. También puede obtener una copia del acuerdo de conciliación completo por correo electrónico o correo postal si lo solicita. Puede ver el expediente judicial de Franck v. New York Health Care Inc., Dkt. No. 21-cv-04955, a través del sistema de Acceso Público a los Registros Electrónicos Judiciales (PACER) del tribunal en https://pacer.uscourts.gov/.

**NO SE PONGA EN CONTACTO CON EL SECRETARIO JUDICIAL, EL JUEZ O LA NYHC PARA REALIZAR CONSULTAS SOBRE EL ACUERDO.**

# EXHIBIT 2

116-42 224th Street

Cambria Heights,

New York, 11411


July 16, 2024


To:   New York Home Care Settlement Administrator

I would like to exclude (OPT-OUT) myself from the settlement.

In FRANK V. NEW YORK HEALTH CARE INC.

I AM…. PANSY HAYDEN

      116-42 224th Street, Cambria Heights. New York 11411.


Respectfully

*[signature]*

Pansy Hayden